IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HARTFORD CASUALTY INSURANCE COMPANY and SENTINEL INSURANCE COMPANY, LTD., <br><br> Plaintiffs, <br><br> v. <br><br> INSTAGRAM, LLC as successor in interest to Instagram a/k/a Burbn, Inc.; META PLATFORMS, INC. f/k/a The Facebook Inc. d/b/a The Face Book Inc.; FEDERAL INSURANCE COMPANY; OLD REPUBLIC INSURANCE COMPANY; STARR INDEMNITY AND LIABILITY COMPANY; and ZURICH AMERICAN INSURANCE COMPANY, <br><br> Defendants. | C.A. No. _____ <br><br> **Removed from:** <br> Superior Court of the State of Delaware |

## NOTICE OF REMOVAL

1. PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332 and 1441, Instagram, LLC ("Instagram"), and Meta Platforms, Inc. ("Meta Platforms" and together with Instagram, "Meta") hereby remove to the United States District Court for the District of Delaware the above-captioned state court action, originally filed as Case No. N24C-11-010 SKR CCLD (the "State Court Action") in the Superior Court for the State of Delaware. This Court has diversity jurisdiction over this case because: (1) there is complete diversity of citizenship once the Court realigns the parties according to the principal purpose of this suit or severs and dismisses the fraudulently or improperly joined defendants; (2) the amount in controversy exceeds $75,000, exclusive of interest and costs; and (3) all defendants that have been served and that were not fraudulently or nominally joined or misaligned in the State Court Action have given consent for

SF: 326117-4

removal. Moreover, 28 U.S.C. § 1441(b)(2) does not prevent removal in this case—even though Instagram and Meta Platforms are incorporated in Delaware—because when the parties are properly aligned, Meta is the plaintiff, and Hartford should be equitably estopped from seeking remand on this basis given that its conduct has offended principles of fairness, equity, and judicial economy.

2. For the reasons set forth below, Meta respectfully requests that the Court realign the parties or sever and dismiss the fraudulently or improperly joined Defendants and exercise diversity jurisdiction over this case.

I. **BACKGROUND**

3. On November 1, 2024, Hartford Casualty Insurance Company ("Hartford Casualty") and Sentinel Insurance Company, Ltd. ("Sentinel Insurance" and together with Hartford Casualty, "Hartford") filed a complaint commencing the State Court Action, naming Meta Platforms, Instagram, Federal Insurance Company ("Chubb"), Old Republic Insurance Company, Starr Indemnity and Liability Company, and Zurich American Insurance Company as nominal Defendants. On December 18, 2024, Hartford filed an amended complaint (the "Complaint") in the State Court Action against the same parties. On December 20, 2024, Chubb filed an answer and attempted to assert several crossclaims against excess liability insurers who were not named in Hartford's Complaint. The pleadings and other filings from the Superior Court are attached as Exhibit 1.

4. This case is an insurance coverage action arising out of Hartford's refusal to defend numerous lawsuits against Meta Platforms and Instagram in which individual plaintiffs, school districts, local government and trial entities, and state attorneys general allege widespread bodily injuries to users, including eating disorders, self-harm, sleep disorders, suicidal behavior, anxiety, and depression, as well as damage to property allegedly stemming from Meta's social media

2

services (the "Social Media Cases"). *See* Amended Compl. ¶¶ 2, 18. Prior to the initiation of the State Court Action, Meta had requested that Hartford honor its contractual obligation to defend Meta in the Social Media Cases pursuant to liability insurance policies that Hartford issued to Meta that included coverage for defense costs and liability. *Id.* ¶ 40–41. On November 1, 2024, Hartford agreed to defend certain Social Media Cases subject to a reservation of rights. *Id.* ¶ 40–43.

5. Hartford filed the State Court Action the same day. The Complaint states three counts for declaratory judgment asserting that Hartford's duty to defend the Social Media Cases is limited or excused because, among other reasons: (1) the alleged injuries do not arise from an "occurrence," but instead solely from Meta's intentional conduct; (2) the Social Media Cases do not seek damages "because of" bodily injury or property damage as required by the policies, and (3) the alleged injuries were expected or intended by Meta and are therefore excluded from coverage under the policies. *Id.* ¶¶ 55, 66. The counts in the Complaint rest on Hartford's allegations that Meta acted intentionally in purportedly causing the bodily injury and property damage alleged in the Social Media Cases, or that the alleged injuries and damages were "expected or intended" by Meta.

6. Although Hartford designated other Meta insurers as defendants in the State Court Action, none of the counts in Hartford's complaint makes any claims against these other insurers. Nor does Hartford seek any relief from or with respect to Meta's other insurers. Rather, the Complaint alleges only that the lawsuit against Meta Platforms and Instagram will "affect the interests of" those insurers, without any explanation. *See id.* ¶¶ 48, 59.

7. Many of the Social Media Cases referenced above—which rely on the same allegations of intentionality that Hartford advances in its Complaint—have been consolidated into a multidistrict litigation ("MDL") in the U.S. District Court for the Northern District of California,

formed by the Judicial Panel on Multidistrict Litigation ("JPML") on October 6, 2022. *See In re: Social Media Adolescent Addiction/Personal Injury Products Liability Litigation* (MDL No. 3047), 4:22-MD-3047-YGR.

8. Meta files this Notice of Removal based on the grounds asserted herein, and promptly upon the filing of the same, is also filing a Notice of Filing of Notice of Removal in the State Court Action in which the Complaint was originally filed.

## II. TIMELINESS OF REMOVAL

9. Meta Platforms and Instagram were served with summonses and the Complaint on December 3, 2024.

10. In accordance with 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within 30 days of service of summons. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354-56 (1999) (30-day removal period begins upon service of summons and complaint). This Notice has also been filed within one year of the commencement of the State Court Action. *See* 28 U.S.C. § 1446(c)(1).

## III. SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. § 1332

11. This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 based on the diversity of citizenship between the parties. The State Court Action may be removed to this Court under 28 U.S.C. §§ 1441(a) and 1446. Specifically: (i) the action is between citizens of different states; (ii) the amount in controversy exceeds $75,000 exclusive of interest and costs; (iii) the Notice is timely; (iv) the State Court Action is pending within the jurisdiction of the United States District Court for the District of Delaware; and (v) all defendants that have been served and that were not fraudulently or improperly joined or misaligned in the Complaint have given consent for removal.

**A. Diversity of Citizenship**

12. For purposes of diversity jurisdiction, complete diversity exists between citizens of a state and citizens of a foreign state. 28 U.S.C. § 1332(a).

13. For purposes of diversity jurisdiction, a corporation is deemed a citizen of the state in which it has been incorporated and where it maintains its principal place of business. *See* 28 U.S.C. § 1332(c)(1).

14. Hartford Casualty is an Indiana company with a principal place of business in Connecticut. Amended Compl. ¶ 3.

15. Sentinel Insurance Company, Ltd. is a Connecticut company with a principal place of business in Connecticut. *Id.* ¶ 4.

16. Federal Insurance Company is an Indiana corporation with a principal place of business in New Jersey. *Id.* ¶ 7.

17. Old Republic Insurance Company is a Pennsylvania company with a principal place of business in Pennsylvania. *Id.* ¶ 8.

18. Starr Indemnity and Liability Company is a Texas company with a principal place of business in New York. *Id.* ¶ 9.

19. Zurich American Insurance Company is a New York company with a principal place of business in Illinois. *Id.* ¶ 10.

20. Instagram is a Delaware company with a principal place of business in California.

21. Meta Platforms is a Delaware company with a principal place of business in California.

22. Because Hartford Casualty and Sentinel Insurance initiated the State Court Action against Meta Platforms, Instagram, and the other insurers, the face of the State Court Action Complaint suggests a lack of complete diversity between the plaintiffs and defendants because

5

both Hartford Casualty and Federal Insurance Company are citizens of Indiana. But the Court is not bound by the party designations in the Complaint, and instead must "look beyond the pleadings, and arrange the parties according to their sides in the dispute," before determining whether there is complete diversity. *City of Indianapolis v. Chase Nat. Bank of N.Y.C*, 314 U.S. 63, 69 (1941) (internal quotation marks and citation omitted); *Emps. Ins. of Wausau v. Crown Cork & Seal Co.*, 942 F.2d 862, 864 (3d Cir. 1991) (same); *Dev. Fin. Corp. v. Alpha Hous. & Health Care, Inc.*, 54 F.3d 156, 160 (3d Cir. 1995) ("[W]here party designations have jurisdictional consequences, [the Court] must align the parties *before* determining jurisdiction." (cleaned up and emphasis added)).

23. In insurance coverage cases such as this, the Third Circuit has held that courts should "realign . . . insurers—even those whose interests are potentially or actually adverse as to coverage—to be on the same side of a lawsuit for the purpose of finding . . . diversity jurisdiction on the basis that they share a common interest in avoiding liability to the insured." *First Am. Title Ins. Corp. v. JP Morgan Chase & Co.*, 384 F. App'x 64, 66 (3d Cir. 2010); *Crown Cork & Seal Co.*, 942 F.2d at 864; *see also Kelly v. Maxum Specialty Ins. Grp.*, 868 F.3d 274, 289 (3d Cir. 2017) (explaining that "in determining the alignment of the parties for jurisdictional purposes courts have a duty to look beyond the pleadings and arrange the parties according to their sides in the dispute" (cleaned up)). Here, all insurers present in the suit share a common interest in avoiding liability to Meta Platforms and Instagram. Nor does Hartford assert claims for relief against any other insurer. Accordingly, the Court should align all of the insurers against Meta Platforms and Instagram. Once the parties in this case are realigned, and Meta is the plaintiff, there is complete diversity because Meta Platforms and Instagram are diverse from each of the insurer parties.

24. Moreover, under the fraudulent joinder doctrine, the Court can sever the insurers that Hartford or Chubb have designated as defendants or cross-defendants. *See In re Briscoe*, 448 F.3d 201, 215–16 (3d Cir. 2006); *see also Brennerman v. Guardian News & Media Ltd.*, No. 14-cv-188, 2016 WL 1271461, at *1 (D. Del. Mar. 30, 2016) (denying remand when non-diverse defendant fraudulently joined). Under the doctrine of fraudulent joinder, "[i]n a suit with named defendants who are not of diverse citizenship from the plaintiff, the diverse defendant may still remove the action if it can establish that the non-diverse defendants were 'fraudulently' named or joined solely to defeat diversity jurisdiction." *In re Briscoe*, 448 F.3d at 216.

25. The insurers that Hartford has designated as defendants in the State Court Action were fraudulently joined because "there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." *Id.* (quoting *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 32 (3d Cir. 1985)). Hartford has not stated any claim against any of the insurers it named as defendants. As noted above, neither the counts nor the prayer for relief in the Complaint assert any claim against Meta's other insurers. Rather, the face of the State Court Action Complaint indicates that Hartford included the other insurers as defendants solely to avoid this Court's diversity jurisdiction. Indeed, Chubb—the only defendant that has responded to Hartford's complaint to date—has denied that Hartford is entitled to any relief against it. *See* Chubb's Answer and Defenses to Plaintiffs' Amended Complaint, ¶ 1. Accordingly, the court should "disregard, for jurisdictional purposes, the citizenship of [the] nondiverse defendants, assume jurisdiction over [this] case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *In re Briscoe*, 448 F.3d at 216.

26. On December 20, 2024, Chubb filed crossclaims against some of Meta's excess liability insurers that were not parties named in Hartford's Complaint. Some of those additional insurers are non-diverse. However, the citizenship of the additional insurers is irrelevant to the removal analysis for three reasons: (1) as noted above, Chubb was fraudulently joined and it should be severed from this suit, eliminating its putative crossclaims; (2) even if Chubb is not severed, the claims it seeks to assert against the excess insurers are improper because the issue in this litigation is Meta's primary insurers' duty to defend, and Chubb concedes that such duty may not attach to Meta's excess insurers; and (3) the Court can exercise supplemental jurisdiction over non-diverse crossclaims. *See Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 442 (2019) ("[A] counterclaim is irrelevant to whether the district court had 'original jurisdiction' over the civil action"); *see also* 3 Moore's Federal Practice - Civil § 13.110 (explaining that "[c]rossclaims [a]re [s]ubject to [s]upplemental [j]urisdiction"); *id.* § 13.112 (explaining that "crossclaims asserted by any [party other than the plaintiff] always fall within supplemental jurisdiction, even if additional parties are joined to those claims"); 28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").

27. Accordingly, for purposes of diversity jurisdiction, there is complete diversity between the plaintiffs and the defendants.

**B. Amount in Controversy Exceeds $75,000**

28. Under 28 U.S.C. § 1332(a), diversity subject matter jurisdiction requires that the matter in controversy "exceed[] the sum or value of $75,000, exclusive of interests and costs." A notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89

(2014). "Evidence establishing the amount" in controversy is not required to be included with the notice of removal, but instead is required only "when the plaintiff contests, or the court questions, the defendant's allegation." *Id*. at 89. Without admitting any of the allegations in the Complaint, Meta submits that the aggregate value of the declaratory relief that Hartford seeks concerning its obligations to pay defense costs well exceeds $75,000, exclusive of interest and costs.

29. Hartford seeks a "declaration that under the terms, conditions, and exclusions of Hartford Policies, it has no duty to defend or pay the cost of defending Meta against the Social Media [Cases]." Amended Compl. ¶¶ 57, 68. The cost of the defense in the Social Media Cases that Hartford is obligated to defend far exceeds $75,000.

30. Based on the foregoing facts and allegations, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because:

   a. this is a civil action within the meaning of Section 1332(a);
   b. the properly joined parties are citizens of different states as required by § 1332(a)(1); and
   c. the amount in controversy exceeds $75,000 as required by § 1332(a).

31. Accordingly, this action is properly removable under 28 U.S.C. § 1441.

**C. Other Removal Issues**

32. Pursuant to 28 U.S.C. § 1446(b)(2)(A), Instagram, the only other party besides Meta Platforms that the Complaint designates as a defendant and that is properly aligned against Hartford, consents to removal. Because the other insurers that are designated as parties are properly aligned *with* Hartford and should, therefore, either be realigned or severed from this case, their consent is not required for removal. The consent of the insurer parties is not required also because they are either fraudulently joined or only nominal parties. *See Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1009 (3d Cir. 1987) (explaining that "defendants fraudulently

joined may be disregarded" (citation omitted)); *Carlyle Inv. Mgmt. LLC v. Plaza Mgmt. Overseas S.A.*, No. 12-cv-1732, 2013 WL 4407685, at *2 (D. Del. Aug. 14, 2013) (explaining that "unanimous consent requirement is waived . . . for defendants who are unknown or nominal parties [or] fraudulently joined").

33. Nor does Chubb's answer and crossclaims affect removal. Because Chubb is a fraudulently joined, nominal defendant, its pleadings should be ignored when assessing removal. *See Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 358 (3d Cir. 2013) ("[A] federal court must disregard nominal or formal parties . . . and can base its jurisdiction only upon the citizenship of parties with a real interest in the litigation"). Accordingly, Federal Insurance Company's pleading has no bearing on the propriety of removal.

34. Meta expressly reserves, and does not waive, all defenses.

35. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the state court docket sheet, the Complaint, and all other process, pleadings, and orders served on Meta and/or filed in the State Court Action are attached as exhibits and filed concurrently herewith. These filings constitute the complete record of all records and proceedings in the state court.

36. Title 28 U.S.C. § 1441(b)(2) does not prevent removal in this case for two reasons. First, when the parties are properly aligned, Meta is the true plaintiff in this lawsuit and should not be considered a defendant for purposes of 28 U.S.C. § 1441(b)(2). Second, Hartford and Chubb should be equitably estopped from seeking remand under 28 U.S.C. § 1441(b)(2) because their conduct in attempting to prosecute the claims at issue in the State Court Action offends principles of fairness, equity, and judicial economy. In particular, Hartford filed this lawsuit without any notice to Meta, on the same day that it accepted its duty to defend, and it sued in the State Court Action Meta's other insurers—against which it admittedly has no claims —in an attempt to defeat

diversity. Chubb answered Hartford's amended complaint immediately after it was filed, naming additional insurers as to which it admittedly has no claims —in an attempt to defeat diversity and at the same time confirming that Hartford has claims against it.

37. If any question arises as to the propriety of removal, Meta requests the opportunity to present briefing and oral argument in support of its position that this case has been properly removed.

38. Upon filing the Notice of Removal, Meta will furnish written notice to Plaintiffs' counsel and will file and serve a copy of this Notice with the Clerk of the Superior Court of the State of Delaware, pursuant to 28 U.S.C. § 1446(d).

39. Meta reserves the right to amend or supplement this Notice.

WHEREFORE, Meta removes this action Case No. N24C-11-010 SKR CCLD from the Superior Court of the State of Delaware to this Court.

| | |
|---|---|
| Dated:  December 27, 2024 | Respectfully submitted, |
| OF COUNSEL (*pro hac vice forthcoming*): | **BERGER MCDERMOTT LLP** |
| Martin H. Myers<br>mmyers@cov.com<br>Covington & Burling LLP<br>Salesforce Tower<br>415 Mission St<br>Suite 5400<br>San Francisco, CA 94105<br>Telephone: (415) 591-7026<br><br>Heather Habes<br>hhabes@cov.com<br>Covington & Burling LLP<br>1999 Avenue Of The Stars<br>Los Angeles, CA 90067<br>Telephone: (424) 332-4785 | */s/ David J. Baldwin*<br>David J. Baldwin (No. 1010)<br>Peter C. McGivney (No. 5779)<br>1105 North Market Street, 11th Floor<br>Wilmington, Delaware 19801<br>Telephone: (302) 655-1140<br>Facsimile: (302) 655-1131<br>dbaldwin@bergermcdermott.com<br>pmcgivney@bergermcdermott.com<br><br>*Attorneys for Defendants Instagram, LLC and Meta Platforms, Inc.* |

11