# EXHIBIT 1

**SUPERIOR COURT**
**CIVIL CASE INFORMATION STATEMENT (CIS)**

EFILED Nov 01 2024 04:20PM EDT
Transaction ID 74931058
Case No. N24C-11-010 SKR CCLD

COUNTY:  ( N )    K    S         CIVIL ACTION NUMBER:_____

| | |
|---|---|
| Caption:<br><br>HARTFORD CASUALTY INSURANCE COMPANY and SENTINEL INSURANCE COMPANY, LTD, Plaintiffs,<br>Defendants.<br><br>v.<br><br>INSTAGRAM, LLC, as successor in interest to Instagram a/k/a Burbn, Inc.;  META PLATFORMS, INC. f/k/a TheFacebook Inc. d/b/a The Face Book, Inc.;  FEDERAL INSURANCE COMPANY;  OLD REPUBLIC INSURANCE COMPANY; STARR INDEMNITY AND LIABILITY COMPANY, and ZURICH AMERICAN INSURANCE COMPANY, Defendants. | Civil Case Code: __CCLD__<br><br>Civil Case Type: __Complex Commercial Litigation Division__<br><br>(SEE REVERSE SIDE FOR CODE AND TYPE)<br><br>MANDATORY NON-BINDING ARBITRATION (MNA) _____<br><br>Name and Status of Party filing document:<br><br>**Plaintiffs Hartford Casualty Insurance Company and Sentinel Insurance Company Ltd.**<br><br>Document Type: (E.G.; COMPLAINT; ANSWER WITH COUNTERCLAIM)<br><br>**Complaint**<br>_____<br><br>JURY DEMAND:  YES_____ **No  X** |
| ATTORNEY NAME(S):  **Thad J. Bracegirdle, Sarah Andrade, and Emily L. Skaug**<br>_____<br><br>ATTORNEY ID(S):<br><br>**3691, 6157, 6921**<br>_____<br><br>FIRM NAME:  **Bayard, P.A.**<br>_____<br><br>ADDRESS: **600 N. King St., Ste 400, Wilmington, DE 19801**<br>_____<br>_____<br><br>TELEPHONE NUMBER:    **(302) 655-5000**<br>_____<br><br>FAX NUMBER:  **(302) 658-6395**<br>_____<br><br>E-MAIL ADDRESS: **tbracegirdle@bayardlaw.com; sandrade@bayardlaw.com; eskaug@bayardlaw.com**<br>_____ | IDENTIFY ANY RELATED CASES NOW PENDING IN THE SUPERIOR COURT OR ANY RELATED CASES THAT HAVE BEEN CLOSED IN THIS COURT WITHIN THE LAST TWO YEARS BY CAPTION AND CIVIL ACTION NUMBER INCLUDING JUDGE'S INITIALS:    **N/A**<br><br>_____<br><br>_____<br><br>EXPLAIN THE RELATIONSHIP(S):<br><br>_____<br><br>_____<br><br>_____<br><br>_____<br><br>OTHER UNUSUAL ISSUES THAT AFFECT CASE MANAGEMENT:<br><br>_____<br><br>_____<br><br>_____<br><br>(IF ADDITIONAL SPACE IS NEEDED, PLEASE ATTACH PAGE) |

**THE PROTHONOTARY WILL NOT PROCESS THE COMPLAINT, ANSWER, OR FIRST RESPONSIVE PLEADING IN THIS MATTER FOR SERVICE UNTIL THE CASE INFORMATION STATEMENT (CIS) IS FILED. THE FAILURE TO FILE THE CIS AND HAVE THE PLEADING PROCESSED FOR SERVICE MAY RESULT IN THE DISMISSAL OF THE COMPLAINT OR MAY RESULT IN THE ANSWER OR FIRST RESPONSIVE PLEADING BEING STRICKEN.**

Revised 10/2022

EFiled: Nov 01 2024 04:20PM EDT
Transaction ID 74931058
Case No. N24C-11-010 SKR CCLD

## IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE

HARTFORD CASUALTY
INSURANCE COMPANY and
SENTINEL INSURANCE COMPANY,
LTD.,

          Plaintiffs,

      v.

INSTAGRAM, LLC as successor in
interest to Instagram a/k/a Burbn, Inc.;
META PLATFORMS, INC. f/k/a
TheFacebook Inc. d/b/a The Face Book,
Inc.;  FEDERAL INSURANCE
COMPANY;  OLD REPUBLIC
INSURANCE COMPANY;  STARR
INDEMNITY AND LIABILITY
COMPANY;  and ZURICH AMERICAN
INSURANCE COMPANY,

          Defendants.

C.A. No.: _____ [CCLD]

## **<u>COMPLAINT</u>**

Hartford Casualty Insurance Company ("Hartford Casualty") and Sentinel

Insurance Company, Ltd. ("Sentinel," and, together with Hartford Casualty,

"Hartford"), by and through their attorneys, allege as follows for their complaint

against Instagram, LLC as successor in interest to Instagram a/k/a Burbn, Inc.

("Instagram LLC"); Meta Platforms, Inc., formerly known as TheFacebook, Inc.

doing business as The Face Book, Inc. ("Meta Platforms," and together with

Instagram LLC, "Meta"); Federal Insurance Company ("Federal"); Old Republic

Insurance Company ("Old Republic"); Starr Indemnity and Liability Company ("Starr"); and Zurich American Insurance Company ("Zurich").

## NATURE OF THE DISPUTE

1.        This is an action for declaratory relief pursuant to Article IV, § 7 of the Delaware Constitution, 10 *Del. C.* § 541, and 10 *Del. C.* §§ 6501, *et seq*.

2.        Hartford seeks a determination of the parties' rights and obligations in connection with primary liability policies issued by Hartford to Meta with respect to numerous underlying claims against Meta and other social media companies alleging that the defendants' social media platforms are defective because they are designed to maximize screen time and encourage addictive behavior in minors, which has resulted in various emotional and physical harm to minors, including death (the "Social Media Lawsuits").

## PARTIES

3.        Plaintiff Hartford Casualty is an Indiana company with a principal place of business in Indiana.  Hartford Casualty issued primary insurance coverage to "The Face Book, Inc." on an annual basis from October 9, 2004, to October 8, 2007.

4.        Plaintiff Sentinel is a Connecticut company with a principal place of business in Connecticut.  Sentinel issued primary insurance coverage to "Instagram a/k/a Burbn, Inc." from December 19, 2011, to December 19, 2012.

2

5.      Defendant Instagram, LLC is a Delaware limited liability company whose sole member is Defendant Meta Platforms.  On information and belief, the company originally known as Burbn, Inc. was incorporated in Delaware in February 2010 and launched, develops, operates, markets, and owns the social media application now known as Instagram and its related features, applications, and products (*e.g.*, Boomerang and Instagram Direct) (collectively, "Instagram"). Burbn, Inc. changed its name to Instagram, Inc. in January 2012.  Facebook, Inc. acquired Instagram, Inc. in August 2012, and Instagram, Inc. merged into Instagram, LLC on August 31, 2012.

6.      Defendant Meta Platforms is a Delaware corporation with its principal place of business in California.  On information and belief, "The Face Book, Inc." was a trade name of the company incorporated in Delaware on July 29, 2004, under the registered name TheFacebook, Inc., which launched, develops, operates, markets, and owns the social media application now known as Facebook and its related applications and products (*e.g.*, Messenger, Messenger Kids, Marketplace, Workplace, etc.) (collectively, "Facebook").  TheFacebook, Inc. changed its name to Facebook, Inc. in September 2005, and to Meta Platforms, Inc. in October 2021.

7.      Defendant Federal is an Indiana corporation with a principal place of business in New Jersey.  On information and belief, Federal issued primary

insurance coverage to Facebook, Inc. under Policy No. 3589-24-66 PLE (effective October 9, 2007 to October 9, 2016).  Upon information and belief, Federal is licensed to do business in Delaware and, at all times relevant to this Complaint, was engaged in the business of selling contracts of insurance and did business in Delaware.

8.      Defendant Old Republic is a Pennsylvania company with a principal place of business in Pennsylvania.  Upon information and belief, Old Republic issued primary insurance coverage to Facebook, Inc. under Policy Nos. MWZY308504 (effective October 9, 2016 to October 9, 2017) and MWZY311176 (effective October 9, 2017 to October 9, 2020).  Upon information and belief, Old Republic is licensed to do business in Delaware and, at all times relevant to this Complaint, was engaged in the business of selling contracts of insurance and did business in Delaware.

9.      Defendant Starr is a Texas company with a principal place of business in New York.  Upon information and belief, Star issued primary insurance coverage to Facebook, Inc. and/or Meta Platforms, Inc. under Policy Nos. 1000100155201 (effective October 9, 2020 to October 9, 2021), 1000100155211 (effective October 9, 2021 to October 9, 2022), and 1000100155221 (October 9, 2022 to October 9, 2023).  Upon information and belief, Starr is licensed to do business in Delaware and, at all times relevant to this Complaint, was engaged in the

business of selling contracts of insurance and did business in Delaware.

10.     Defendant Zurich is a New York company with a principal place of business in Illinois.  Upon information and belief, Zurich issued primary insurance coverage to Facebook, Inc. and/or Meta Platforms, Inc. under Policy Nos. ZE 3730650-02 (effective October 9, 2018 to October 9, 2019), ZE 3730650-03 (effective October 9, 2019 to October 9, 2020), ZE 3730650-04 (effective October 9, 2020 to October 9, 2021), ZE 3730650-05 (effective October 9, 2021 to October 9, 2022), and ZE 3730650-06 (effective October 9, 2022 to October 9, 2023).  Upon information and belief, Zurich is licensed to do business in Delaware and, at all times relevant to this Complaint, was engaged in the business of selling contracts of insurance and did business in Delaware.

11.     The defendants listed in paragraphs 7-10 are the "Other Primary Insurers."  The Other Primary Insurers are joined because there is a justiciable controversy regarding the primary insurance carriers' duty to defend the Social Media Lawsuits.  The Other Primary Insurers' interests in the subject matter of this declaratory judgment action will be prejudiced if this action is litigated in their absence.

## JURISDICTION

12.     This Court has subject matter jurisdiction pursuant to Article IV, § 7 of the Delaware Constitution and 10 *Del. C.* § 541 and under 10 *Del. C.* §§ 6501, *et*

*seq.*, which provides this Court with the power "to declare rights, status and other legal relations whether or not further relief is or could be claimed."

13.    This Court has personal jurisdiction over defendant Meta Platforms because Meta Platforms is a Delaware corporation.

14.    This Court has personal jurisdiction over defendant Instagram LLC because Instagram LLC is a Delaware limited liability company and a resident of Delaware by virtue of its member, Meta Platforms.

15.    This Court has personal jurisdiction over the Other Insurers because they at material times have conducted business, committed acts or omissions, or have caused substantial effects within the State of Delaware with respect to one or more causes of action arising from these acts, omissions, or effects.

## FACTUAL BACKGROUND

### A.    The Social Media Lawsuits

16.    Between February 2023 and the present date, Meta has periodically notified Hartford of Social Media Lawsuits against Meta by individuals, school districts, local governments, and attorneys general.

17.    Most (but not all) of the Social Media Lawsuits are consolidated in a multidistrict litigation pending in the Northern District of California for coordinated and consolidated pretrial proceedings (the "MDL") or Judicial Council Coordination Proceeding No. 5255 coordinated in the County of Los Angeles

Central District Superior Court (the "JCCP"), where master complaints and short form complaints have supplanted many of the complaints originally filed by the plaintiffs. Although those common master complaints and short form complaints supersede the original complaints filed by many of the plaintiffs in the cases coordinated in the MDL and JCCP, each of the separate cases coordinated in the MDL and JCCP remains a separate lawsuit.

18.    The specific factual allegations of the Social Media Lawsuits vary, but the individual plaintiffs (the "Individual Plaintiffs") are generally injured persons, or persons seeking to recover on behalf of an injured person, who allege that they became addicted to social media platforms as minors as a result of allegedly manipulative features of those social media platforms that seek to maximize the amount of time minors spend on the platforms. The Individual Plaintiffs generally seek to recover for direct harms an individual person experienced as a result of their social media addiction, including, *e.g.*, depression and anxiety, "social comparison," "the pressure of looks/behaviors," eating disorders, body dysmorphia, isolation, insecurity, and loneliness.

19.    The school district, local government, and attorney general plaintiffs (the "Government/School District Plaintiffs") generally make similar factual allegations regarding the addictive features of social media platforms and harmful effects on minors. They allege that this widespread addiction constitutes a

public nuisance and has saddled them with financial burdens.

20.     The Social Media Lawsuits allege that Meta deliberately created and/or designed social media platforms—Instagram and Facebook—that encourage excessive use and addiction in children and adolescents to drive advertising revenue.

21.     The Social Media Lawsuits do not allege that the addictive features of Instagram and Facebook were unexpected, independent, and unforeseen; rather, both Individual Plaintiffs and the Government/School District Plaintiffs generally allege that Meta intentionally designed its products to exploit vulnerabilities in human psychology and intentionally developed and embedded addictive features in Meta's platforms to maximize youth engagement.

22.     Both the Individual Plaintiffs and the Government/School District Plaintiffs further allege that Meta was aware that use of Instagram and Facebook caused harm to children and adolescents but ignored that harm.  Many of the lawsuits reference internal documents made public by whistleblower Frances Haugen, former Facebook product manager, that reflect findings from Meta's researchers on body image and mental health issues caused by minors' use of Instagram and Facebook.

23.     Unlike the Individual Plaintiffs, the Government/School District Plaintiffs are not (i) an injured person, (ii) seeking to recover on behalf of an injured person, or (iii) an organization seeking to recover the costs of directly caring for any specific alleged injured person.

24.      Rather, the Government/School District Plaintiffs seek to recover damages for aggregate increases in the Government/School District Plaintiffs' expenditures and operating costs necessitated by mass social media addiction in minors, including, *e.g.*, increased provision of anxiety and depression counseling, health services, community-based services, behavioral health services, and after-school programming; increases in staff to confiscate cell phones and communicate and engage with parents and guardians regarding students' attendance, mental health, and behavioral issues; and increased resources to investigate and prosecute crimes that allegedly result from use of the social media platforms.

25.      Both Individual Plaintiffs and Government/School District Plaintiffs also allege that Meta violated the Children's Online Privacy Protection Act ("COPPA"), which regulates the conditions under which Defendants can collect, use, or disclose the personal information of children under 13.

26.      Specifically, Plaintiffs allege that Meta willfully failed to conduct proper age verification and authentication of social media registrants, resulting in rampant access to social media platforms by children under 13 and associated collection of such children's data by Meta in violation of COPPA.

**B.      The Hartford Policies**

27.      As relevant here, Hartford Casualty issued to The Face Book Inc. as named insured Policy No. 57 SBA AW9679 DX, effective from October 1, 2004,

to October 1, 2005 (the "2004-2005 Facebook Policy"); Policy No. 57 SBA AZ6549 SC, effective from October 1, 2005, to October 1, 2006 (the "2005-2006 Facebook Policy"); and Policy No. 57 SBQ RG7020 SC, effective from October 1, 2006, to October 1, 2007 (the "2006-2007 Facebook Policy") (collectively, the "Facebook Policies").

28.    As relevant here, Sentinel issued to Instagram a/k/a Burbn, Inc. as named insured Policy No. 57 SBA BB7385 SC, effective from December 19, 2011, to December 19, 2012 (the "Instagram Policy," and together with the Facebook Policies, the "Hartford Policies").

29.    Each of the Hartford Policies provides Business Liability coverage for "those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury', 'property damage' or 'personal and advertising injury' to which this insurance applies", subject to a per occurrence limit of $1 million, a general aggregate limit of $2 million, and a products-completed operations aggregate limit of $2 million.

30.    The 2004-2005 Facebook Policy and 2005-2006 Facebook Policy (at Business Liability Coverage Form SS 00 08 04 01) and the 2006-2007 Facebook Policy and the Instagram Policy (at Business Liability Cover Form SS 00 08 04 05) contain insuring agreements that state as follows (subject to certain non-substantive differences in formatting):

**Insuring Agreement**

**a.** We will pay . . . those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury" to which this insurance does not apply. . .

. . . **b.** This insurance applies to:

**(1)** "Bodily injury" and "property damage" only if:

**(a)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and

**(b)** The "bodily injury" or "property damage" occurs during the "policy period" . . .

**(2)** "Personal and advertising injury" caused by an offense arising out of your business, but only if the offense is committed in the "coverage territory" during the policy period.

31.     The insuring agreements in the Business Liability Coverage Form in the 2006-2007 Facebook Policy and Instagram Policy further state that those policies do not cover damages because of "bodily injury" or "property damage" that the insured knew, before the policy period, had occurred or begun to occur.

32.     The Business Liability Coverage Forms in the 2004-2005 Facebook Policy and the 2005-2006 Facebook Policy define "bodily injury" as "bodily injury, sickness or disease sustained by a person, including mental anguish or death

resulting from any of these at any time," while the Business Liability Coverage Forms in the 2006-2007 Facebook Policy and Instagram Policy define "bodily injury" as "physical: a. Injury; b. Sickness; or c. Disease sustained by a person and, if arising out of the above, mental anguish or death at any time."

33.    The Business Liability Coverage Forms in all of the Hartford Policies define "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

34.    Business Liability coverage under all the Hartford Policies is also subject to certain exclusions, including an exclusion for bodily injury that is expected or intended from the standpoint of the insured.

35.    That exclusion states:

> This insurance does not apply to:
>
> **a. Expected or Intended Injury**
>
> **(1)** "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" or "property damage" resulting from the use of reasonable force to protect persons or property . . .

36.    The Business Liability Coverage Forms in the 2006-2007 Facebook Policy and the Instagram Policy also contain an exclusion for "Violation Of Statutes That Govern E-Mails, Fax, Phone Calls Or Other Methods Of Sending Material Or Information," which states:

> This insurance does not apply to:

12

[ . . . ]

### t. Violation Of Statutes That Govern E-Mails, Fax, Phone Calls Or Other Methods Of Sending Material Or Information

"Bodily injury", "property damage", "personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

[ . . . ]

(3) Any statute, ordinance or regulation other than the TCPA or CAN-SPAM Act of 2003, that prohibits or limits the sending, transmitting, communicating or distribution of material or information.

37.    In addition, each of the Facebook Policies contains an exclusion for "bodily injury", "property damage" or "personal and advertising injury" arising from the rendering or of failure to render any "professional service."

38.    That exclusion, as amended by the form titled "Technology Services Coverage (Limited)," states:

### B. EXCLUSIONS

### 1.    Applicable To Business Liability Coverage.

This insurance does not apply to:

[. . .]

### j.    Professional Services

"Bodily injury", "property damage" or "personal and advertising injury" due to the rendering of or failure to render any professional service.  This includes but is not limited to:

[ . . . ]

**(11)** Computer consulting, design or programming

13

services, including website design.

39.     The Instagram Policy has a nearly identical exclusion applicable to bodily injury, property damage or personal and advertising injury "arising out of the rendering of or failure to render any professional service[.]"

40.     The Business Liability Coverage Forms in all of the Hartford Policies exclude coverage for certain "personal and advertising injury," including "personal and advertising injury" arising out of (i) oral, written or electronic publication of material whose first publication took place before the beginning of the policy period; (ii) an offense committed by an insured whose business is designing or determining content of websites for others; (iii) an electronic chat room you host, own, or over which you exercise control; (iv) the violation of a person's right of privacy created by any state or federal act; and/or (v) computer code, software, or programming used to enable your web site.

### C.    Disputes Concerning Hartford's Defense Obligations

41.     In response to Meta's notices to Hartford of the Social Media Lawsuits, Hartford, subject to a full reservation of rights, offered to participate in the defense of Meta under the Business Liability coverage part of the Hartford Policies for certain Social Media Lawsuits filed by Individual Plaintiffs.  Hartford declined coverage for certain Social Media Lawsuits filed by Individual Plaintiffs because, among other bases set forth in Hartford's reservation of rights letter, those Social

Media Lawsuits were brought by Individual Plaintiffs that only used or could have used Instagram and/or Facebook after the end dates of the relevant Hartford Policy or Policies.

42.     Hartford's reservation of rights includes the right to withdraw from the defense of the Social Media Lawsuits, as appropriate; the right to recoup defense fees under *Buss v. Super. Ct.*, 16 Cal. 4th 35 (1997); and the right to decline indemnity.

43.     Hartford declined coverage for the Social Media Lawsuits filed by Government/School District Plaintiffs because, along with other bases set forth in Hartford's reservation of rights letter, the Hartford Policies provide coverage for "sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage,'" and Hartford disagrees that the Government/School District Social Media Lawsuits seek damages "because of" bodily injury and/or property damage within the meaning of the Hartford Policies' insuring agreements.

44.     The Social Media Lawsuits filed by Government/School District Plaintiffs seek to recover for general, non-derivative economic losses that are not based on allegations that plaintiffs treated (or paid for treatment of) injuries to any specific individual or that they repaired (or paid for repair of) damage to specifically identified property, or that any such individualized injury or damage was specifically

caused by the insured.

45.     Plaintiffs' First Amended Master Complaint (Local Government and School District) in the MDL, for instance, seeks to recover for increased expenditures by school districts and Local Government Plaintiffs related to "addressing the mental health and behavior of impacted young people and providing education and support to young people, staff, parents, and Plaintiffs' communities," *e.g.*, increased provision of anxiety and depression counseling, health services, community-based services, behavioral-health services, and after-school programming; increases in staff to confiscate cell phones and communicate and engage with parents and guardians regarding students' attendance, mental health, and behavioral issues; and increased resources to investigate and prosecute crimes that result from use of the insured's platforms. Such damages are not damages "because of" bodily injury within the insuring agreements of the policies.

46.     On information and belief, Meta disputes Hartford's offer to participate in the defense of certain Social Media Lawsuits by Individual Plaintiffs under a reservation of rights and also disputes Hartford's denial of coverage for certain other Social Media Lawsuits by Individual Plaintiffs and the Social Media Lawsuits by Government/School District Plaintiffs.

## COUNT I:  DECLARATORY JUDGMENT

### (No Duty to Defend or Pay Defense Costs for
### Government/School District Social Media Lawsuits)

47.    Hartford reasserts and incorporates herein each allegation set forth in ¶¶ 1-46  above.

48.    An actual controversy exists between Hartford, on the one hand, and Meta on the other hand, regarding Hartford's duty to defend the Social Media Lawsuits brought by Government/School District Plaintiffs, the resolution of which will affect the interests of the Other Primary Insurers.

49.    The Hartford Policies provide coverage only for damages "because of" bodily injury or property damage.

50.    The Hartford Policies provide coverage only for "bodily injury" and "property damage" that occurs during the policy period.

51.    The Hartford Policies provide coverage only for "bodily injury" and "property damage" that results from an "occurrence."

52.    The Hartford Policies define "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions . . . ."

53.    The Social Media Lawsuits are based on Meta's deliberate acts in designing and marketing products that encourage excessive use and/or addiction in children and adolescents.  The Social Media Lawsuits allege that Meta intentionally

encourages youth to excessively use its platforms and leverages that usage to increase revenue, intentionally designed its products to addict children and adolescents, and concealed harmful effects that Instagram's and Facebook's design features have on children and adolescents.

54.     The Hartford Policies also contain various exclusions that may bar or limit coverage for the Social Media Lawsuits, discussed in ¶¶ 34-40, above.

55.     There is no defense coverage for some or all of the Social Media Lawsuits brought by Government/School District Plaintiffs under the Hartford Policies for some or all of the following reasons:

a.  Some or all of the Social Media Lawsuits brought by Government/School District Plaintiffs do not allege an "occurrence" as required by the insuring agreements of the Hartford Policies because they are based on allegations regarding Meta's deliberate and intentional acts in designing and marketing products to encourage excessive use by and/or addict children and adolescents;

b.  Some or all of the Social Media Lawsuits brought by Government/School District Plaintiffs do not allege or seek damages "because of" bodily injury, property damage, or personal and advertising injury within the meaning of the Hartford Policies' insuring agreements;

c.  Some or all of the Social Media Lawsuits brought by Government/School District Plaintiffs do not allege or seek damages because of "bodily injury," "property damage," or "personal and advertising injury" as those terms are defined in the Hartford Policies;

d.  Some or all of the Social Media Lawsuits brought by Government/School District Plaintiffs allege bodily injury or property damage, or offenses causing personal and advertising injury, only outside the policy periods covered by the Hartford Policies;

e.  Some or all of the Social Media Lawsuits brought by Government/School District Plaintiffs allege expected or intended injury;

f.  Some or all of the Social Media Lawsuits brought by Government/School District Plaintiffs allege injury arising from violations of statutes that govern e-mails, fax, phone calls or other methods of sending material or information within the meaning of those exclusions; and/or

g.  Some or all of the Social Media Lawsuits brought by Government/School District Plaintiffs allege injury due to the insured's rendering of or failure to render "Professional Services"; and/or

19

h.  Some or all of the Social Media Lawsuits brought by Government/School District Plaintiffs seek equitable relief in the form of nuisance abatement or other forms of relief that are not covered as damages or otherwise insurable under the Hartford Policies.

56.     There exists an actual, ripe, and justiciable controversy between the parties concerning insurance coverage under the Hartford Policies for the defense of the Social Media Lawsuits brought by Government/School District Plaintiffs.

57.     Hartford is entitled to a declaration that under the terms, conditions, and exclusions of Hartford Policies, it has no duty to defend or pay the cost of defending Meta against the Social Media Lawsuits brought by Government/School District Plaintiffs.

## COUNT II: DECLARATORY JUDGMENT

### (No Duty to Defend or Pay Defense Costs for Individual Social Media Lawsuits )

58.     Hartford reasserts and incorporates herein each allegation set forth in ¶¶ 1-57 above.

59.     An actual controversy exists between Hartford, on the one hand, and Meta on the other hand, regarding Hartford's duty to defend the Social Media Lawsuits brought by Individual Plaintiffs, the resolution of which may or will affect the interests of the Other Primary Insurers.

60.     The Hartford Policies provide coverage only for damages because

of "bodily injury," "property damage," or "personal and advertising injury" as those terms are defined in the Hartford Policies;

61.    The Hartford Policies provide coverage only for "bodily injury" and "property damage" that occurs during the policy period.

62.    The Hartford Policies provide coverage only for "bodily injury" and "property damage" that results from an "occurrence."

63.    The Hartford Policies define "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions . . . ."

64.    The Social Media Lawsuits are based on Meta's deliberate acts in designing and marketing products that encourage excessive use and/or addiction in children and adolescents.  The Social Media Lawsuits allege that Meta intentionally encourages youth to excessively use its platforms and leverages that usage to increase revenue, intentionally designed its products to addict children and adolescents, and concealed harmful effects that Instagram's and Facebook's design features have on children and adolescents.

65.    The Hartford Policies also contain various exclusions that may bar or limit coverage for the Social Media Lawsuits, discussed in ¶¶ 34-40, above.

66.    There is no defense coverage for some or all of the Social Media Lawsuits brought by Individual Plaintiffs under the Hartford Policies for some or all

of the following reasons:

a.  Some or all of the Social Media Lawsuits brought by Individual Plaintiffs do not allege an "occurrence" as required by the insuring agreements of the Hartford Policies because they are based on allegations regarding Meta's deliberate and intentional acts in designing and marketing products to encourage excessive use by and/or addict children and adolescents;

b.  Some or all of the Social Media Lawsuits brought by Individual Plaintiffs do not allege or seek damages because of "bodily injury," "property damage," or "personal and advertising injury" as those terms are defined in the Hartford Policies;

c.  Some or all of the Social Media Lawsuits brought by Individual Plaintiffs allege bodily injury or property damage, or offenses causing personal and advertising injury, only outside the policy periods covered by the Hartford Policies;

d.  Some or all of the Social Media Lawsuits brought by Individual Plaintiffs allege expected or intended injury;

e.  Some or all of the Social Media Lawsuits brought by Individual Plaintiffs allege injury arising from violations of statutes that govern e-mails, fax, phone calls or other methods of sending material or

information within the meaning of those exclusions;

    f.  Some or all of the Social Media Lawsuits brought by Individual

Plaintiffs allege injury due to the insured's rendering of or failure to

render "Professional Services"; and/or

    g.  Some or all of the Social Media Lawsuits brought by Individual

Plaintiffs seek equitable relief in the form of nuisance abatement or

other forms of relief that are not covered as damages or otherwise

insurable under the Hartford Policies.

67.    There exists an actual, ripe, and justiciable controversy between the

parties concerning insurance coverage under the Hartford Policies for the defense of

the Social Media Lawsuits brought by Individual Plaintiffs.

68.    Hartford is entitled to a declaration that under the terms, conditions,

and exclusions of Hartford Policies, it has no duty to defend or pay the cost of

defending Meta against the Social Media Lawsuits brought by Individual Plaintiffs

for one or more of the reasons set forth in ¶ 66 above.

## COUNT III: DECLARATORY JUDGMENT

**(In the Alternative, No Duty to Defend or Pay Defense Costs for
Individual Social Media Lawsuits That Do Not Allege Use
During Harford's Policy Periods)**

69.     Hartford reasserts and incorporates herein each allegation set forth in ¶¶ 1-68 above.

70.     To the extent the Court denies Count II, Hartford seeks a declaration that it has no duty to defend any Social Media Lawsuits brought by Individual Plaintiffs that fall outside the scope of coverage.

71.     Hartford disagrees that use of Instagram and/or Facebook is sufficient to trigger coverage under the Primary Policies, which apply, as relevant here, only where an "occurrence" causes "bodily injury" (or "property damage") during the policy period or an offense resulting in "personal and advertising injury" occurs during the policy period.

72.     Even to the extent that Meta disagrees, however, there can be no coverage for Social Media Lawsuits brought by Individual Plaintiffs that only used or could have used Instagram and/or Facebook after the end dates of the relevant Hartford Policy or Policies.

73.     Accordingly, there is no defense coverage for some or all of the Social Media Lawsuits brought by Individual Plaintiffs under the Hartford Policies for some or all of the following reasons:

a. Some or all of the Social Media Lawsuits brought by Individual Plaintiffs allege use of Instagram and/or Facebook only after the expiration of the relevant Hartford Policy or Policies;

b. Some or all of the Social Media Lawsuits brought by Individual Plaintiffs do not allege particular dates of use of Instagram and/or Facebook but are brought by Individual Plaintiffs who were born after the end date of the relevant Hartford Policy or Policies; and/or

c. Some or all of the Social Media Lawsuits brought by Individual Plaintiffs do not allege particular dates of use of Instagram and/or Facebook but are brought by Individual Plaintiffs whose dates of birth and the allegations in their short form complaints demonstrate that there is no possibility that they could have used Instagram and/or Facebook until after the end date of the relevant Hartford Policy or Policies.

74.    There exists an actual, ripe, and justiciable controversy between the parties concerning the scope of defense coverage required to be provided under the terms, conditions, and exclusions of each of the Hartford Policies.  Hartford is entitled to a declaratory judgment regarding the scope and amount of its defense coverage obligations to Meta against the Social Media Lawsuits brought by Individual Plaintiffs for one or more of the reasons set forth in ¶ 73 above.

## **PRAYER FOR RELIEF**

WHEREFORE, Hartford respectfully request that the Court enter the following relief:

A.  A declaration that Hartford has no duty to defend or pay the costs to defend Meta in the Social Media Lawsuits brought by Government/School District Plaintiffs because any alleged bodily injury or property damage did not arise from an "occurrence," the damages alleged in those lawsuits are not damages "because of" bodily injury, those lawsuits do not allege bodily injury or property damage within the relevant policy period(s), and/or for any of the other reasons set forth in ¶ 55 above;

B.  A declaration that Hartford has no duty to defend or pay the costs to defend Meta in the Social Media Lawsuits brought by Individual Plaintiffs because any alleged bodily injury or property damage did not arise from an "occurrence," those lawsuits do not allege "bodily injury," "property damage," or "personal and advertising injury" as those terms are defined in the Hartford Policies, and/or for any of the other reasons set forth in ¶ 66 above;

C.  A declaration that Hartford has no duty to defend or pay the costs to defend Meta in the Social Media Lawsuits brought by Individual

Plaintiffs to the extent those Individual Plaintiffs do not allege use of Instagram and/or Facebook during the relevant policy periods, were not born before the relevant policies expired, and/or their complaints do not potentially allege use of Instagram and/or Facebook before the relevant policies expired; and

D.    Such other relief as this Court may deem just and proper.

Dated: November 1, 2024

OF COUNSEL:

**RUGGERI PARKS WEINBERG LLP**
James P. Ruggeri
(*pro hac vice forthcoming*)
Sara K. Hunkler
(*pro hac vice forthcoming*)
1875 K Street, Suite 600
Washington, DC 20006-125
Telephone: (202) 984-1400
Facsimile: (202) 984-1401
jruggeri@ruggerilaw.com
shunkler@ruggerilaw.com

**BAYARD, P.A.**

*/s/ Emily L. Skaug*
Thad J. Bracegirdle (No. 3691)
Sarah T. Andrade (No. 6157)
Emily L. Skaug (No. 6921)
600 N. King St., Suite 400
Wilmington, Delaware 19801
(302) 655-5000
tbracegirdle@bayardlaw.com
sandrade@bayardlaw.com
eskaug@bayardlaw.com

*Attorneys for Plaintiffs Hartford Casualty Insurance Company and Sentinel Insurance Company, Ltd.*

EFiled: Nov 01 2024 04:20PM EDT
Transaction ID 74931058
Case No. N24C-11-010 SKR CCLD

**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

HARTFORD CASUALTY
INSURANCE COMPANY and
SENTINEL INSURANCE COMPANY,
LTD.,

                Plaintiffs,

        v.

INSTAGRAM, LLC as successor in
interest to Instagram a/k/a Burbn, Inc.;
META PLATFORMS, INC. f/k/a
TheFacebook Inc. d/b/a The Face Book,
Inc.; FEDERAL INSURANCE
COMPANY; OLD REPUBLIC
INSURANCE COMPANY; STARR
INDEMNITY AND LIABILITY
COMPANY; and ZURICH AMERICAN
INSURANCE COMPANY,

                Defendants.

C.A. No.: _____

## PRAECIPE

TO:    Prothonotary
        Superior Court of the State of Delaware
        Leonard L. Williams Justice Center
        500 North King Street
        Wilmington, Delaware 19801

        PLEASE ISSUE a Summons in the form attached hereto to the Sheriff of New

Castle County for service of process upon Defendant Instagram, LLC as successor

in interest to Instagram a/k/a Burbn, Inc., pursuant to 6 *Del. C.* § 18-105, through its

registered agent at the following address:

> Instagram, LLC
> c/o Corporation Service Company
> 251 Little Falls Drive
> Wilmington, DE 19808

PLEASE ISSUE a Summons in the form attached hereto to the Sheriff of New Castle County for service of process upon Defendant Meta Platforms, Inc. f/k/a TheFacebook Inc. d/b/a The Face Book, pursuant to 8 *Del. C.* § 321, through its registered agent at the following address:

> Meta Platforms, Inc.
> c/o Corporation Service Company
> 251 Little Falls Drive
> Wilmington, DE 19808

PLEASE ISSUE Summons in the form attached hereto for service of process on the below named Defendants pursuant to 10 *Del. C.* § 3104. Counsel for Plaintiffs Hartford Casualty Insurance Company and Sentinel Insurance Company, Ltd. will serve the Summonses and Complaint upon the below-named Defendants by certified mail, return receipt requested, by serving it at the following addresses:

- **Federal Insurance Company**
  c/o an officer, a managing or general agent
  202B Hall's Mill Road
  Whitehouse Station, NJ 08889

  and

  c/o an officer, a managing or general agent
  251 North Illinois Suite 1100,
  Indianapolis, Indiana, 46204

  and

2

c/o C T Corporation System
334 North Senate Avenue,
Indianapolis, Indiana, 46204

- **Old Republic Insurance Company**
  c/o an officer, a managing or general agent
  631 Excel Drive, Suite 200
  Mt Pleasant, PA 15666

- **Starr Indemnity and Liability Company**
  c/o an officer, a managing or general agent
  8401 N. Central Expressway, #890
  Dallas, Texas 75225

  and

  c/o an officer, a managing or general agent
  399 Park Avenue, 2nd Floor
  New York, NY 10022

- **Zurich American Insurance Company**
  c/o an officer, a managing or general agent
  Four World Trade Center,
  150 Greenwich St.
  New York, NY 10007

  and

  c/o an officer, a managing or general agent
  1299 Zurich Way ZAIC
  Schaumburg, IL 60196

PLEASE ISSUE SUMMONS to the Sheriff of Kent County, and direct the

Sheriff to serve two (2) copies of the Summons, Praecipe, and Complaint on the

below-named Defendants by service on the Commissioner of Insurance, State of

Delaware, 841 Silver Lake Boulevard, Dover, DE 19901, in accordance with 18 *Del.*

3

*C.* § 525. At the time of service, the Sheriff will deliver a check made payable to the Commissioner of Insurance in the amount of $100.00, representing the required fee:

- Federal Insurance Company

- Old Republic Insurance Company

- Starr Indemnity and Liability Company

- Zurich American Insurance Company

Dated: November 1, 2024                    **BAYARD, P.A.**

*/s/ Emily L. Skaug*
Thad J. Bracegirdle (#3691)
Sarah T. Andrade (#6157)
Emily L. Skaug (#6921)
600 North King Street, Suite 400
Wilmington, Delaware 19801
(302) 655-5000

*Attorneys for Plaintiffs*

4

EFiled: Nov 01 2024 04:20PM EDT
Transaction ID 74931058
Case No. N24C-11-010 SKR CCLD

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

HARTFORD CASUALTY
INSURANCE COMPANY and
SENTINEL INSURANCE COMPANY,
LTD.,

        Plaintiffs,

        v.

INSTAGRAM, LLC as successor in
interest to Instagram a/k/a Burbn, Inc.;
META PLATFORMS, INC. f/k/a
TheFacebook Inc. d/b/a The Face Book,
Inc.;  FEDERAL INSURANCE
COMPANY;  OLD REPUBLIC
INSURANCE COMPANY;  STARR
INDEMNITY AND LIABILITY
COMPANY; and ZURICH AMERICAN
INSURANCE COMPANY,

        Defendants.

C.A. No.: _____

## SUMMONS

**TO THE STATE OF DELAWARE,**
**SHERIFF OF NEW CASTLE COUNTY:**
**YOU ARE COMMANDED:**

    To summon the above-named Defendant, Zurich American Insurance Company, so that, within 20 days after service hereof, exclusive of the day of service, Defendant shall serve upon Plaintiff's attorney, Thad J. Bracegirdle, whose address is Bayard, P.A., 600 North King Street, Suite 400, Wilmington, Delaware 19801, an answer to the Complaint.

    To serve upon Defendant a copy hereof and of the Complaint.

Dated: _____          _____
                                          Prothonotary

                                          _____
                                          Per Deputy


**TO THE ABOVE-NAMED DEFENDANT:**

      In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on Plaintiff's attorney named above an answer to the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

Dated: _____          _____
                                          Prothonotary

                                          _____
                                          Per Deputy

EFiled: Nov 01 2024 04:20PM EDT
Transaction ID 74931058
Case No. N24C-11-010 SKR CCLD

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

HARTFORD CASUALTY
INSURANCE COMPANY and
SENTINEL INSURANCE COMPANY,
LTD.,

                 Plaintiffs,

     v.

INSTAGRAM, LLC as successor in
interest to Instagram a/k/a Burbn, Inc.;
META PLATFORMS, INC. f/k/a
TheFacebook Inc. d/b/a The Face Book,
Inc.;  FEDERAL INSURANCE
COMPANY;  OLD REPUBLIC
INSURANCE COMPANY;  STARR
INDEMNITY AND LIABILITY
COMPANY; and ZURICH AMERICAN
INSURANCE COMPANY,

                 Defendants.

C.A. No.: _____

## SUMMONS

**TO THE STATE OF DELAWARE,
SHERIFF OF KENT COUNTY:
YOU ARE COMMANDED:**

     To summon the above-named Defendant, Zurich American Insurance Company, so that, within 20 days after service hereof, exclusive of the day of service, Defendant shall serve upon Plaintiff's attorney, Thad J. Bracegirdle, whose address is Bayard, P.A., 600 North King Street, Suite 400, Wilmington, Delaware 19801, an answer to the Complaint.

     To serve upon Defendant a copy hereof and of the Complaint.

Dated: _____          _____
                                             Prothonotary

                                             _____
                                             Per Deputy


**TO THE ABOVE-NAMED DEFENDANT:**

In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on Plaintiff's attorney named above an answer to the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

Dated: _____          _____
                                             Prothonotary

                                             _____
                                             Per Deputy

2

EFiled: Nov 01 2024 04:20PM EDT
Transaction ID 74931058
Case No. N24C-11-010 SKR CCLD

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

HARTFORD CASUALTY
INSURANCE COMPANY and
SENTINEL INSURANCE COMPANY,
LTD.,

               Plaintiffs,

      v.

INSTAGRAM, LLC as successor in
interest to Instagram a/k/a Burbn, Inc.;
META PLATFORMS, INC. f/k/a
TheFacebook Inc. d/b/a The Face Book,
Inc.; FEDERAL INSURANCE
COMPANY; OLD REPUBLIC
INSURANCE COMPANY; STARR
INDEMNITY AND LIABILITY
COMPANY; and ZURICH AMERICAN
INSURANCE COMPANY,

             Defendants.

C.A. No.: _____

## SUMMONS

**TO THE STATE OF DELAWARE,**
**SHERIFF OF NEW CASTLE COUNTY:**
**YOU ARE COMMANDED:**

      To summon the above-named Defendant, Starr Indemnity and Liability Company, so that, within 20 days after service hereof, exclusive of the day of service, Defendant shall serve upon Plaintiff's attorney, Thad J. Bracegirdle, whose address is Bayard, P.A., 600 North King Street, Suite 400, Wilmington, Delaware 19801, an answer to the Complaint.

      To serve upon Defendant a copy hereof and of the Complaint.

Dated: _____          _____
                                           Prothonotary

                                           _____
                                           Per Deputy


**TO THE ABOVE-NAMED DEFENDANT:**

In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on Plaintiff's attorney named above an answer to the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

Dated: _____          _____
                                           Prothonotary

                                           _____
                                           Per Deputy

EFiled: Nov 01 2024 04:20PM EDT
Transaction ID 74931058
Case No. N24C-11-010 SKR CCLD

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

HARTFORD CASUALTY
INSURANCE COMPANY and
SENTINEL INSURANCE COMPANY,
LTD.,

                   Plaintiffs,

      v.

INSTAGRAM, LLC as successor in
interest to Instagram a/k/a Burbn, Inc.;
META PLATFORMS, INC. f/k/a
TheFacebook Inc. d/b/a The Face Book,
Inc.; FEDERAL INSURANCE
COMPANY; OLD REPUBLIC
INSURANCE COMPANY; STARR
INDEMNITY AND LIABILITY
COMPANY; and ZURICH AMERICAN
INSURANCE COMPANY,

                   Defendants.

C.A. No.: _____

## SUMMONS

**TO THE STATE OF DELAWARE,**
**SHERIFF OF KENT COUNTY:**
**YOU ARE COMMANDED:**

     To summon the above-named Defendant, Starr Indemnity and Liability Company, so that, within 20 days after service hereof, exclusive of the day of service, Defendant shall serve upon Plaintiff's attorney, Thad J. Bracegirdle, whose address is Bayard, P.A., 600 North King Street, Suite 400, Wilmington, Delaware 19801, an answer to the Complaint.

     To serve upon Defendant a copy hereof and of the Complaint.

Dated: _____        _____
                                        Prothonotary

                                        _____
                                        Per Deputy


**TO THE ABOVE-NAMED DEFENDANT:**

In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on Plaintiff's attorney named above an answer to the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

Dated: _____        _____
                                        Prothonotary

                                        _____
                                        Per Deputy

2

EFiled: Nov 01 2024 04:20PM EDT
Transaction ID 74931058
Case No. N24C-11-010 SKR CCLD

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

HARTFORD CASUALTY
INSURANCE COMPANY and
SENTINEL INSURANCE COMPANY,
LTD.,

    Plaintiffs,

  v.

INSTAGRAM, LLC as successor in
interest to Instagram a/k/a Burbn, Inc.;
META PLATFORMS, INC. f/k/a
TheFacebook Inc. d/b/a The Face Book,
Inc.;  FEDERAL INSURANCE
COMPANY;  OLD REPUBLIC
INSURANCE COMPANY;  STARR
INDEMNITY AND LIABILITY
COMPANY; and ZURICH AMERICAN
INSURANCE COMPANY,

    Defendants.

C.A. No.: _____

## SUMMONS

**TO THE STATE OF DELAWARE,**
**SHERIFF OF NEW CASTLE COUNTY:**
**YOU ARE COMMANDED:**

  To summon the above-named Defendant, Old Republic Insurance Company, so that, within 20 days after service hereof, exclusive of the day of service, Defendant shall serve upon Plaintiff's attorney, Thad J. Bracegirdle, whose address is Bayard, P.A., 600 North King Street, Suite 400, Wilmington, Delaware 19801, an answer to the Complaint.

  To serve upon Defendant a copy hereof and of the Complaint.

Dated: _____          _____

                                        Prothonotary

                                        _____

                                        Per Deputy


**TO THE ABOVE-NAMED DEFENDANT:**

In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on Plaintiff's attorney named above an answer to the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

Dated: _____          _____

                                        Prothonotary

                                        _____

                                        Per Deputy

EFiled: Nov 01 2024 04:20PM EDT
Transaction ID 74931058
Case No. N24C-11-010 SKR CCLD

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| HARTFORD CASUALTY INSURANCE COMPANY and SENTINEL INSURANCE COMPANY, LTD., | |
| Plaintiffs, | C.A. No.: _____ |
| v. | |
| INSTAGRAM, LLC as successor in interest to Instagram a/k/a Burbn, Inc.; META PLATFORMS, INC. f/k/a TheFacebook Inc. d/b/a The Face Book, Inc.; FEDERAL INSURANCE COMPANY; OLD REPUBLIC INSURANCE COMPANY; STARR INDEMNITY AND LIABILITY COMPANY; and ZURICH AMERICAN INSURANCE COMPANY, | |
| Defendants. | |

## SUMMONS

**TO THE STATE OF DELAWARE,
SHERIFF OF KENT COUNTY:
YOU ARE COMMANDED:**

    To summon the above-named Defendant, Old Republic Insurance Company, so that, within 20 days after service hereof, exclusive of the day of service, Defendant shall serve upon Plaintiff's attorney, Thad J. Bracegirdle, whose address is Bayard, P.A., 600 North King Street, Suite 400, Wilmington, Delaware 19801, an answer to the Complaint.

    To serve upon Defendant a copy hereof and of the Complaint.

Dated: _____          _____
                                        Prothonotary

                                        _____
                                        Per Deputy


**TO THE ABOVE-NAMED DEFENDANT:**

      In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on Plaintiff's attorney named above an answer to the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

Dated: _____          _____
                                        Prothonotary

                                        _____
                                        Per Deputy

**EFiled:  Nov 01 2024 04:20PM EDT**
**Transaction ID 74931058**
**Case No. N24C-11-010 SKR CCLD**

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| HARTFORD CASUALTY INSURANCE COMPANY and SENTINEL INSURANCE COMPANY, LTD., | |
| Plaintiffs, | C.A. No.: _____ |
| v. | |
| INSTAGRAM, LLC as successor in interest to Instagram a/k/a Burbn, Inc.; META PLATFORMS, INC. f/k/a TheFacebook Inc. d/b/a The Face Book, Inc.;  FEDERAL INSURANCE COMPANY;  OLD REPUBLIC INSURANCE COMPANY;  STARR INDEMNITY AND LIABILITY COMPANY; and ZURICH AMERICAN INSURANCE COMPANY, | |
| Defendants. | |

## SUMMONS

**TO THE STATE OF DELAWARE,**
**SHERIFF OF NEW CASTLE COUNTY:**
**YOU ARE COMMANDED:**

To summon the above-named Defendant, Meta Platforms, Inc. f/k/a TheFacebook Inc. d/b/a The Face Book, so that, within 20 days after service hereof, exclusive of the day of service, Defendant shall serve upon Plaintiff's attorney, Thad J. Bracegirdle, whose address is Bayard, P.A., 600 North King Street, Suite 400, Wilmington, Delaware 19801, an answer to the Complaint.

To serve upon Defendant a copy hereof and of the Complaint.

Dated: _____          _____
                                         Prothonotary

                                         _____
                                         Per Deputy


**TO THE ABOVE-NAMED DEFENDANT:**

In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on Plaintiff's attorney named above an answer to the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

Dated: _____          _____
                                         Prothonotary

                                         _____
                                         Per Deputy

EFiled: Nov 01 2024 04:20PM EDT
Transaction ID 74931058
Case No. N24C-11-010 SKR CCLD

**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

HARTFORD CASUALTY
INSURANCE COMPANY and
SENTINEL INSURANCE COMPANY,
LTD.,

                Plaintiffs,

      v.

INSTAGRAM, LLC as successor in
interest to Instagram a/k/a Burbn, Inc.;
META PLATFORMS, INC. f/k/a
TheFacebook Inc. d/b/a The Face Book,
Inc.;  FEDERAL INSURANCE
COMPANY;  OLD REPUBLIC
INSURANCE COMPANY;  STARR
INDEMNITY AND LIABILITY
COMPANY; and ZURICH AMERICAN
INSURANCE COMPANY,

                Defendants.

C.A. No.: _____

## SUMMONS

**TO THE STATE OF DELAWARE,**
**SHERIFF OF NEW CASTLE COUNTY:**
**YOU ARE COMMANDED:**

    To summon the above-named Defendant, Instagram, LLC as successor in interest to Instagram a/k/a Burbn, Inc., so that, within 20 days after service hereof, exclusive of the day of service, Defendant shall serve upon Plaintiff's attorney, Thad J. Bracegirdle, whose address is Bayard, P.A., 600 North King Street, Suite 400, Wilmington, Delaware 19801, an answer to the Complaint.

    To serve upon Defendant a copy hereof and of the Complaint.

Dated: _____          _____
                                        Prothonotary

                                        _____
                                        Per Deputy


**TO THE ABOVE-NAMED DEFENDANT:**

In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on Plaintiff's attorney named above an answer to the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

Dated: _____          _____
                                        Prothonotary

                                        _____
                                        Per Deputy

2

EFiled: Nov 01 2024 04:20PM EDT
Transaction ID 74931058
Case No. N24C-11-010 SKR CCLD

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |
|---|---|
| HARTFORD CASUALTY INSURANCE COMPANY and SENTINEL INSURANCE COMPANY, LTD., | |
| Plaintiffs, | C.A. No.: _____ |
| v. | |
| INSTAGRAM, LLC as successor in interest to Instagram a/k/a Burbn, Inc.; META PLATFORMS, INC. f/k/a TheFacebook Inc. d/b/a The Face Book, Inc.; FEDERAL INSURANCE COMPANY; OLD REPUBLIC INSURANCE COMPANY; STARR INDEMNITY AND LIABILITY COMPANY; and ZURICH AMERICAN INSURANCE COMPANY, | |
| Defendants. | |

## <u>SUMMONS</u>

**TO THE STATE OF DELAWARE,**
**SHERIFF OF NEW CASTLE COUNTY:**
**YOU ARE COMMANDED:**

To summon the above-named Defendant, Federal Insurance Company so that, within 20 days after service hereof, exclusive of the day of service, Defendant shall serve upon Plaintiff's attorney, Thad J. Bracegirdle, whose address is Bayard, P.A., 600 North King Street, Suite 400, Wilmington, Delaware 19801, an answer to the Complaint.

To serve upon Defendant a copy hereof and of the Complaint.

Dated: _____        _____
                                       Prothonotary

                                       _____
                                       Per Deputy


**TO THE ABOVE-NAMED DEFENDANT:**

In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on Plaintiff's attorney named above an answer to the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

Dated: _____        _____
                                       Prothonotary

                                       _____
                                       Per Deputy

EFiled: Nov 01 2024 04:20PM EDT
Transaction ID 74931058
Case No. N24C-11-010 SKR CCLD

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

HARTFORD CASUALTY
INSURANCE COMPANY and
SENTINEL INSURANCE COMPANY,
LTD.,

               Plaintiffs,

    v.

INSTAGRAM, LLC as successor in
interest to Instagram a/k/a Burbn, Inc.;
META PLATFORMS, INC. f/k/a
TheFacebook Inc. d/b/a The Face Book,
Inc.; FEDERAL INSURANCE
COMPANY; OLD REPUBLIC
INSURANCE COMPANY; STARR
INDEMNITY AND LIABILITY
COMPANY; and ZURICH AMERICAN
INSURANCE COMPANY,

               Defendants.

C.A. No.: _____

## SUMMONS

**TO THE STATE OF DELAWARE,
SHERIFF OF KENT COUNTY:
YOU ARE COMMANDED:**

      To summon the above-named Defendant, Federal Insurance Company so that, within 20 days after service hereof, exclusive of the day of service, Defendant shall serve upon Plaintiff's attorney, Thad J. Bracegirdle, whose address is Bayard, P.A., 600 North King Street, Suite 400, Wilmington, Delaware 19801, an answer to the Complaint.

      To serve upon Defendant a copy hereof and of the Complaint.

Dated: _____

_____
Prothonotary

_____
Per Deputy

**TO THE ABOVE-NAMED DEFENDANT:**

In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on Plaintiff's attorney named above an answer to the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

Dated: _____

_____
Prothonotary

_____
Per Deputy

EFiled: Nov 20 2024 03:46PM EST
Transaction ID 75054833
Case No. N24C-11-010 SKR CCLD



## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |
|---|---|
| HARTFORD CASUALTY INSURANCE COMPANY and SENTINEL INSURANCE COMPANY, LTD., | |
| Plaintiffs, | C.A. No.: N24C-11-010-SKR [CCLD] |
| v. | |
| INSTAGRAM, LLC as successor in interest to Instagram a/k/a Burbn, Inc.; META PLATFORMS, INC. f/k/a TheFacebook Inc. d/b/a The Face Book, Inc.; FEDERAL INSURANCE COMPANY; OLD REPUBLIC INSURANCE COMPANY; STARR INDEMNITY AND LIABILITY COMPANY; and ZURICH AMERICAN INSURANCE COMPANY, | |
| Defendants. | |

## <u>SUMMONS</u>

**THE STATE OF DELAWARE**
**TO: PLAINTIFFS' COUNSEL**
**YOU ARE COMMANDED:**

To summon the above-named Defendant, Federal Insurance Company so that, within 20 days after service hereof, exclusive of the day of service, Defendant shall serve upon Plaintiff's attorney, Thad J. Bracegirdle, whose address is Bayard, P.A., 600 North King Street, Suite 400, Wilmington, Delaware 19801, an answer to the Complaint.

To serve upon Defendant a copy hereof and of the Complaint.

Dated: _____        _____
                                       Prothonotary

                                       _____
                                       Per Deputy


**TO THE ABOVE-NAMED DEFENDANT:**

     In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on Plaintiff's attorney named above an answer to the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

Dated: _____        _____
                                       Prothonotary

                                       _____
                                       Per Deputy

EFiled: Nov 20 2024 03:46PM EST
Transaction ID 75054833
Case No. N24C-11-010 SKR CCLD



**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

HARTFORD CASUALTY
INSURANCE COMPANY and
SENTINEL INSURANCE COMPANY,
LTD.,

          Plaintiffs,

       v.

INSTAGRAM, LLC as successor in
interest to Instagram a/k/a Burbn, Inc.;
META PLATFORMS, INC. f/k/a
TheFacebook Inc. d/b/a The Face Book,
Inc.;  FEDERAL INSURANCE
COMPANY;  OLD REPUBLIC
INSURANCE COMPANY;  STARR
INDEMNITY AND LIABILITY
COMPANY; and ZURICH AMERICAN
INSURANCE COMPANY,

          Defendants.

C.A. No.: N24C-11-010 SKR [CCLD]

## SUMMONS

**THE STATE OF DELAWARE**
**TO: PLAINTIFFS' COUNSEL**
**YOU ARE COMMANDED:**

    To summon the above-named Defendant, Old Republic Insurance Company, so that, within 20 days after service hereof, exclusive of the day of service, Defendant shall serve upon Plaintiff's attorney, Thad J. Bracegirdle, whose address is Bayard, P.A., 600 North King Street, Suite 400, Wilmington, Delaware 19801, an answer to the Complaint.

    To serve upon Defendant a copy hereof and of the Complaint.

Dated: _____        _____
                                       Prothonotary

                                       _____
                                       Per Deputy


**TO THE ABOVE-NAMED DEFENDANT:**

In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on Plaintiff's attorney named above an answer to the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

Dated: _____        _____
                                       Prothonotary

                                       _____
                                       Per Deputy

EFiled: Nov 20 2024 03:46PM EST
Transaction ID 75054833
Case No. N24C-11-010 SKR CCLD

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |
|---|---|
| HARTFORD CASUALTY INSURANCE COMPANY and SENTINEL INSURANCE COMPANY, LTD.,<br><br>                Plaintiffs,<br><br>         v.<br><br>INSTAGRAM, LLC as successor in interest to Instagram a/k/a Burbn, Inc.; META PLATFORMS, INC. f/k/a TheFacebook Inc. d/b/a The Face Book, Inc.; FEDERAL INSURANCE COMPANY; OLD REPUBLIC INSURANCE COMPANY; STARR INDEMNITY AND LIABILITY COMPANY; and ZURICH AMERICAN INSURANCE COMPANY,<br><br>                Defendants. | C.A. No.: N24C-11-010 SKR [CCLD] |

## SUMMONS

**THE STATE OF DELAWARE**
**TO: PLAINTIFFS' COUNSEL**
**YOU ARE COMMANDED:**

To summon the above-named Defendant, Starr Indemnity and Liability Company, so that, within 20 days after service hereof, exclusive of the day of service, Defendant shall serve upon Plaintiff's attorney, Thad J. Bracegirdle, whose address is Bayard, P.A., 600 North King Street, Suite 400, Wilmington, Delaware 19801, an answer to the Complaint.

To serve upon Defendant a copy hereof and of the Complaint.

Dated: _____        _____
                                        Prothonotary

                                        _____
                                        Per Deputy


**TO THE ABOVE-NAMED DEFENDANT:**

      In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on Plaintiff's attorney named above an answer to the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

Dated: _____        _____
                                        Prothonotary

                                        _____
                                        Per Deputy

EFiled: Nov 20 2024 03:46PM EST
Transaction ID 75054833
Case No. N24C-11-010 SKR CCLD

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |
|---|---|
| HARTFORD CASUALTY INSURANCE COMPANY and SENTINEL INSURANCE COMPANY, LTD., | |
| Plaintiffs, | C.A. No.: N24C-11-010 SKR [CCLD] |
| v. | |
| INSTAGRAM, LLC as successor in interest to Instagram a/k/a Burbn, Inc.; META PLATFORMS, INC. f/k/a TheFacebook Inc. d/b/a The Face Book, Inc.; FEDERAL INSURANCE COMPANY; OLD REPUBLIC INSURANCE COMPANY; STARR INDEMNITY AND LIABILITY COMPANY; and ZURICH AMERICAN INSURANCE COMPANY, | |
| Defendants. | |

## SUMMONS

**THE STATE OF DELAWARE**
**TO: PLAINTIFFS' COUNSEL**
**YOU ARE COMMANDED:**

To summon the above-named Defendant, Zurich American Insurance Company, so that, within 20 days after service hereof, exclusive of the day of service, Defendant shall serve upon Plaintiff's attorney, Thad J. Bracegirdle, whose address is Bayard, P.A., 600 North King Street, Suite 400, Wilmington, Delaware 19801, an answer to the Complaint.

To serve upon Defendant a copy hereof and of the Complaint.

Dated: _____          _____
                                        Prothonotary

                                        _____
                                        Per Deputy


**TO THE ABOVE-NAMED DEFENDANT:**

      In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on Plaintiff's attorney named above an answer to the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

Dated: _____          _____
                                        Prothonotary

                                        _____
                                        Per Deputy

11-27-24

EFiled: Nov 27 2024 02:22PM EST
Transaction ID 75498148
Case No. N24C-11-010 SKR CCLD

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

HARTFORD CASUALTY
INSURANCE COMPANY and
SENTINEL INSURANCE COMPANY,
LTD.,

        Plaintiffs,

v.

INSTAGRAM, LLC as successor in
interest to Instagram a/k/a Burbn, Inc.;
META PLATFORMS, INC. f/k/a
TheFacebook Inc. d/b/a The Face Book,
Inc.; FEDERAL INSURANCE
COMPANY; OLD REPUBLIC
INSURANCE COMPANY; STARR
INDEMNITY AND LIABILITY
COMPANY; and ZURICH AMERICAN
INSURANCE COMPANY,

        Defendants.

(2) writs for nc
chks # 21292   10.ᵃ

C.A. No.: # 21293   40.ᵃ

(8) writs for Kent
chks # 21291   55.ᵃ Kent
    # 21294   25.ᵃ De Ins
    # 21295   25.ᵃ De Ins.
    # 21296   25.ᵃ De Ins.
    # 21297   25.ᵃ De. Ins.

## PRAECIPE

TO:  Prothonotary
     Superior Court of the State of Delaware
     Leonard L. Williams Justice Center
     500 North King Street
     Wilmington, Delaware 19801

(16) WRIT ISSUED   11-27-24
DATE:
NCC:
CHECK NO.:
AMT:

PLEASE ISSUE a Summons in the form attached hereto to the Sheriff of New

Castle County for service of process upon Defendant Instagram, LLC as successor

in interest to Instagram a/k/a Burbn, Inc., pursuant to 6 *Del. C.* § 18-105, through its

registered agent at the following address:

Instagram, LLC
c/o Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

PLEASE ISSUE a Summons in the form attached hereto to the Sheriff of New

Castle County for service of process upon Defendant Meta Platforms, Inc. f/k/a

TheFacebook Inc. d/b/a The Face Book, pursuant to 8 *Del. C.* § 321, through its

registered agent at the following address:

Meta Platforms, Inc.
c/o Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

PLEASE ISSUE Summons in the form attached hereto for service of process

on the below named Defendants pursuant to 10 *Del. C.* § 3104. Counsel for Plaintiffs

Hartford Casualty Insurance Company and Sentinel Insurance Company, Ltd. will

serve the Summonses and Complaint upon the below-named Defendants by certified

mail, return receipt requested, by serving it at the following addresses:

- **Federal Insurance Company**
  c/o an officer, a managing or general agent
  202B Hall's Mill Road
  Whitehouse Station, NJ 08889

  and

  c/o an officer, a managing or general agent
  251 North Illinois Suite 1100,
  Indianapolis, Indiana, 46204

  and

2

c/o C T Corporation System
334 North Senate Avenue,
Indianapolis, Indiana, 46204

- **Old Republic Insurance Company**
  c/o an officer, a managing or general agent
  631 Excel Drive, Suite 200
  Mt Pleasant, PA 15666

- **Starr Indemnity and Liability Company**
  c/o an officer, a managing or general agent
  8401 N. Central Expressway, #890
  Dallas, Texas 75225

  and

  c/o an officer, a managing or general agent
  399 Park Avenue, 2nd Floor
  New York, NY 10022

- **Zurich American Insurance Company**
  c/o an officer, a managing or general agent
  Four World Trade Center,
  150 Greenwich St.
  New York, NY 10007

  and

  c/o an officer, a managing or general agent
  1299 Zurich Way ZAIC
  Schaumburg, IL 60196

PLEASE ISSUE SUMMONS to the Sheriff of Kent County, and direct the

Sheriff to serve two (2) copies of the Summons, Praecipe, and Complaint on the

below-named Defendants by service on the Commissioner of Insurance, State of

Delaware, 841 Silver Lake Boulevard, Dover, DE 19901, in accordance with 18 *Del.*

3

C. § 525. At the time of service, the Sheriff will deliver a check made payable to the

Commissioner of Insurance in the amount of $100.00, representing the required fee:

- Federal Insurance Company

- Old Republic Insurance Company

- Starr Indemnity and Liability Company

- Zurich American Insurance Company

Dated: November 1, 2024          **BAYARD, P.A.**

*/s/ Emily L. Skaug*
Thad J. Bracegirdle (#3691)
Sarah T. Andrade (#6157)
Emily L. Skaug (#6921)
600 North King Street, Suite 400
Wilmington, Delaware 19801
(302) 655-5000

*Attorneys for Plaintiffs*

4



EFiled:  Dec 04 2024 12:28PM EST
Transaction ID 75133961
Case No. N24C-11-010 SKR CCLD



**Sheriff's Office**
800 N. French Street, 5th Floor
Wilmington, Delaware 19801
302-395-8450, Fax: 302-395-8460

State of Delaware
New Castle Cour
**Scott T. Phillips**
Sheriff

12/4/2024

**Court Case # N24C-11-010 SKR CCLD**
Sheriff # 24-007685

Summons and Complaint

### HARTFORD CASUALTY INSURANCE COMPANY AND SENTINEL INSURANCE COMPANY, LTD
vs
### INSTAGRAM, LLC AS SUCCESSOR IN INTEREST TO INSTAGRAM A/K/A BURBN, INC; META PLATFORMS, INC F/K A THEFACEBOOK INC D/B/A THE FACE BOOK, INC; ET AL

Entity - META PLATFORMS, INC F/K/A THEFACEBOOK INC D/B/A THE FACE BOOK

On 12/3/2024 at 9:30 AM a copy of the within writ together with a copy of the Summons and Complaint were served upon Litigation Management Representative a representative for the registered agent CORPORATION SERVICE COMPANY 251 LITTLE FALLS DRIVE WILMINGTON, DE 19808

Fees Paid:  $10.00

Per:  Deputy Sheriff, Jeffrey Maddocks

SO ANS;

*Scott T Phillips*

SHERIFF

PER   Janice Frisby-Dowe

Page **1** of 1

EFiled: Dec 04 2024 12:28PM EST
Transaction ID 75133960
Case No. N24C-11-010 SKR CCLD





**Sheriff's Office**

800 N. French Street, 5th Floor
Wilmington, Delaware 19801
302-395-8450, Fax: 302-395-8460

State of Delaware
New Castle Cour
**Scott T. Phillips**
Sheriff

12/4/2024

**Court Case # N24C-11-010 SKR CCLD**
Sheriff # 24-007685

Summons and Complaint

### HARTFORD CASUALTY INSURANCE COMPANY AND SENTINEL INSURANCE COMPANY, LTD
**vs**
### INSTAGRAM, LLC AS SUCCESSOR IN INTEREST TO INSTAGRAM A/K/A BURBN, INC; META PLATFORMS, INC F/K A THEFACEBOOK INC D/B/A THE FACE BOOK, INC; ET AL

Entity - INSTAGRAM, LLC AS SUCCESSOR IN INTEREST TO INSTAGRAM A/K/A BURBN, INC

On 12/3/2024 at 9:30 AM a copy of the within writ together with a copy of the Summons and Complaint were served upon Litigation Management Representative a representative for the registered agent CORPORATION SERVICE COMPANY 251 LITTLE FALLS DRIVE WILMINGTON, DE 19808

Fees Paid: $40.00

Per: Deputy Sheriff, Jeffrey Maddocks

SO ANS;

SHERIFF

PER   Janice Frisby-Dowe



Kent County Sheriff's Office
555 Bay Rd
Dover, DE 19901
302-736-2161

EFiled: Dec 17 2024 03:40PM EST
Transaction ID 75247263
Case No. N24C-11-010 SKR CCLD

STATE of DELAWA
KENT COUN
12/17/2024



# SHERIFF'S RETURN

Hartford Casualty Insurance Company and
Sentinel Insurance Company, LTD,

                                    Plaintiff,

        Vs.

Instagram, LLC as successor in interest to
Instagram a/k/a Burbn, Inc.; Meta
~~Platforms, Inc. f/k/a TheFacebook Inc.~~

| | |
|---|---|
| C.A. No.: | N24C-11-010 SKR CCLD |
| Sheriff No.: | 24003087 |
| Attorney: Firm: | Emily L. Skaug of Bayard, P.A. 600 North King Street Suite 400 Wilmington, DE 19801 |

To:     Superior Court - NC

Served the within Writ upon:

Zurich American Insurance Company c/o Insurance Commissioner Trinidad Navarro by delivering to and leaving in the hands of Zurich American Insurance Company c/o Insurance Commissioner Trinidad Navarro, Insurance Commissioner of the State of Delaware, true copies of the said Writ together with a copy of the plaintiff's Summons/Complaint.

**$25 Check attached for Insurance Commissioner** as prescribed by Title 18 Delaware Code Section 525 this day, 12/10/2024.

So Answers,

Norman R Barlow

Norman R. Barlow
Sheriff of Kent County



Kent County Sheriff's Office
555 Bay Rd
Dover, DE 19901
302-736-2161

EFiled:  Dec 17 2024 03:40PM EST
Transaction ID 75247261
Case No. N24C-11-010 SKR CCLD

STATE of DELAWA...
KENT COUN...
12/17/2024

# SHERIFF'S RETURN

Hartford Casualty Insurance Company and
Sentinel Insurance Company, LTD,

                                    Plaintiff,

        Vs.

Instagram, LLC as successor in interest to
Instagram a/k/a Burbn, Inc.; Meta
Platforms, Inc. f/k/a TheFacebook Inc.

| | |
|---|---|
| C.A. No.: | N24C-11-010 SKR CCLD |
| Sheriff No.: | 24003087 |
| Attorney: Firm: | Emily L. Skaug of Bayard, P.A. 600 North King Street Suite 400 Wilmington, DE 19801 |

To:      Superior Court - NC

Served the within Writ upon:

Starr Indemnity and Liability Company c/o Insurance Commissioner Trinidad Navarro by delivering to and leaving in the hands of Starr Indemnity and Liability Company c/o Insurance Commissioner Trinidad Navarro, Insurance Commissioner of the State of Delaware, true copies of the said Writ together with a copy of the plaintiff's Summons/Complaint.

**$25 Check attached for Insurance Commissioner** as prescribed by Title 18 Delaware Code Section 525 this day, 12/10/2024.

So Answers,

Norman R. Barlow
Sheriff of Kent County



Kent County Sheriff's Office
555 Bay Rd
Dover, DE 19901
302-736-2161

EFiled: Dec 17 2024 03:40PM EST
Transaction ID 75247260
Case No. N24C-11-010 SKR CCLD

STATE of DELAWARE
KENT COUN
12/17/2024



# SHERIFF'S RETURN

| | |
|---|---|
| Hartford Casualty Insurance Company and Sentinel Insurance Company, LTD, | C.A. No.: N24C-11-010 SKR CCLD |
| Plaintiff, | Sheriff No.: 24003087 |
| Vs. | Attorney: Firm: Emily L. Skaug of Bayard, P.A. |
| Instagram, LLC as successor in interest to Instagram a/k/a Burbn, Inc.; Meta Platforms, Inc. f/k/a TheFacebook Inc. | 600 North King Street Suite 400 Wilmington, DE 19801 |

To:      Superior Court - NC

Served the within Writ upon:

Old Republic Insurance Company c/o Insurance Commissioner Trinidad Navarro by delivering to and leaving in the hands of Old Republic Insurance Company c/o Insurance Commissioner Trinidad Navarro, Insurance Commissioner of the State of Delaware, true copies of the said Writ together with a copy of the plaintiff's Summons/Complaint.

**$25 Check attached for Insurance Commissioner** as prescribed by Title 18 Delaware Code Section 525 this day, 12/10/2024.


So Answers,

Norman R. Barlow
Sheriff of Kent County



Kent County Sheriff's Office
555 Bay Rd
Dover, DE 19901
302-736-2161

EFiled: Dec 17 2024 03:40PM EST
Transaction ID 75247258
Case No. N24C-11-010 SKR CCLD

STATE of DELAWARE
KENT COUN
12/17/2024

# SHERIFF'S RETURN

| | |
|---|---|
| Hartford Casualty Insurance Company and Sentinel Insurance Company, LTD,<br><br>                     Plaintiff,<br><br>    Vs.<br><br>Instagram, LLC as successor in interest to Instagram a/k/a Burbn, Inc.; Meta Platforms, Inc. f/k/a TheFacebook Inc d/b/a The Face Book, Inc.<br><br>                     Defendant | C.A. No.:      N24C-11-010 SKR CCLD<br><br>Sheriff No.:     24003087<br><br>Attorney:       Emily L. Skaug of<br>Firm:            Bayard, P.A.<br>                600 North King Street<br>                Suite 400<br>                Wilmington, DE 19801 |

To:     Superior Court - NC

Served the within Writ upon:

Federal Insurance Company c/o Insurance Commissioner Trinidad Navarro by delivering to and leaving in the hands of Federal Insurance Company c/o Insurance Commissioner Trinidad Navarro, Insurance Commissioner of the State of Delaware, true copies of the said Writ together with a copy of the plaintiff's Summons/Complaint.

**$25 Check attached for Insurance Commissioner** as prescribed by Title 18 Delaware Code Section 525 this day, 12/10/2024.

So Answers,

Norman R. Barlow
Sheriff of Kent County

EFiled:  Dec 13 2024 10:53AM EST
Transaction ID 75216881
Case No. N24C-11-010 SKR CCLD

**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

HARTFORD CASUALTY
INSURANCE COMPANY and
SENTINEL INSURANCE COMPANY,
LTD.,

                    Plaintiffs,

       v.

INSTAGRAM, LLC as successor in
interest to Instagram a/k/a Burbn, Inc.;
META PLATFORMS, INC. f/k/a
TheFacebook Inc. d/b/a The Face Book,
Inc.;  FEDERAL INSURANCE
COMPANY;  OLD REPUBLIC
INSURANCE COMPANY;  STARR
INDEMNITY AND LIABILITY
COMPANY; and ZURICH AMERICAN
INSURANCE COMPANY,

                  Defendants.

C.A. No. N24C-11-010 SKR
CCLD

## <u>DECLARATION OF SERVICE</u>

I, Emily L. Skaug, declare under penalty of perjury under the laws of
Delaware that:

    1.    I am a member in good standing of the Bar of the State of Delaware, an
attorney at Bayard P.A., and counsel for Plaintiffs Hartford Casualty Insurance
Company and Sentinel Insurance Company, Ltd., in the above-captioned action.

2.      On December 4, 2024, pursuant to 10 *Del. C.* § 3104, I caused true and correct copies of the Complaint and Summons to be served via certified mail, return receipt requested, upon Federal Insurance Company, at the following address:

> Federal Insurance Company
> c/o an officer, a managing or general agent
> 202B Hall's Mill Road
> Whitehouse Station, NJ 08889

A copy of the certified mail history is attached hereto as **Exhibit A**.

3.      On December 9, 2024, pursuant to 10 *Del. C.* § 3104, I caused true and correct copies of the Complaint and Summons to be served via certified mail, return receipt requested, upon Zurich American Insurance Company, at the following address:

> Zurich American Insurance Company
> c/o an officer, a managing or general agent
> 1299 Zurich Way ZAIC
> Schaumburg, Illinois 60196

A copy of the certified mail history is attached hereto as **Exhibit B**.

4.      On December 10, 2024, pursuant to 10 *Del. C.* § 3104, I caused true and correct copies of the Complaint and Summons to be served via certified mail, return receipt requested, upon Federal Insurance Company, at the following address:

> Federal Insurance Company
> c/o C T Corporation System
> 334 North Senate Avenue,
> Indianapolis, Indiana, 46204

A copy of the certified mail history is attached hereto as **Exhibit C**.

5. On December 10, 2024, pursuant to 10 *Del. C.* § 3104, I caused true and correct copies of the Complaint and Summons to be served via certified mail, return receipt requested, upon Zurich American Insurance Company, at the following address:

> Zurich American Insurance Company
> c/o an officer, a managing or general agent
> Four World Trade Center,
> 150 Greenwich St.
> New York, New York 10007

A copy of the certified mail history is attached hereto as **Exhibit D**.

6. Pursuant to Superior Court Civil Rule 4(h), this Amendment and Affidavit is being filed within 10 days of receiving the return receipts.

I declare under penalty of perjury under the laws of Delaware that the foregoing is true and correct.

Executed on this 13th day of December 2024.

Dated: December 13, 2024

/s/ Emily L. Skaug
Emily L. Skaug (No. 6921)
**BAYARD, P.A.**
600 N. King Street, Suite 400
Wilmington, Delaware 19899
(302) 655-5000

*Counsel for Plaintiffs*

EFiled:  Dec 13 2024 10:53AM EST
Transaction ID 75216881
Case No. N24C-11-010 SKR CCLD

# Exhibit A

ALERT: EFFECTIVE NOVEMBER 29, 2024, INTERNATIONAL MAIL SERVICE TO **CANADA** IS TEMPORARILY S...

# USPS Tracking®

FAQs ›

Tracking Number:                                                          Remove ✕

## 70201290000199288402

Copy        Add to Informed Delivery (https://informeddelivery.usps.com/)

## Latest Update

Your item has been delivered and is available at a PO Box at 9:56 am on December 4, 2024 in WHITEHOUSE
STATION, NJ 08889.

**Get More Out of USPS Tracking:**

USPS Tracking Plus®

● **Delivered**
**Delivered, PO Box**
WHITEHOUSE STATION, NJ 08889
December 4, 2024, 9:56 am

● **Arrived at Post Office**
WHITEHOUSE STATION, NJ 08889
December 4, 2024, 9:55 am

● **Arrived at USPS Regional Facility**
KEARNY NJ DISTRIBUTION CENTER
December 3, 2024, 3:49 pm

● **Departed USPS Regional Facility**
WILMINGTON DE DISTRIBUTION CENTER
December 3, 2024, 11:56 am

● **Arrived at USPS Regional Facility**
WILMINGTON DE DISTRIBUTION CENTER
December 2, 2024, 8:43 pm

● Hide Tracking History

Feedback

**What Do USPS Tracking Statuses Mean?** (https://faq.usps.com/s/article/Where-is-my-package)

| Text & Email Updates | ⌄ |
|---|---|

| USPS Tracking Plus® | ⌄ |
|---|---|

| Product Information | ⌄ |
|---|---|

See Less ⌃

Track Another Package

Enter tracking or barcode numbers

# Need More Help?

Contact USPS Tracking support for further assistance.

FAQs

# Exhibit B

ALERT: EFFECTIVE NOVEMBER 29, 2024, INTERNATIONAL MAIL SERVICE TO **CANADA** IS TEMPORARILY SU...

# USPS Tracking®

FAQs ›

Tracking Number:                                                                    Remove ✕

## 7020129000000199288471

Copy        Add to Informed Delivery (https://informeddelivery.usps.com/)

## Latest Update

Your item was picked up at a postal facility at 4:27 pm on December 9, 2024 in SCHAUMBURG, IL 60196.

**Get More Out of USPS Tracking:**

USPS Tracking Plus®

**Delivered**
**Delivered, Individual Picked Up at Postal Facility**
SCHAUMBURG, IL 60196
December 9, 2024, 4:27 pm

**Arrived at USPS Regional Facility**
CAROL STREAM IL DISTRIBUTION CENTER
December 8, 2024, 10:29 am

**In Transit to Next Facility**
December 7, 2024

**Arrived at USPS Facility**
LOUISVILLE, KY 40221
December 6, 2024, 2:50 pm

**Departed USPS Regional Facility**
WILMINGTON DE DISTRIBUTION CENTER
December 3, 2024, 11:56 am

**Arrived at USPS Regional Facility**
WILMINGTON DE DISTRIBUTION CENTER
December 2, 2024, 8:43 pm

**Hide Tracking History**

Feedback

**What Do USPS Tracking Statuses Mean?** (https://faq.usps.com/s/article/Where-is-my-package)

---

Text & Email Updates                                                                            ⌄

---

USPS Tracking Plus®                                                                             ⌄

---

Product Information                                                                             ⌄

---

**See Less** ⌃

Track Another Package

```
Enter tracking or barcode numbers
```

# Need More Help?

Contact USPS Tracking support for further assistance.

**FAQs**

# Exhibit C

ALERT: EFFECTIVE NOVEMBER 29, 2024, INTERNATIONAL MAIL SERVICE TO **CANADA** IS TEMPORARILY SUSPENDED,…

# USPS Tracking®

FAQs >

Tracking Number:                                                                                    Remove ✕

## 70201290000199288426

Copy        Add to Informed Delivery (https://informeddelivery.usps.com/)

## Latest Update

Your item has been delivered and is available at a PO Box at 10:26 am on December 10, 2024 in INDIANAPOLIS, IN 46204.

Get More Out of USPS Tracking:

USPS Tracking Plus®

### Delivered
**Delivered, PO Box**
INDIANAPOLIS, IN 46204
December 10, 2024, 10:26 am

**Available for Pickup**
INDIANAPOLIS, IN 46204
December 10, 2024, 9:22 am

**Arrived at Post Office**
INDIANAPOLIS, IN 46204
December 10, 2024, 9:11 am

**In Transit to Next Facility**
December 9, 2024

**Arrived at USPS Regional Facility**
INDIANAPOLIS IN DISTRIBUTION CENTER
December 6, 2024, 10:47 am

**Departed USPS Regional Facility**
WILMINGTON DE DISTRIBUTION CENTER
December 3, 2024, 11:56 am

**Arrived at USPS Regional Facility**
WILMINGTON DE DISTRIBUTION CENTER
December 2, 2024, 8:43 pm

**Hide Tracking History**

Feedback

**What Do USPS Tracking Statuses Mean?** (https://faq.usps.com/s/article/Where-is-my-package)

---

**Text & Email Updates**                                                    ⌄

---

**USPS Tracking Plus®**                                                      ⌄

---

**Product Information**                                                      ⌄

---

**See Less** ⌃

Track Another Package

| Enter tracking or barcode numbers |

# Need More Help?

Contact USPS Tracking support for further assistance.

| FAQs |

Exhibit D

ALERT: EFFECTIVE NOVEMBER 29, 2024, INTERNATIONAL MAIL SERVICE TO **CANADA** IS TEMPORARILY SUSPENDED,...

# USPS Tracking®

FAQs >

**Tracking Number:**

Remove ✕

## 70201290000199288464

Copy          Add to Informed Delivery (https://informeddelivery.usps.com/)

### Latest Update

Your item has been delivered to an agent and left with an individual at the address at 12:02 pm on December 10, 2024 in NEW YORK, NY 10007.

**Get More Out of USPS Tracking:**

USPS Tracking Plus®

● **Delivered to Agent**
**Delivered to Agent, Left with Individual**
NEW YORK, NY 10007
December 10, 2024, 12:02 pm

● **Redelivery Scheduled for Next Business Day**
NEW YORK, NY 10007
December 9, 2024, 11:14 am

● **Arrived at USPS Regional Facility**
NEW YORK NY DISTRIBUTION CENTER
December 8, 2024, 9:21 am

● **In Transit to Next Facility**
December 7, 2024

● **Departed USPS Regional Facility**
WILMINGTON DE DISTRIBUTION CENTER
December 3, 2024, 11:56 am

● **Arrived at USPS Regional Facility**
WILMINGTON DE DISTRIBUTION CENTER
December 2, 2024, 8:43 pm

● **Hide Tracking History**

**What Do USPS Tracking Statuses Mean?** (https://faq.usps.com/s/article/Where-is-my-package)

**Text & Email Updates**                                                              ⌄

**USPS Tracking Plus®**                                                               ⌄

**Product Information**                                                               ⌄

**See Less** ⌃

Track Another Package

| Enter tracking or barcode numbers |
|---|

# Need More Help?

Contact USPS Tracking support for further assistance.

**FAQs**

EFiled: Dec 18 2024 04:21PM EST
Transaction ID 75260921
Case No. N24C-11-010 SKR CCLD

**SUPERIOR COURT**
**CIVIL CASE INFORMATION STATEMENT (CIS)**

COUNTY:  ( **N** )    K    S         CIVIL ACTION NUMBER: _N24C-11-010 SKR CCLD_____

| | |
|---|---|
| Caption:<br><br>HARTFORD CASUALTY INSURANCE COMPANY and SENTINEL INSURANCE COMPANY, LTD., Plaintiffs,<br><br>v.<br>Defendants.<br><br>INSTAGRAM, LLC, as successor in interest to Instagram a/k/a Burbn, Inc.;  META PLATFORMS, INC. f/k/a TheFacebook Inc. d/b/a The Face Book, Inc.;  FEDERAL INSURANCE COMPANY;  OLD REPUBLIC INSURANCE COMPANY; STARR INDEMNITY AND LIABILITY COMPANY, and ZURICH AMERICAN INSURANCE COMPANY, Defendants. | Civil Case Code: __CCLD__<br><br>Civil Case Type: __Complex Commercial Litigation Division__<br><br>(SEE REVERSE SIDE FOR CODE AND TYPE)<br><br>MANDATORY NON-BINDING ARBITRATION (MNA) _____<br><br>Name and Status of Party filing document:<br><br>**Plaintiffs Hartford Casualty Insurance Company and Sentinel Insurance Company Ltd.**<br><br>Document Type: (E.G.; COMPLAINT; ANSWER WITH COUNTERCLAIM)<br><br>**Amended Complaint**<br>_____<br><br>JURY DEMAND:  YES_____ **No** _X_ |
| ATTORNEY NAME(S):  **Thad J. Bracegirdle, Sarah Andrade, and Emily L. Skaug**<br>_____<br>ATTORNEY ID(S):  **3691, 6157, 6921**<br>FIRM NAME:  **Bayard, P.A.**<br>_____<br>ADDRESS: **600 N. King St., Ste 400, Wilmington, DE 19801**<br>_____<br>TELEPHONE NUMBER:  **(302) 655-5000**<br>_____<br>FAX NUMBER:  **(302) 658-6395**<br>_____<br>E-MAIL ADDRESS: **tbracegirdle@bayardlaw.com; sandrade@bayardlaw.com; eskaug@bayardlaw.com** | IDENTIFY ANY RELATED CASES NOW PENDING IN THE SUPERIOR COURT OR ANY RELATED CASES THAT HAVE BEEN CLOSED IN THIS COURT WITHIN THE LAST TWO YEARS BY CAPTION AND CIVIL ACTION NUMBER INCLUDING JUDGE'S INITIALS:  **N/A**<br>_____<br>EXPLAIN THE RELATIONSHIP(S):<br>_____<br>_____<br>_____<br>_____<br>OTHER UNUSUAL ISSUES THAT AFFECT CASE MANAGEMENT:<br>_____<br>_____<br>_____<br>(IF ADDITIONAL SPACE IS NEEDED, PLEASE ATTACH PAGE) |

**THE PROTHONOTARY WILL NOT PROCESS THE COMPLAINT, ANSWER, OR FIRST RESPONSIVE PLEADING IN THIS MATTER FOR SERVICE UNTIL THE CASE INFORMATION STATEMENT (CIS) IS FILED. THE FAILURE TO FILE THE CIS AND HAVE THE PLEADING PROCESSED FOR SERVICE MAY RESULT IN THE DISMISSAL OF THE COMPLAINT OR MAY RESULT IN THE ANSWER OR FIRST RESPONSIVE PLEADING BEING STRICKEN.**

**Revised 10/2022**

EFiled: Dec 18 2024 04:21PM EST
Transaction ID 75260921
Case No. N24C-11-010 SKR CCLD

## THE SUPERIOR COURT FOR THE STATE OF DELAWARE

HARTFORD CASUALTY
INSURANCE COMPANY and
SENTINEL INSURANCE COMPANY,
LTD.,

        Plaintiffs,

        v.

INSTAGRAM, LLC as successor in
interest to Instagram a/k/a Burbn, Inc.;
META PLATFORMS, INC. f/k/a
TheFacebook Inc. d/b/a The Face Book,
Inc.;  FEDERAL INSURANCE
COMPANY;  OLD REPUBLIC
INSURANCE COMPANY;  STARR
INDEMNITY AND LIABILITY
COMPANY;  and ZURICH AMERICAN
INSURANCE COMPANY,

        Defendants.

C.A. No.: N24C-11-010 SKR
CCLD

## <u>AMENDED COMPLAINT</u>

Hartford Casualty Insurance Company ("Hartford Casualty") and Sentinel

Insurance Company, Ltd. ("Sentinel," and together with Hartford Casualty,

"Hartford"), by and through their attorneys, allege as follows for their amended

complaint against Instagram, LLC as successor in interest to Instagram a/k/a Burbn,

Inc. ("Instagram LLC"); Meta Platforms, Inc., formerly known as TheFacebook, Inc.

doing business as The Face Book, Inc. ("Meta Platforms," and together with

Instagram LLC, "Meta"); Federal Insurance Company ("Federal"); Old Republic

1

Insurance Company ("Old Republic"); Starr Indemnity and Liability Company ("Starr"); and Zurich American Insurance Company ("Zurich").

## NATURE OF THE DISPUTE

1.        This is an action for declaratory relief pursuant to Article IV, § 7 of the Delaware Constitution, 10 *Del. C.* § 541, and 10 *Del. C.* §§ 6501, *et seq.*

2.        Hartford seeks a determination of the parties' rights and obligations in connection with primary liability policies issued by Hartford to Meta with respect to numerous underlying claims against Meta and other social media companies alleging that the defendants' social media platforms are defective because they are designed to maximize screen time and encourage addictive behavior in minors, which has resulted in various emotional and physical harm to minors, including death (the "Social Media Lawsuits").

## PARTIES

3.        Plaintiff Hartford Casualty is an Indiana company with a principal place of business in Connecticut.  Hartford Casualty issued primary insurance coverage to "The Face Book, Inc." on an annual basis from October 9, 2004, to October 8, 2007.

4.        Plaintiff Sentinel is a Connecticut company with a principal place of business in Connecticut.  Sentinel issued primary insurance coverage to "Instagram a/k/a Burbn, Inc." from December 19, 2011, to December 19, 2012.

5.      Defendant Instagram, LLC is a Delaware limited liability company whose sole member is Defendant Meta Platforms.  On information and belief, the company originally known as Burbn, Inc. was incorporated in Delaware in February 2010 and launched, develops, operates, markets, and owns the social media application now known as Instagram and its related features, applications, and products (*e.g.*, Boomerang and Instagram Direct) (collectively, "Instagram"). Burbn, Inc. changed its name to Instagram, Inc. in January 2012.  Facebook, Inc. acquired Instagram, Inc. in August 2012, and Instagram, Inc. merged into Instagram, LLC on August 31, 2012.

6.      Defendant Meta Platforms is a Delaware corporation with its principal place of business in California.  On information and belief, "The Face Book, Inc." was a trade name of the company incorporated in Delaware on July 29, 2004, under the registered name TheFacebook, Inc., which launched, develops, operates, markets, and owns the social media application now known as Facebook and its related applications and products (*e.g.*, Messenger, Messenger Kids, Marketplace, Workplace, etc.) (collectively, "Facebook").  TheFacebook, Inc. changed its name to Facebook, Inc. in September 2005, and to Meta Platforms, Inc. in October 2021.

7.      Defendant Federal is an Indiana corporation with a principal place of business in New Jersey.  On information and belief, Federal issued primary

3

insurance coverage to Facebook, Inc. under Policy No. 3589-24-66 PLE (effective October 9, 2007 to October 9, 2016). Upon information and belief, Federal is licensed to do business in Delaware and, at all times relevant to this Complaint, was engaged in the business of selling contracts of insurance and did business in Delaware.

8.          Defendant Old Republic is a Pennsylvania company with a principal place of business in Pennsylvania. Upon information and belief, Old Republic issued primary insurance coverage to Facebook, Inc. under Policy Nos. MWZY308504 (effective October 9, 2016 to October 9, 2017) and MWZY311176 (effective October 9, 2017 to October 9, 2020). Upon information and belief, Old Republic is licensed to do business in Delaware and, at all times relevant to this Complaint, was engaged in the business of selling contracts of insurance and did business in Delaware.

9.          Defendant Starr is a Texas company with a principal place of business in New York. Upon information and belief, Star issued primary insurance coverage to Facebook, Inc. and/or Meta Platforms, Inc. under Policy Nos. 1000100155201 (effective October 9, 2020 to October 9, 2021), 1000100155211 (effective October 9, 2021 to October 9, 2022), and 1000100155221 (October 9, 2022 to October 9, 2023). Upon information and belief, Starr is licensed to do business in Delaware and, at all times relevant to this Complaint, was engaged in the

business of selling contracts of insurance and did business in Delaware.

10.     Defendant Zurich is a New York company with a principal place of business in Illinois.  Upon information and belief, Zurich issued primary insurance coverage to Facebook, Inc. and/or Meta Platforms, Inc. under Policy Nos. ZE 3730650-02 (effective October 9, 2018 to October 9, 2019), ZE 3730650-03 (effective October 9, 2019 to October 9, 2020), ZE 3730650-04 (effective October 9, 2020 to October 9, 2021), ZE 3730650-05 (effective October 9, 2021 to October 9, 2022), and ZE 3730650-06 (effective October 9, 2022 to October 9, 2023).  Upon information and belief, Zurich is licensed to do business in Delaware and, at all times relevant to this Complaint, was engaged in the business of selling contracts of insurance and did business in Delaware.

11.     The defendants listed in ¶¶ 7-10 are the "Other Primary Insurers." The Other Primary Insurers are joined because there is a justiciable controversy regarding the primary insurance carriers' duty to defend the Social Media Lawsuits. The Other Primary Insurers' interests in the subject matter of this declaratory judgment action will be prejudiced if this action is litigated in their absence.

**JURISDICTION**

12.     This Court has subject matter jurisdiction pursuant to Article IV, § 7 of the Delaware Constitution and 10 *Del. C.* § 541 and under 10 *Del. C.* §§ 6501, *et seq*., which provides this Court with the power "to declare rights, status and other

legal relations whether or not further relief is or could be claimed."

13.     This Court has personal jurisdiction over defendant Meta Platforms because Meta Platforms is a Delaware corporation.

14.     This Court has personal jurisdiction over defendant Instagram LLC because Instagram LLC is a Delaware limited liability company and a resident of Delaware by virtue of its member, Meta Platforms.

15.     This Court has personal jurisdiction over the Other Insurers because they at material times have conducted business, committed acts or omissions, or have caused substantial effects within the State of Delaware with respect to one or more causes of action arising from these acts, omissions, or effects.

## FACTUAL BACKGROUND

### A.     The Social Media Lawsuits

16.     Between February 2023 and the present date, Meta has periodically notified Hartford of Social Media Lawsuits against Meta by individuals, school districts, local governments, and state attorneys general.  In the time since this action was filed, Meta has tendered additional social media claims to Hartford, and on information and belief, will continue to do so as more social media claims are asserted against it.  The additional claims implicate the same questions of policy interpretation set forth herein, and upon information and belief, future tenders will likewise implicate the same questions.

6

17.     Most (but not all) of the Social Media Lawsuits are consolidated in a multidistrict litigation pending in the Northern District of California for coordinated and consolidated pretrial proceedings (the "MDL") or Judicial Council Coordination Proceeding No. 5255 coordinated in the County of Los Angeles Central District Superior Court  (the "JCCP"), where master complaints and short form complaints have supplanted many of the complaints originally filed by the plaintiffs.  Although those common master complaints and short form complaints supersede the original complaints filed by many of the plaintiffs in the cases coordinated in the MDL and JCCP, each of the separate cases coordinated in the MDL and JCCP remains a separate lawsuit.

18.     The specific factual allegations of the Social Media Lawsuits vary, but the Social Media Lawsuits generally include certain common allegations, including that:

a.     Meta designs, develops, owns, operates, and markets the social media platforms Instagram and Facebook;

b.     Meta intentionally targeted children and adolescents as a core market;

c.     Meta intentionally designed Instagram and Facebook to exploit vulnerabilities in human psychology and developed and embedded addictive features in Instagram and Facebook to maximize

7

engagement from children and adolescents to drive revenue;

d.    Use of Instagram and Facebook has had harmful effects on children and adolescents;

e.    Meta knew that use of Instagram and Facebook has had harmful effects on children and adolescents;[1]

f.    Meta concealed its knowledge of, and information regarding, the harmful effects of Instagram and Facebook on children and adolescents;

g.    Meta falsely represented that Instagram and Facebook are safe for children and adolescents and are not designed to induce compulsive and extended use; and

h.    Meta willfully failed to conduct proper age verification and authentication of Instagram and Facebook registrants, resulting in rampant access to those platforms by children under 13 and associated collection of such children's data.

19.    Many of the individual, school district, and local government plaintiffs further allege that:

---

[1]    Many of the lawsuits reference internal documents made public by whistleblower Frances Haugen, former Facebook product manager, that reflect findings from Meta's researchers on body image and mental health issues caused by minors' use of Instagram and Facebook.

a.  Meta failed to adequately warn children, adolescents, and others about the dangers and harms caused by Instagram and Facebook or to provide instructions regarding safe use; and

b.  The design features of Instagram and Facebook facilitate the spread of child sexual abuse material ("CSAM") and child exploitation.

20.   The individual plaintiffs (the "Individual Plaintiffs") are generally injured persons who allege that they became addicted to social media platforms as minors as a result of allegedly manipulative features of those social media platforms that seek to maximize the amount of time minors spend on the platforms, or persons seeking to recover on behalf of such an injured person.  Based on the allegations described above, the Individual Plaintiffs bring various counts against Meta and others under applicable state law.  Based on those claims, the Individual Plaintiffs generally seek to recover for direct harms an individual person experienced as a result of their social media addiction, including, *e.g.*, depression and anxiety, "social comparison," "the pressure of looks/behaviors," eating disorders, body dysmorphia, isolation, insecurity, and loneliness.

21.   Unlike the Individual Plaintiffs, the school district, local government, and state attorney general plaintiffs (the "Government/School District Plaintiffs") are not (i) an injured person, (ii) seeking to recover on behalf of a specific alleged injured person, or (iii) an organization seeking to recover the costs of directly

9

caring for any specific alleged injured person.

22.     Rather, based on the allegations described above, the school districts and local governments bring various counts against Meta and others and generally seek to recover damages for aggregate increases in expenditures and operating costs necessitated by mass social media addiction in minors (*e.g.*, increased provision of anxiety and depression counseling, health services, community-based services, behavioral health services, and after-school programming; increases in staff to confiscate cell phones and communicate and engage with parents and guardians regarding students' attendance, mental health, and behavioral issues; and increased resources to investigate and prosecute crimes that allegedly result from use of the social media platforms).

23.     Certain school district and/or local government plaintiffs allege that property has been damaged as a result of students' mental, emotional, and/or social problems caused by social media and/or participation in "challenge" videos circulated on social media.[2]  Those complaints, however, do not seek damages "because of" property damage, do not seek damages "because of" property damage

---

[2]     The specific "challenge" videos identified in the Social Media Lawsuits are generally associated with social media platforms other than Facebook or Instagram and/or went viral during periods that post-date the Hartford policy periods.  Both the "devious licks" challenge and the "Blackout Challenge" discussed in Plaintiffs' First Amended Master Complaint (Local Government and School District) in the MDL, for instance, were "challenges" that went viral on Tik-Tok in 2021.

purportedly caused by Meta, and/or do not seek damages "because of" property damage during the effective policy periods of the Hartford Policies. In the MDL, the property damage allegations brought by the school district and/or local government plaintiffs have been dismissed, and the JCCP defendants' demurer to certain representative school district complaints was sustained in its entirety.

24.    The state attorneys general, for their part, generally seek disgorgement, civil penalties, injunctive relief, and other remedies based on their assertions that the acts and omissions of Meta and others violate consumer protection and privacy laws.

### B.    The Hartford Policies

25.    As relevant here, Hartford Casualty issued to The Face Book Inc. as named insured Policy No. 57 SBA AW9679 DX, effective from October 1, 2004, to October 1, 2005 (the "2004-2005 Facebook Policy"); Policy No. 57 SBA AZ6549 SC, effective from October 1, 2005, to October 1, 2006 (the "2005-2006 Facebook Policy"); and Policy No. 57 SBQ RG7020 SC, effective from October 1, 2006, to October 1, 2007 (the "2006-2007 Facebook Policy") (collectively, the "Facebook Policies").

26.    As relevant here, Sentinel issued to Instagram a/k/a Burbn, Inc. as named insured Policy No. 57 SBA BB7385 SC, effective from December 19, 2011, to December 19, 2012 (the "Instagram Policy," and together with the Facebook

Policies, the "Hartford Policies").

27.      Each of the Hartford Policies provides Business Liability coverage for "those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury', 'property damage' or 'personal and advertising injury' to which this insurance applies", subject to a per-occurrence limit of $1 million, a general aggregate limit of $2 million, and a products/completed-operations aggregate limit of $2 million.

28.      The 2004-2005 Facebook Policy and 2005-2006 Facebook Policy (at Business Liability Coverage Form SS 00 08 04 01) and the 2006-2007 Facebook Policy and the Instagram Policy (at Business Liability Cover Form SS 00 08 04 05) contain insuring agreements that state as follows (subject to certain non-substantive differences in formatting):

> **Insuring Agreement**
>
> **a.** We will pay . . . those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury" to which this insurance does not apply. . .
>
> **b.** This insurance applies to:
>
> **(1)** "Bodily injury" and "property damage" only if:
>
> **(a)** The "bodily injury" or "property damage" is caused by

12

an "occurrence" that takes place in the "coverage territory"; and

**(b)** The "bodily injury" or "property damage" occurs during the "policy period" . . .

**(2)** "Personal and advertising injury" caused by an offense arising out of your business, but only if the offense is committed in the "coverage territory" during the policy period.

29.    The insuring agreements in the Business Liability Coverage Form in the 2006-2007 Facebook Policy and Instagram Policy further state that those policies do not cover damages because of "bodily injury" or "property damage" that the insured knew, before the policy period, had occurred or begun to occur.

30.    The Business Liability Coverage Forms in the 2004-2005 Facebook Policy and the 2005-2006 Facebook Policy define "bodily injury" as "bodily injury, sickness or disease sustained by a person, including mental anguish or death resulting from any of these at any time," while the Business Liability Coverage Forms in the 2006-2007 Facebook Policy and Instagram Policy define "bodily injury" as "physical: a. Injury; b. Sickness; or c. Disease sustained by a person and, if arising out of the above, mental anguish or death at any time."

31.    The Business Liability Coverage Forms in all of the Hartford Policies define "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

32.    The Business Liability Coverage Forms in all of the Hartford

13

Policies define "personal and advertising injury" to mean "injury, including consequential 'bodily injury', arising out of one or more . . . offenses[,]" including "[o]ral, written or electronic publication of material that violates a person's right of privacy" and "[d]iscrimination or humiliation that results in injury to the feelings or reputation of a natural person."

33.      Business Liability coverage under all the Hartford Policies is also subject to certain exclusions, including an exclusion for bodily injury that is expected or intended from the standpoint of the insured.

34.      That exclusion states:

> This insurance does not apply to:
>
> **a. Expected or Intended Injury**
>
> **(1)** "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" or "property damage" resulting from the use of reasonable force to protect persons or property . . .

35.      The Business Liability Coverage Forms in the 2006-2007 Facebook Policy and the Instagram Policy also contain an exclusion for "Violation Of Statutes That Govern E-Mails, Fax, Phone Calls Or Other Methods Of Sending Material Or Information," which states:

> This insurance does not apply to:
>
> [ . . . ]
>
> **t. Violation Of Statutes That Govern E-Mails, Fax, Phone Calls Or Other Methods Of Sending Material**

14

**Or Information**

"Bodily injury", "property damage", "personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

[ . . . ]

(3) Any statute, ordinance or regulation other than the TCPA or CAN-SPAM Act of 2003, that prohibits or limits the sending, transmitting, communicating or distribution of material or information.

36.      In addition, each of the Facebook Policies contains an exclusion for "bodily injury", "property damage" or "personal and advertising injury" arising from the rendering or of failure to render any "professional service."

37.      That exclusion, as amended by the form titled "Technology Services Coverage (Limited)," states:

**B. EXCLUSIONS**

**1.      Applicable To Business Liability Coverage.**

This insurance does not apply to:

[. . .]

**j.      Professional Services**

"Bodily injury", "property damage" or "personal and advertising injury" due to the rendering of or failure to render any professional service.  This includes but is not limited to:

[ . . . ]

**(11)** Computer consulting, design or programming services, including website design.

38.      The Instagram Policy has a nearly identical exclusion applicable to bodily injury, property damage or personal and advertising injury "arising out of the

15

rendering of or failure to render any professional service[.]"

39.     The Business Liability Coverage Forms in all of the Hartford Policies exclude coverage for certain "personal and advertising injury," including "personal and advertising injury" arising out of (i) oral, written or electronic publication of material whose first publication took place before the beginning of the policy period; (ii) oral, written or electronic publication of material, if done by or at the direction of the insured with knowledge of its falsity; (iii) a criminal act committed by or at the direction of the insured; (iv) the failure of goods, products or services to conform with any statement of quality or performance made in the insured's advertisement, (v) an offense committed by an insured whose business is designing or determining content of websites for others and/or an Internet search, access, content or service provider; (vi) an electronic chat room or bulletin board the insured hosts, owns, or over which it exercises control; (vii) the violation of a person's right of privacy created by any state or federal act; and/or (viii) computer code, software, or programming used to enable your web site.

### C.     Disputes Concerning Hartford's Defense Obligations

40.     In response to Meta's notices to Hartford of the Social Media Lawsuits, Hartford, subject to a full reservation of rights, offered to participate in the defense of Meta under the Business Liability coverage part of the Hartford Policies for certain Social Media Lawsuits filed by Individual Plaintiffs.

16

41.     Hartford declined coverage for certain other Social Media Lawsuits filed by Individual Plaintiffs because, among other bases set forth in Hartford's reservation of rights letter, those Social Media Lawsuits were brought by Individual Plaintiffs that only used or could have used Instagram and/or Facebook after the end dates of the relevant Hartford Policy or Policies.

42.     Hartford's reservation of rights includes the right to withdraw from the defense of the Social Media Lawsuits, as appropriate; the right to recoup defense fees under *Buss v. Super. Ct.*, 16 Cal. 4th 35 (1997); and the right to decline indemnity.

43.     Hartford declined coverage for the Social Media Lawsuits filed by Government/School District Plaintiffs because, along with other bases set forth in Hartford's reservation of rights letter, the Hartford Policies provide coverage for "sums that the insured becomes legally obligated to pay as damages because of 'bodily injury,' 'property damage' or 'personal and advertising injury'" and Hartford disagrees that the Government/School District Social Media Lawsuits seek damages "because of" bodily injury, property damage, and/or personal and advertising injury within the meaning of the Hartford Policies' insuring agreements.

44.     The Social Media Lawsuits filed by Government/School District Plaintiffs seek to recover for general, non-derivative economic losses and/or statutory violations that are not based on allegations that plaintiffs treated (or paid

17

for treatment of) injuries to any specific individual or that they repaired (or paid for repair of) damage to specifically identified property, or that any such individualized injury or damage was specifically caused by the insured.

45.    Plaintiffs' First Amended Master Complaint (Local Government and School District) in the MDL, for instance, seeks to recover for increased expenditures by school districts and Local Government Plaintiffs related to "addressing the mental health and behavior of impacted young people and providing education and support to young people, staff, parents, and Plaintiffs' communities," *e.g.*, increased provision of anxiety and depression counseling, health services, community-based services, behavioral-health services, and after-school programming; increases in staff to confiscate cell phones and communicate and engage with parents and guardians regarding students' attendance, mental health, and behavioral issues; and increased resources to investigate and prosecute crimes that result from use of the insured's platforms.  Such damages are not damages "because of" bodily injury within the insuring agreements of the policies.

46.    On information and belief, Meta disputes Hartford's offer to participate in the defense of certain Social Media Lawsuits by Individual Plaintiffs under a reservation of rights and also disputes Hartford's denial of coverage for certain other Social Media Lawsuits by Individual Plaintiffs and the Social Media Lawsuits by Government/School District Plaintiffs.

18

## COUNT I:  DECLARATORY JUDGMENT

### (No Duty to Defend or Pay Defense Costs for
### Government/School District Social Media Lawsuits)

47.     Hartford reasserts and incorporates herein each allegation set forth in ¶¶ 1-46  above.

48.     An actual controversy exists between Hartford, on the one hand, and Meta on the other hand, regarding Hartford's duty to defend the Social Media Lawsuits brought by Government/School District Plaintiffs, the resolution of which will affect the interests of the Other Primary Insurers.

49.     The Hartford Policies provide coverage only for damages "because of" bodily injury or property damage.

50.     The Hartford Policies provide coverage only for "bodily injury" and "property damage" that occurs during the policy period.

51.     The Hartford Policies provide coverage only for "bodily injury" and "property damage" that results from an "occurrence."

52.     The Hartford Policies define "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions . . . ."

53.     The Social Media Lawsuits are based on Meta's deliberate acts in designing and marketing products that encourage excessive use and/or addiction in children and adolescents.  The Social Media Lawsuits allege that Meta intentionally

19

encourages youth to excessively use its platforms and leverages that usage to increase revenue, intentionally designed its products to addict children and adolescents, and concealed harmful effects that Instagram's and Facebook's design features have on children and adolescents.

54.    The Hartford Policies also contain various exclusions that may bar or limit coverage for the Social Media Lawsuits, discussed in ¶¶ 33-39, above.

55.    There is no defense coverage for some or all of the Social Media Lawsuits brought by Government/School District Plaintiffs under the Hartford Policies for some or all of the following reasons:

a. Some or all of the Social Media Lawsuits brought by Government/School District Plaintiffs do not allege an "occurrence" as required by the insuring agreements of the Hartford Policies because they are based on allegations regarding Meta's deliberate and intentional acts in designing and marketing products to encourage excessive use by and/or addict children and adolescents;

b. Some or all of the Social Media Lawsuits brought by Government/School District Plaintiffs do not allege or seek damages "because of" bodily injury, property damage, or personal and advertising injury within the meaning of the Hartford Policies' insuring agreements;

20

c. Some or all of the Social Media Lawsuits brought by Government/School District Plaintiffs do not allege or seek damages because of "bodily injury," "property damage," or "personal and advertising injury" as those terms are defined in the Hartford Policies;

d. Some or all of the Social Media Lawsuits brought by Government/School District Plaintiffs allege bodily injury or property damage, or offenses causing personal and advertising injury, only outside the policy periods covered by the Hartford Policies;

e. Some or all of the Social Media Lawsuits brought by Government/School District Plaintiffs allege injury expected or intended by the insured;

f. Some or all of the Social Media Lawsuits brought by Government/School District Plaintiffs allege injury arising from violations of statutes that govern e-mails, fax, phone calls or other methods of sending material or information within the meaning of those exclusions; and/or

g. Some or all of the Social Media Lawsuits brought by Government/School District Plaintiffs allege injury due to the insured's rendering of or failure to render "Professional Services"; and/or

h. Some or all of the Social Media Lawsuits brought by

21

Government/School District Plaintiffs seek equitable relief in the form of nuisance abatement or other forms of relief that are not covered as damages or otherwise insurable under the Hartford Policies.

56.     There exists an actual, ripe, and justiciable controversy between the parties concerning insurance coverage under the Hartford Policies for the defense of the Social Media Lawsuits brought by Government/School District Plaintiffs.

57.     Hartford is entitled to a declaration that under the terms, conditions, and exclusions of Hartford Policies, it has no duty to defend or pay the cost of defending Meta against the Social Media Lawsuits brought by Government/School District Plaintiffs.

## COUNT II: DECLARATORY JUDGMENT

### (No Duty to Defend or Pay Defense Costs for Individual Social Media Lawsuits)

58.     Hartford reasserts and incorporates herein each allegation set forth in ¶¶ 1-57 above.

59.     An actual controversy exists between Hartford, on the one hand, and Meta on the other hand, regarding Hartford's duty to defend the Social Media Lawsuits brought by Individual Plaintiffs, the resolution of which may or will affect the interests of the Other Primary Insurers.

60.     The Hartford Policies provide coverage only for damages because of "bodily injury," "property damage," or "personal and advertising injury" as those

22

terms are defined in the Hartford Policies;

61.     The Hartford Policies provide coverage only for "bodily injury" and "property damage" that occurs during the policy period.

62.     The Hartford Policies provide coverage only for "bodily injury" and "property damage" that results from an "occurrence."

63.     The Hartford Policies define "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions . . . ."

64.     The Social Media Lawsuits are based on Meta's deliberate acts in designing and marketing products that encourage excessive use and/or addiction in children and adolescents.  The Social Media Lawsuits allege that Meta intentionally encourages youth to excessively use its platforms and leverages that usage to increase revenue, intentionally designed its products to addict children and adolescents, and concealed harmful effects that Instagram's and Facebook's design features have on children and adolescents.

65.     The Hartford Policies also contain various exclusions that may bar or limit coverage for the Social Media Lawsuits, discussed in ¶¶ 33-39, above.

66.     There is no defense coverage for some or all of the Social Media Lawsuits brought by Individual Plaintiffs under the Hartford Policies for some or all of the following reasons:

a. Some or all of the Social Media Lawsuits brought by Individual Plaintiffs do not allege an "occurrence" as required by the insuring agreements of the Hartford Policies because they are based on allegations regarding Meta's deliberate and intentional acts in designing and marketing products to encourage excessive use by and/or addict children and adolescents;

b. Some or all of the Social Media Lawsuits brought by Individual Plaintiffs do not allege or seek damages because of "bodily injury," "property damage," or "personal and advertising injury" as those terms are defined in the Hartford Policies;

c. Some or all of the Social Media Lawsuits brought by Individual Plaintiffs allege bodily injury or property damage, or offenses causing personal and advertising injury, only outside the policy periods covered by the Hartford Policies;

d. Some or all of the Social Media Lawsuits brought by Individual Plaintiffs allege injury expected or intended by the insured;

e. Some or all of the Social Media Lawsuits brought by Individual Plaintiffs allege injury arising from violations of statutes that govern e-mails, fax, phone calls or other methods of sending material or information within the meaning of those exclusions;

24

f.  Some or all of the Social Media Lawsuits brought by Individual Plaintiffs allege injury due to the insured's rendering of or failure to render "Professional Services"; and/or

g.  Some or all of the Social Media Lawsuits brought by Individual Plaintiffs seek equitable relief in the form of nuisance abatement or other forms of relief that are not covered as damages or otherwise insurable under the Hartford Policies.

67.     There exists an actual, ripe, and justiciable controversy between the parties concerning insurance coverage under the Hartford Policies for the defense of the Social Media Lawsuits brought by Individual Plaintiffs.

68.     Hartford is entitled to a declaration that under the terms, conditions, and exclusions of Hartford Policies, it has no duty to defend or pay the cost of defending Meta against the Social Media Lawsuits brought by Individual Plaintiffs for one or more of the reasons set forth in ¶ 66 above.

## COUNT III: DECLARATORY JUDGMENT

**(In the Alternative, No Duty to Defend or Pay Defense Costs for Individual Social Media Lawsuits That Do Not Allege Use During Harford's Policy Periods)**

69.     Hartford reasserts and incorporates herein each allegation set forth in ¶¶ 1-68 above.

70.     To the extent the Court denies Count II, Hartford seeks a declaration

25

that it has no duty to defend any Social Media Lawsuits brought by Individual Plaintiffs that fall outside the scope of coverage.

71.     Hartford disagrees that the use of Instagram and/or Facebook during the policy period is alone sufficient to trigger coverage under the Primary Policies, which apply, as relevant here, only where "bodily or "property damage" occurs during the policy period (and is caused by an "occurrence"), or an offense (resulting in "personal and advertising injury") occurs during the policy period.

72.     Even to the extent that Meta disagrees, however, there can be no coverage for Social Media Lawsuits brought by Individual Plaintiffs that only used or only could have used Instagram and/or Facebook after the end dates of the relevant Hartford Policy or Policies.

73.     Accordingly, there is no defense coverage for some of the Social Media Lawsuits brought by Individual Plaintiffs under the Hartford Policies for some or all of the following reasons:

      a. Some of the Social Media Lawsuits brought by Individual Plaintiffs allege use of Instagram and/or Facebook only after the expiration of the relevant Hartford Policy or Policies;

      b. Some of the Social Media Lawsuits brought by Individual Plaintiffs do not allege particular dates of use of Instagram and/or Facebook but are brought by Individual Plaintiffs who were born after the end date of the

relevant Hartford Policy or Policies; and/or

    c.    Some of the Social Media Lawsuits brought by Individual Plaintiffs do not allege particular dates of use of Instagram and/or Facebook but are brought by Individual Plaintiffs whose dates of birth and the allegations in their short form complaints demonstrate that there is no possibility that they could have used Instagram and/or Facebook until after the end date of the relevant Hartford Policy or Policies.

74.    There exists an actual, ripe, and justiciable controversy between the parties concerning the scope of defense coverage required to be provided under the terms, conditions, and exclusions of each of the Hartford Policies.  Hartford is entitled to a declaratory judgment regarding the scope and amount of its defense coverage obligations to Meta against the Social Media Lawsuits brought by Individual Plaintiffs for one or more of the reasons set forth in ¶ 73 above.

## **PRAYER FOR RELIEF**

WHEREFORE, Hartford respectfully request that the Court enter the following relief:

    A.    A declaration that Hartford has no duty to defend or pay the costs to defend Meta in the Social Media Lawsuits brought by Government/School District Plaintiffs because any alleged "bodily injury" or "property damage" did not arise from an "occurrence," the

27

damages alleged in those lawsuits are not damages "because of" "bodily injury" or "property damage," those lawsuits do not allege "bodily injury," or "property damage" within the relevant policy period(s), and/or for any of the other reasons set forth in ¶ 55 above;

B.      A declaration that Hartford has no duty to defend or pay the costs to defend Meta in the Social Media Lawsuits brought by Individual Plaintiffs because any alleged "bodily injury" or "property damage" did not arise from an "occurrence," those lawsuits do not allege "bodily injury," "property damage," or "personal and advertising injury" as those terms are defined in the Hartford Policies, and/or for any of the other reasons set forth in ¶ 66 above;

C.      A declaration that Hartford has no duty to defend or pay the costs to defend Meta in the Social Media Lawsuits brought by Individual Plaintiffs to the extent those Individual Plaintiffs do not allege use of Instagram and/or Facebook during the relevant policy periods, were not born before the relevant policies expired, and/or their complaints do not potentially allege use of Instagram and/or Facebook before the relevant policies expired; and

D.      Such other relief as this Court may deem just and proper.

28

Dated: December 18, 2024

**BAYARD, P.A.**

*/s/ Emily L. Skaug*

OF COUNSEL:

Thad J. Bracegirdle (No. 3691)
Sarah T. Andrade (No. 6157)
Emily L. Skaug (No. 6921)

**RUGGERI PARKS WEINBERG LLP**

600 N. King St., Suite 400

James P. Ruggeri

Wilmington, Delaware 19801

(*pro hac vice forthcoming*)

(302) 655-5000

Sara K. Hunkler

tbracegirdle@bayardlaw.com

(*pro hac vice forthcoming*)

sandrade@bayardlaw.com

1875 K Street, Suite 600

eskaug@bayardlaw.com

Washington, DC 20006-125
Telephone: (202) 984-1400
Facsimile: (202) 984-1401
jruggeri@ruggerilaw.com
shunkler@ruggerilaw.com

*Attorneys for Plaintiffs Hartford Casualty Insurance Company and Sentinel Insurance Company, Ltd.*

29

EFiled:  Dec 18 2024 04:21PM EST
Transaction ID 75260921
Case No. N24C-11-010 SKR CCLD

# EXHIBIT A

~~IN~~ THE SUPERIOR COURT FOR THE STATE OF DELAWARE

| | |
|---|---|
| HARTFORD CASUALTY INSURANCE COMPANY and SENTINEL INSURANCE COMPANY, LTD., <br><br> Plaintiffs, <br><br> v. <br><br> INSTAGRAM, LLC as successor in interest to Instagram a/k/a Burbn, Inc.; META PLATFORMS, INC. f/k/a TheFacebook Inc. d/b/a The Face Book, Inc.;  FEDERAL INSURANCE COMPANY;  OLD REPUBLIC INSURANCE COMPANY;  STARR INDEMNITY AND LIABILITY COMPANY;  and ZURICH AMERICAN INSURANCE COMPANY, <br><br> Defendants. | C.A. No.: ~~——————~~ N24C-11-010 SKR CCLD~~]~~ |

## AMENDED COMPLAINT

Hartford Casualty Insurance Company ("Hartford Casualty") and Sentinel Insurance Company, Ltd. ("Sentinel," and~~,~~ together with Hartford Casualty, "Hartford"), by and through their attorneys, allege as follows for their amended complaint against Instagram, LLC as successor in interest to Instagram a/k/a Burbn, Inc. ("Instagram LLC"); Meta Platforms, Inc., formerly known as TheFacebook, Inc. doing business as The Face Book, Inc. ("Meta Platforms," and together with

213913868_3 LAW

Instagram LLC, "Meta"); Federal Insurance Company ("Federal"); Old Republic Insurance Company ("Old Republic"); Starr Indemnity and Liability Company ("Starr"); and Zurich American Insurance Company ("Zurich").

## NATURE OF THE DISPUTE

1.        This is an action for declaratory relief pursuant to Article IV, § 7 of the Delaware Constitution, 10 *Del. C.* § 541, and 10 *Del. C.* §§ 6501, *et seq*.

2.        Hartford seeks a determination of the parties' rights and obligations in connection with primary liability policies issued by Hartford to Meta with respect to numerous underlying claims against Meta and other social media companies alleging that the defendants' social media platforms are defective because they are designed to maximize screen time and encourage addictive behavior in minors, which has resulted in various emotional and physical harm to minors, including death (the "Social Media Lawsuits").

## PARTIES

3.        Plaintiff Hartford Casualty is an Indiana company with a principal place of business in ~~Indiana~~Connecticut.   Hartford Casualty issued primary insurance coverage to "The Face Book, Inc." on an annual basis from October 9, 2004, to October 8, 2007.

4.        Plaintiff Sentinel is a Connecticut company with a principal place of business in Connecticut.   Sentinel issued primary insurance coverage to

"Instagram a/k/a Burbn, Inc." from December 19, 2011, to December 19, 2012.

5.      Defendant Instagram, LLC is a Delaware limited liability company whose sole member is Defendant Meta Platforms.  On information and belief, the company originally known as Burbn, Inc. was incorporated in Delaware in February 2010 and launched, develops, operates, markets, and owns the social media application now known as Instagram and its related features, applications, and products (*e.g.*, Boomerang and Instagram Direct) (collectively, "Instagram"). Burbn, Inc. changed its name to Instagram, Inc. in January 2012.  Facebook, Inc. acquired Instagram, Inc. in August 2012, and Instagram, Inc. merged into Instagram, LLC on August 31, 2012.

6.      Defendant Meta Platforms is a Delaware corporation with its principal place of business in California.  On information and belief, "The Face Book, Inc." was a trade name of the company incorporated in Delaware on July 29, 2004, under the registered name TheFacebook, Inc., which launched, develops, operates, markets, and owns the social media application now known as Facebook and its related applications and products (*e.g.*, Messenger, Messenger Kids, Marketplace, Workplace, etc.) (collectively, "Facebook").  TheFacebook, Inc. changed its name to Facebook, Inc. in September 2005, and to Meta Platforms, Inc. in October 2021.

7.      Defendant Federal is an Indiana corporation with a principal place

of business in New Jersey.  On information and belief, Federal issued primary insurance coverage to Facebook, Inc. under Policy No. 3589-24-66 PLE (effective October 9, 2007 to October 9, 2016).  Upon information and belief, Federal is licensed to do business in Delaware and, at all times relevant to this Complaint, was engaged in the business of selling contracts of insurance and did business in Delaware.

8.      Defendant Old Republic is a Pennsylvania company with a principal place of business in Pennsylvania.  Upon information and belief, Old Republic issued primary insurance coverage to Facebook, Inc. under Policy Nos. MWZY308504 (effective October 9, 2016 to October 9, 2017) and MWZY311176 (effective October 9, 2017 to October 9, 2020).  Upon information and belief, Old Republic is licensed to do business in Delaware and, at all times relevant to this Complaint, was engaged in the business of selling contracts of insurance and did business in Delaware.

9.      Defendant Starr is a Texas company with a principal place of business in New York.  Upon information and belief, Star issued primary insurance coverage to Facebook, Inc. and/or Meta Platforms, Inc. under Policy Nos. 1000100155201 (effective October 9, 2020 to October 9, 2021), 1000100155211 (effective October 9, 2021 to October 9, 2022), and 1000100155221 (October 9, 2022 to October 9, 2023).  Upon information and belief, Starr is licensed to do

business in Delaware and, at all times relevant to this Complaint, was engaged in the business of selling contracts of insurance and did business in Delaware.

10. Defendant Zurich is a New York company with a principal place of business in Illinois. Upon information and belief, Zurich issued primary insurance coverage to Facebook, Inc. and/or Meta Platforms, Inc. under Policy Nos. ZE 3730650-02 (effective October 9, 2018 to October 9, 2019), ZE 3730650-03 (effective October 9, 2019 to October 9, 2020), ZE 3730650-04 (effective October 9, 2020 to October 9, 2021), ZE 3730650-05 (effective October 9, 2021 to October 9, 2022), and ZE 3730650-06 (effective October 9, 2022 to October 9, 2023). Upon information and belief, Zurich is licensed to do business in Delaware and, at all times relevant to this Complaint, was engaged in the business of selling contracts of insurance and did business in Delaware.

11. The defendants listed in paragraphs¶¶ 7-10 are the "Other Primary Insurers." The Other Primary Insurers are joined because there is a justiciable controversy regarding the primary insurance carriers' duty to defend the Social Media Lawsuits. The Other Primary Insurers' interests in the subject matter of this declaratory judgment action will be prejudiced if this action is litigated in their absence.

**JURISDICTION**

12. This Court has subject matter jurisdiction pursuant to Article IV, § 7

of the Delaware Constitution and 10 *Del. C.* § 541 and under 10 *Del. C.* §§ 6501, *et seq*., which provides this Court with the power "to declare rights, status and other legal relations whether or not further relief is or could be claimed."

13.     This Court has personal jurisdiction over defendant Meta Platforms because Meta Platforms is a Delaware corporation.

14.     This Court has personal jurisdiction over defendant Instagram LLC because Instagram LLC is a Delaware limited liability company and a resident of Delaware by virtue of its member, Meta Platforms.

15.     This Court has personal jurisdiction over the Other Insurers because they at material times have conducted business, committed acts or omissions, or have caused substantial effects within the State of Delaware with respect to one or more causes of action arising from these acts, omissions, or effects.

**FACTUAL BACKGROUND**

   **A.     The Social Media Lawsuits**

16.     Between February 2023 and the present date, Meta has periodically notified Hartford of Social Media Lawsuits against Meta by individuals, school districts, local governments, and ~~attorneys general.~~ state attorneys general.  In the time since this action was filed, Meta has tendered additional social media claims to Hartford, and on information and belief, will continue to do so as more social media claims are asserted against it.  The additional claims implicate the same questions of

6

policy interpretation set forth herein, and upon information and belief, future tenders will likewise implicate the same questions.

17.     Most (but not all) of the Social Media Lawsuits are consolidated in a multidistrict litigation pending in the Northern District of California for coordinated and consolidated pretrial proceedings (the "MDL") or Judicial Council Coordination Proceeding No. 5255 coordinated in the County of Los Angeles Central District Superior Court  (the "JCCP"), where master complaints and short form complaints have supplanted many of the complaints originally filed by the plaintiffs.  Although those common master complaints and short form complaints supersede the original complaints filed by many of the plaintiffs in the cases coordinated in the MDL and JCCP, each of the separate cases coordinated in the MDL and JCCP remains a separate lawsuit.

18.     The specific factual allegations of the Social Media Lawsuits vary, but the Social Media Lawsuits generally include certain common allegations, including that:

    a.     Meta designs, develops, owns, operates, and markets the social media platforms Instagram and Facebook;

    b.     Meta intentionally targeted children and adolescents as a core market;

    c.     Meta intentionally designed Instagram and Facebook to exploit

vulnerabilities in human psychology and developed and embedded addictive features in Instagram and Facebook to maximize engagement from children and adolescents to drive revenue;

d.      Use of Instagram and Facebook has had harmful effects on children and adolescents;

e.      Meta knew that use of Instagram and Facebook has had harmful effects on children and adolescents;[1]

f.      Meta concealed its knowledge of, and information regarding, the harmful effects of Instagram and Facebook on children and adolescents;

g.      Meta falsely represented that Instagram and Facebook are safe for children and adolescents and are not designed to induce compulsive and extended use; and

h.      Meta willfully failed to conduct proper age verification and authentication of Instagram and Facebook registrants, resulting in rampant access to those platforms by children under 13 and associated collection of such children's data.

---

[1]      Many of the lawsuits reference internal documents made public by whistleblower Frances Haugen, former Facebook product manager, that reflect findings from Meta's researchers on body image and mental health issues caused by minors' use of Instagram and Facebook.

19.      Many of the individual, school district, and local government plaintiffs further allege that:

    a.      Meta failed to adequately warn children, adolescents, and others about the dangers and harms caused by Instagram and Facebook or to provide instructions regarding safe use; and

    b.      The design features of Instagram and Facebook facilitate the spread of child sexual abuse material ("CSAM") and child exploitation.

~~18.~~20.      The individual plaintiffs (the "Individual Plaintiffs") are generally injured persons, ~~or persons seeking to recover on behalf of an injured person,~~ who allege that they became addicted to social media platforms as minors as a result of allegedly manipulative features of those social media platforms that seek to maximize the amount of time minors spend on the platforms~~. The~~, or persons seeking to recover on behalf of such an injured person. Based on the allegations described above, the Individual Plaintiffs bring various counts against Meta and others under applicable state law. Based on those claims, the Individual Plaintiffs generally seek to recover for direct harms an individual person experienced as a result of their social media addiction, including, *e.g.*, depression and anxiety, "social comparison," "the pressure of looks/behaviors," eating disorders, body dysmorphia, isolation, insecurity, and loneliness.

~~19.      The~~ Unlike the Individual Plaintiffs, the school district, local

9

government, and state attorney general plaintiffs (the "Government/School District

Plaintiffs") generally make similar factual allegations regarding the addictive

features of social media platforms and harmful effects on minors. They allege that

this widespread addiction constitutes a public nuisance and has saddled them with

financial burdens.

20.    The Social Media Lawsuits allege that Meta deliberately created

and/or designed social media platforms—Instagram and Facebook—that encourage

excessive use and addiction in children and adolescents to drive advertising revenue.

21.    The Social Media Lawsuits do not allege that the addictive features

of Instagram and Facebook were unexpected, independent, and unforeseen; rather,

both Individual Plaintiffs and the Government/School District Plaintiffs generally

allege that Meta intentionally designed its products to exploit vulnerabilities in

human psychology and intentionally developed and embedded addictive features in

Meta's platforms to maximize youth engagement.

22.    Both the Individual Plaintiffs and the Government/School District

Plaintiffs further allege that Meta was aware that use of Instagram and Facebook

caused harm to children and adolescents but ignored that harm. Many of the lawsuits

reference internal documents made public by whistleblower Frances Haugen, former

Facebook product manager, that reflect findings from Meta's researchers on body

image and mental health issues caused by minors' use of Instagram and Facebook.

23.21.    ~~Unlike the Individual Plaintiffs, the Government/School District Plaintiffs~~ are not (i) an injured person, (ii) seeking to recover on behalf of ~~an~~a specific alleged injured person, or (iii) an organization seeking to recover the costs of directly caring for any specific alleged injured person.

24.22.    Rather, based on the ~~Government/School District Plaintiffs~~allegations described above, the school districts and local governments bring various counts against Meta and others and generally seek to recover damages for aggregate increases in ~~the Government/School District Plaintiffs'~~ expenditures and operating costs necessitated by mass social media addiction in minors~~, including,~~ (*e.g.*, increased provision of anxiety and depression counseling, health services, community-based services, behavioral health services, and after-school programming; increases in staff to confiscate cell phones and communicate and engage with parents and guardians regarding students' attendance, mental health, and behavioral issues; and increased resources to investigate and prosecute crimes that allegedly result from use of the social media platforms~~.~~).

~~25.    Both Individual Plaintiffs and Government/School District Plaintiffs also allege that Meta violated the Children's Online Privacy Protection Act ("COPPA"), which regulates the conditions under which Defendants can collect, use, or disclose the personal information of children under 13.~~

~~26.    Specifically, Plaintiffs allege that Meta willfully failed to conduct~~

11

~~proper age verification and authentication of social media registrants, resulting in~~

~~rampant access to social media platforms by children under 13 and associated~~

~~collection of such children's data by Meta in violation of COPPA.~~

23.    Certain school district and/or local government plaintiffs allege that property has been damaged as a result of students' mental, emotional, and/or social problems caused by social media and/or participation in "challenge" videos circulated on social media.[2]  Those complaints, however, do not seek damages "because of" property damage, do not seek damages "because of" property damage purportedly caused by Meta, and/or do not seek damages "because of" property damage during the effective policy periods of the Hartford Policies.  In the MDL, the property damage allegations brought by the school district and/or local government plaintiffs have been dismissed, and the JCCP defendants' demurer to certain representative school district complaints was sustained in its entirety.

24.    The state attorneys general, for their part, generally seek disgorgement, civil penalties, injunctive relief, and other remedies based on their assertions that the acts and omissions of Meta and others violate consumer protection

---

[2]    The specific "challenge" videos identified in the Social Media Lawsuits are generally associated with social media platforms other than Facebook or Instagram and/or went viral during periods that post-date the Hartford policy periods.  Both the "devious licks" challenge and the "Blackout Challenge" discussed in Plaintiffs' First Amended Master Complaint (Local Government and School District) in the MDL, for instance, were "challenges" that went viral on Tik-Tok in 2021.

and privacy laws.

**B.**    <u>**The Hartford Policies**</u>

27.25.    As relevant here, Hartford Casualty issued to The Face Book Inc. as named insured Policy No. 57 SBA AW9679 DX, effective from October 1, 2004, to October 1, 2005 (the "2004-2005 Facebook Policy"); Policy No. 57 SBA AZ6549 SC, effective from October 1, 2005, to October 1, 2006 (the "2005-2006 Facebook Policy"); and Policy No. 57 SBQ RG7020 SC, effective from October 1, 2006, to October 1, 2007 (the "2006-2007 Facebook Policy") (collectively, the "Facebook Policies").

28.26.    As relevant here, Sentinel issued to Instagram a/k/a Burbn, Inc. as named insured Policy No. 57 SBA BB7385 SC, effective from December 19, 2011, to December 19, 2012 (the "Instagram Policy," and together with the Facebook Policies, the "Hartford Policies").

29.27.    Each of the Hartford Policies provides Business Liability coverage for "those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury', 'property damage' or 'personal and advertising injury' to which this insurance applies", subject to a per-occurrence limit of $1 million, a general aggregate limit of $2 million, and a products-/completed-operations aggregate limit of $2 million.

30.28.    The 2004-2005 Facebook Policy and 2005-2006 Facebook Policy

13

(at Business Liability Coverage Form SS 00 08 04 01) and the 2006-2007 Facebook Policy and the Instagram Policy (at Business Liability Cover Form SS 00 08 04 05) contain insuring agreements that state as follows (subject to certain non-substantive differences in formatting):

> **Insuring Agreement**
>
> **a.** We will pay . . . those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury" to which this insurance does not apply. . .
>
> . . . **b.** This insurance applies to:
>
> **(1)** "Bodily injury" and "property damage" only if:
>
> **(a)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and
>
> **(b)** The "bodily injury" or "property damage" occurs during the "policy period" . . .
>
> **(2)** "Personal and advertising injury" caused by an offense arising out of your business, but only if the offense is committed in the "coverage territory" during the policy period.

31.29.    The insuring agreements in the Business Liability Coverage Form in the 2006-2007 Facebook Policy and Instagram Policy further state that those policies do not cover damages because of "bodily injury" or "property damage" that

the insured knew, before the policy period, had occurred or begun to occur.

32.30.    The Business Liability Coverage Forms in the 2004-2005 Facebook Policy and the 2005-2006 Facebook Policy define "bodily injury" as "bodily injury, sickness or disease sustained by a person, including mental anguish or death resulting from any of these at any time," while the Business Liability Coverage Forms in the 2006-2007 Facebook Policy and Instagram Policy define "bodily injury" as "physical: a. Injury; b. Sickness; or c. Disease sustained by a person and, if arising out of the above, mental anguish or death at any time."

33.31.    The Business Liability Coverage Forms in all of the Hartford Policies define "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

32.    The Business Liability Coverage Forms in all of the Hartford Policies define "personal and advertising injury" to mean "injury, including consequential 'bodily injury', arising out of one or more . . . offenses[,]" including "[o]ral, written or electronic publication of material that violates a person's right of privacy" and "[d]iscrimination or humiliation that results in injury to the feelings or reputation of a natural person."

34.33.    Business Liability coverage under all the Hartford Policies is also subject to certain exclusions, including an exclusion for bodily injury that is expected or intended from the standpoint of the insured.

15

~~35.~~34.    That exclusion states:

This insurance does not apply to:

**a. Expected or Intended Injury**

**(1)** "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" or "property damage" resulting from the use of reasonable force to protect persons or property . . .

~~36.~~35.    The Business Liability Coverage Forms in the 2006-2007 Facebook Policy and the Instagram Policy also contain an exclusion for "Violation Of Statutes That Govern E-Mails, Fax, Phone Calls Or Other Methods Of Sending Material Or Information," which states:

This insurance does not apply to:

[ . . . ]

**t. Violation Of Statutes That Govern E-Mails, Fax, Phone Calls Or Other Methods Of Sending Material Or Information**

"Bodily injury", "property damage", "personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

[ . . . ]

(3) Any statute, ordinance or regulation other than the TCPA or CAN-SPAM Act of 2003, that prohibits or limits the sending, transmitting, communicating or distribution of material or information.

~~37.~~36.    In addition, each of the Facebook Policies contains an exclusion for "bodily injury", "property damage" or "personal and advertising injury" arising from the rendering or of failure to render any "professional service."

38.37.    That exclusion, as amended by the form titled "Technology Services Coverage (Limited)," states:

### B. EXCLUSIONS

### 1.    Applicable To Business Liability Coverage.

This insurance does not apply to:

[. . .]

### j.    Professional Services

"Bodily injury", "property damage" or "personal and advertising injury" due to the rendering of or failure to render any professional service.  This includes but is not limited to:

[. . . ]

**(11)** Computer consulting, design or programming services, including website design.

39.38.    The Instagram Policy has a nearly identical exclusion applicable to bodily injury, property damage or personal and advertising injury "arising out of the rendering of or failure to render any professional service[.]"

40.39.    The Business Liability Coverage Forms in all of the Hartford Policies exclude coverage for certain "personal and advertising injury," including "personal and advertising injury" arising out of (i) oral, written or electronic publication of material whose first publication took place before the beginning of the policy period; (ii) oral, written or electronic publication of material, if done by or at the direction of the insured with knowledge of its falsity; (iii) a criminal act committed by or at the direction of the insured; (iv) the failure of goods, products or

17

services to conform with any statement of quality or performance made in the insured's advertisement, (v) an offense committed by an insured whose business is designing or determining content of websites for others; (iii and/or an Internet search, access, content or service provider; (vi) an electronic chat room you host, ownor bulletin board the insured hosts, owns, or over which you exerciseit exercises control; (ivvii) the violation of a person's right of privacy created by any state or federal act; and/or (vviii) computer code, software, or programming used to enable your web site.

### C.  Disputes Concerning Hartford's Defense Obligations

40.      In response to Meta's notices to Hartford of the Social Media Lawsuits, Hartford, subject to a full reservation of rights, offered to participate in the defense of Meta under the Business Liability coverage part of the Hartford Policies for certain Social Media Lawsuits filed by Individual Plaintiffs.

41.      Hartford declined coverage for certain other Social Media Lawsuits filed by Individual Plaintiffs because, among other bases set forth in Hartford's reservation of rights letter, those Social Media Lawsuits were brought by Individual Plaintiffs that only used or could have used Instagram and/or Facebook after the end dates of the relevant Hartford Policy or Policies.

42.      Hartford's reservation of rights includes the right to withdraw from the defense of the Social Media Lawsuits, as appropriate; the right to recoup defense

18

fees under *Buss v. Super. Ct.*, 16 Cal. 4th 35 (1997); and the right to decline indemnity.

43.     Hartford declined coverage for the Social Media Lawsuits filed by Government/School District Plaintiffs because, along with other bases set forth in Hartford's reservation of rights letter, the Hartford Policies provide coverage for "sums that the insured becomes legally obligated to pay as damages because of 'bodily ~~injury' or~~injury,' 'property ~~damage,'~~damage' or 'personal and advertising injury'" and Hartford disagrees that the Government/School District Social Media Lawsuits seek damages "because of" bodily injury ~~and/or~~, property damage, and/or personal and advertising injury within the meaning of the Hartford Policies' insuring agreements.

44.     The Social Media Lawsuits filed by Government/School District Plaintiffs seek to recover for general, non-derivative economic losses and/or statutory violations that are not based on allegations that plaintiffs treated (or paid for treatment of) injuries to any specific individual or that they repaired (or paid for repair of) damage to specifically identified property, or that any such individualized injury or damage was specifically caused by the insured.

45.     Plaintiffs' First Amended Master Complaint (Local Government and School District) in the MDL, for instance, seeks to recover for increased expenditures by school districts and Local Government Plaintiffs related to

"addressing the mental health and behavior of impacted young people and providing education and support to young people, staff, parents, and Plaintiffs' communities," *e.g.*, increased provision of anxiety and depression counseling, health services, community-based services, behavioral-health services, and after-school programming; increases in staff to confiscate cell phones and communicate and engage with parents and guardians regarding students' attendance, mental health, and behavioral issues; and increased resources to investigate and prosecute crimes that result from use of the insured's platforms. Such damages are not damages "because of" bodily injury within the insuring agreements of the policies.

46.    On information and belief, Meta disputes Hartford's offer to participate in the defense of certain Social Media Lawsuits by Individual Plaintiffs under a reservation of rights and also disputes Hartford's denial of coverage for certain other Social Media Lawsuits by Individual Plaintiffs and the Social Media Lawsuits by Government/School District Plaintiffs.

## COUNT I:  DECLARATORY JUDGMENT

### (No Duty to Defend or Pay Defense Costs for Government/School District Social Media Lawsuits)

47.      Hartford reasserts and incorporates herein each allegation set forth in ¶¶ 1-46  above.

48.      An actual controversy exists between Hartford, on the one hand, and Meta on the other hand, regarding Hartford's duty to defend the Social Media Lawsuits brought by Government/School District Plaintiffs, the resolution of which will affect the interests of the Other Primary Insurers.

49.      The Hartford Policies provide coverage only for damages "because of" bodily injury or property damage.

50.      The Hartford Policies provide coverage only for "bodily injury" and "property damage" that occurs during the policy period.

51.      The Hartford Policies provide coverage only for "bodily injury" and "property damage" that results from an "occurrence."

52.      The Hartford Policies define "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions . . . ."

53.      The Social Media Lawsuits are based on Meta's deliberate acts in designing and marketing products that encourage excessive use and/or addiction in children and adolescents.  The Social Media Lawsuits allege that Meta intentionally

encourages youth to excessively use its platforms and leverages that usage to increase revenue, intentionally designed its products to addict children and adolescents, and concealed harmful effects that Instagram's and Facebook's design features have on children and adolescents.

54.    The Hartford Policies also contain various exclusions that may bar or limit coverage for the Social Media Lawsuits, discussed in ¶¶ 34-4033-39, above.

55.    There is no defense coverage for some or all of the Social Media Lawsuits brought by Government/School District Plaintiffs under the Hartford Policies for some or all of the following reasons:

    a. Some or all of the Social Media Lawsuits brought by Government/School District Plaintiffs do not allege an "occurrence" as required by the insuring agreements of the Hartford Policies because they are based on allegations regarding Meta's deliberate and intentional acts in designing and marketing products to encourage excessive use by and/or addict children and adolescents;

    b. Some or all of the Social Media Lawsuits brought by Government/School District Plaintiffs do not allege or seek damages "because of" bodily injury, property damage, or personal and advertising injury within the meaning of the Hartford Policies' insuring agreements;

c.  Some or all of the Social Media Lawsuits brought by Government/School District Plaintiffs do not allege or seek damages because of "bodily injury," "property damage," or "personal and advertising injury" as those terms are defined in the Hartford Policies;

d.  Some or all of the Social Media Lawsuits brought by Government/School District Plaintiffs allege bodily injury or property damage, or offenses causing personal and advertising injury, only outside the policy periods covered by the Hartford Policies;

e.  Some or all of the Social Media Lawsuits brought by Government/School District Plaintiffs allege injury expected or intended ~~injury~~by the insured;

f.  Some or all of the Social Media Lawsuits brought by Government/School District Plaintiffs allege injury arising from violations of statutes that govern e-mails, fax, phone calls or other methods of sending material or information within the meaning of those exclusions; and/or

g.  Some or all of the Social Media Lawsuits brought by Government/School District Plaintiffs allege injury due to the insured's rendering of or failure to render "Professional Services"; and/or

h.  Some or all of the Social Media Lawsuits brought by

23

Government/School District Plaintiffs seek equitable relief in the form of nuisance abatement or other forms of relief that are not covered as damages or otherwise insurable under the Hartford Policies.

56.     There exists an actual, ripe, and justiciable controversy between the parties concerning insurance coverage under the Hartford Policies for the defense of the Social Media Lawsuits brought by Government/School District Plaintiffs.

57.     Hartford is entitled to a declaration that under the terms, conditions, and exclusions of Hartford Policies, it has no duty to defend or pay the cost of defending Meta against the Social Media Lawsuits brought by Government/School District Plaintiffs.

**COUNT II: DECLARATORY JUDGMENT**

**(No Duty to Defend or Pay Defense Costs for
Individual Social Media Lawsuits )**

58.     Hartford reasserts and incorporates herein each allegation set forth in ¶¶ 1-57 above.

59.     An actual controversy exists between Hartford, on the one hand, and Meta on the other hand, regarding Hartford's duty to defend the Social Media Lawsuits brought by Individual Plaintiffs, the resolution of which may or will affect the interests of the Other Primary Insurers.

60.     The Hartford Policies provide coverage only for damages because of "bodily injury," "property damage," or "personal and advertising injury" as those

24

terms are defined in the Hartford Policies;

61.     The Hartford Policies provide coverage only for "bodily injury" and "property damage" that occurs during the policy period.

62.     The Hartford Policies provide coverage only for "bodily injury" and "property damage" that results from an "occurrence."

63.     The Hartford Policies define "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions . . . ."

64.     The Social Media Lawsuits are based on Meta's deliberate acts in designing and marketing products that encourage excessive use and/or addiction in children and adolescents.  The Social Media Lawsuits allege that Meta intentionally encourages youth to excessively use its platforms and leverages that usage to increase revenue, intentionally designed its products to addict children and adolescents, and concealed harmful effects that Instagram's and Facebook's design features have on children and adolescents.

65.     The Hartford Policies also contain various exclusions that may bar or limit coverage for the Social Media Lawsuits, discussed in ¶¶ 34-4033-39, above.

66.     There is no defense coverage for some or all of the Social Media Lawsuits brought by Individual Plaintiffs under the Hartford Policies for some or all of the following reasons:

a. Some or all of the Social Media Lawsuits brought by Individual Plaintiffs do not allege an "occurrence" as required by the insuring agreements of the Hartford Policies because they are based on allegations regarding Meta's deliberate and intentional acts in designing and marketing products to encourage excessive use by and/or addict children and adolescents;

b. Some or all of the Social Media Lawsuits brought by Individual Plaintiffs do not allege or seek damages because of "bodily injury," "property damage," or "personal and advertising injury" as those terms are defined in the Hartford Policies;

c. Some or all of the Social Media Lawsuits brought by Individual Plaintiffs allege bodily injury or property damage, or offenses causing personal and advertising injury, only outside the policy periods covered by the Hartford Policies;

d. Some or all of the Social Media Lawsuits brought by Individual Plaintiffs allege injury expected or intended injuryby the insured;

e. Some or all of the Social Media Lawsuits brought by Individual Plaintiffs allege injury arising from violations of statutes that govern e-mails, fax, phone calls or other methods of sending material or information within the meaning of those exclusions;

26

    f.   Some or all of the Social Media Lawsuits brought by Individual Plaintiffs allege injury due to the insured's rendering of or failure to render "Professional Services"; and/or

    g.   Some or all of the Social Media Lawsuits brought by Individual Plaintiffs seek equitable relief in the form of nuisance abatement or other forms of relief that are not covered as damages or otherwise insurable under the Hartford Policies.

67.    There exists an actual, ripe, and justiciable controversy between the parties concerning insurance coverage under the Hartford Policies for the defense of the Social Media Lawsuits brought by Individual Plaintiffs.

68.    Hartford is entitled to a declaration that under the terms, conditions, and exclusions of Hartford Policies, it has no duty to defend or pay the cost of defending Meta against the Social Media Lawsuits brought by Individual Plaintiffs for one or more of the reasons set forth in ¶ 66 above.

## COUNT III: DECLARATORY JUDGMENT

**(In the Alternative, No Duty to Defend or Pay Defense Costs for Individual Social Media Lawsuits That Do Not Allege Use During Harford's Policy Periods)**

69.    Hartford reasserts and incorporates herein each allegation set forth in ¶¶ 1-68 above.

70.    To the extent the Court denies Count II, Hartford seeks a declaration that it has no duty to defend any Social Media Lawsuits brought by Individual Plaintiffs that fall outside the scope of coverage.

71.    Hartford disagrees that the use of Instagram and/or Facebook isduring the policy period is alone sufficient to trigger coverage under the Primary Policies, which apply, as relevant here, only where an "occurrence" causes "bodily injury" (or "property damage")" occurs during the policy period (and is caused by an "occurrence"), or an offense (resulting in "personal and advertising injury"") occurs during the policy period.

72.    Even to the extent that Meta disagrees, however, there can be no coverage for Social Media Lawsuits brought by Individual Plaintiffs that only used or only could have used Instagram and/or Facebook after the end dates of the relevant Hartford Policy or Policies.

73.    Accordingly, there is no defense coverage for some or all of the Social Media Lawsuits brought by Individual Plaintiffs under the Hartford Policies

28

for some or all of the following reasons:

    a. Some ~~or all~~ of the Social Media Lawsuits brought by Individual Plaintiffs allege use of Instagram and/or Facebook only after the expiration of the relevant Hartford Policy or Policies;

    b. Some ~~or all~~ of the Social Media Lawsuits brought by Individual Plaintiffs do not allege particular dates of use of Instagram and/or Facebook but are brought by Individual Plaintiffs who were born after the end date of the relevant Hartford Policy or Policies; and/or

    c. Some ~~or all~~ of the Social Media Lawsuits brought by Individual Plaintiffs do not allege particular dates of use of Instagram and/or Facebook but are brought by Individual Plaintiffs whose dates of birth and the allegations in their short form complaints demonstrate that there is no possibility that they could have used Instagram and/or Facebook until after the end date of the relevant Hartford Policy or Policies.

74.     There exists an actual, ripe, and justiciable controversy between the parties concerning the scope of defense coverage required to be provided under the terms, conditions, and exclusions of each of the Hartford Policies.  Hartford is entitled to a declaratory judgment regarding the scope and amount of its defense coverage obligations to Meta against the Social Media Lawsuits brought by Individual Plaintiffs for one or more of the reasons set forth in ¶ 73 above.

## **PRAYER FOR RELIEF**

WHEREFORE, Hartford respectfully request that the Court enter the following relief:

A.    A declaration that Hartford has no duty to defend or pay the costs to defend Meta in the Social Media Lawsuits brought by Government/School District Plaintiffs because any alleged "bodily injury" or "property damage" did not arise from an "occurrence," the damages alleged in those lawsuits are not damages "because of" "bodily injury," or "property damage," those lawsuits do not allege "bodily injury," or "property damage" within the relevant policy period(s), and/or for any of the other reasons set forth in ¶ 55 above;

B.    A declaration that Hartford has no duty to defend or pay the costs to defend Meta in the Social Media Lawsuits brought by Individual Plaintiffs because any alleged "bodily injury" or "property damage" did not arise from an "occurrence," those lawsuits do not allege "bodily injury," "property damage," or "personal and advertising injury" as those terms are defined in the Hartford Policies, and/or for any of the other reasons set forth in ¶ 66 above;

C.    A declaration that Hartford has no duty to defend or pay the costs to defend Meta in the Social Media Lawsuits brought by Individual

30

Plaintiffs to the extent those Individual Plaintiffs do not allege use of Instagram and/or Facebook during the relevant policy periods, were not born before the relevant policies expired, and/or their complaints do not potentially allege use of Instagram and/or Facebook before the relevant policies expired; and

D.     Such other relief as this Court may deem just and proper.

Dated: ~~November 1~~December 18, 2024

OF COUNSEL:

**RUGGERI PARKS WEINBERG LLP**
James P. Ruggeri
(*pro hac vice forthcoming*)
Sara K. Hunkler
(*pro hac vice forthcoming*)
1875 K Street, Suite 600
Washington, DC 20006-125
Telephone: (202) 984-1400
Facsimile: (202) 984-1401
jruggeri@ruggerilaw.com
shunkler@ruggerilaw.com

**BAYARD, P.A.**

*/s/ Emily L. Skaug*
Thad J. Bracegirdle (No. 3691)
Sarah T. Andrade (No. 6157)
Emily L. Skaug (No. 6921)
600 N. King St., Suite 400
Wilmington, Delaware 19801
(302) 655-5000
tbracegirdle@bayardlaw.com
sandrade@bayardlaw.com
eskaug@bayardlaw.com

*Attorneys for Plaintiffs Hartford Casualty Insurance Company and Sentinel Insurance Company, Ltd.*

EFiled: Dec 18 2024 04:21PM EST
Transaction ID 75260921
Case No. N24C-11-010 SKR CCLD



# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

HARTFORD CASUALTY INSURANCE
COMPANY and SENTINEL INSURANCE
COMPANY, LTD.,

                Plaintiffs,

        v.

INSTAGRAM, LLC as successor in interest
to Instagram a/k/a Burbn, Inc.;  META
PLATFORMS, INC. f/k/a TheFacebook Inc.
d/b/a The Face Book, Inc.;  FEDERAL
INSURANCE COMPANY;  OLD
REPUBLIC INSURANCE COMPANY;
STARR INDEMNITY AND LIABILITY
COMPANY; and ZURICH AMERICAN
INSURANCE COMPANY,

                Defendants.

            C.A. No.: N24C-11-010 SKR CCLD

## **PRAECIPE**

TO:   Prothonotary
       Superior Court of the State of Delaware
       Leonard L. Williams Justice Center
       500 North King Street
       Wilmington, Delaware 19801

PLEASE ISSUE a Summons in the form attached hereto to the Sheriff of New

Castle County for service of process upon Defendant Instagram, LLC as successor

in interest to Instagram a/k/a Burbn, Inc., pursuant to 6 *Del. C.* § 18-105, through its

registered agent at the following address:

       Instagram, LLC

c/o Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

PLEASE ISSUE a Summons in the form attached hereto to the Sheriff of New Castle County for service of process upon Defendant Meta Platforms, Inc. f/k/a TheFacebook Inc. d/b/a The Face Book, pursuant to 8 *Del. C.* § 321, through its registered agent at the following address:

Meta Platforms, Inc.
c/o Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

PLEASE ISSUE Summons in the form attached hereto for service of process on the below named Defendants pursuant to 10 *Del. C.* § 3104. Counsel for Plaintiffs Hartford Casualty Insurance Company and Sentinel Insurance Company, Ltd. will serve the Summonses and Complaint upon the below-named Defendants by certified mail, return receipt requested, by serving it at the following addresses:

- **Federal Insurance Company**
  c/o an officer, a managing or general agent
  202B Hall's Mill Road
  Whitehouse Station, NJ 08889

  and

  c/o an officer, a managing or general agent
  251 North Illinois Suite 1100,
  Indianapolis, Indiana, 46204

  and
  c/o C T Corporation System

2

334 North Senate Avenue,
Indianapolis, Indiana, 46204

- **Old Republic Insurance Company**
  c/o an officer, a managing or general agent
  631 Excel Drive, Suite 200
  Mt Pleasant, PA 15666

- **Starr Indemnity and Liability Company**
  c/o an officer, a managing or general agent
  8401 N. Central Expressway, #890
  Dallas, Texas 75225

  and

  c/o an officer, a managing or general agent
  399 Park Avenue, 2nd Floor
  New York, NY 10022

- **Zurich American Insurance Company**
  c/o an officer, a managing or general agent
  Four World Trade Center,
  150 Greenwich St.
  New York, NY 10007

  and

  c/o an officer, a managing or general agent
  1299 Zurich Way ZAIC
  Schaumburg, IL 60196

PLEASE ISSUE SUMMONS to the Sheriff of Kent County, and direct the

Sheriff to serve two (2) copies of the Summons, Praecipe, and Complaint on the

below-named Defendants by service on the Commissioner of Insurance, State of

Delaware, 841 Silver Lake Boulevard, Dover, DE 19901, in accordance with 18 *Del.*

3

*C.* § 525. At the time of service, the Sheriff will deliver a check made payable to the

Commissioner of Insurance in the amount of $100.00, representing the required fee:

- Federal Insurance Company

- Old Republic Insurance Company

- Starr Indemnity and Liability Company

- Zurich American Insurance Company

Dated: December 18, 2024                    **BAYARD, P.A.**

*/s/ Emily L. Skaug*
Thad J. Bracegirdle (#3691)
Sarah T. Andrade (#6157)
Emily L. Skaug (#6921)
600 North King Street, Suite 400
Wilmington, Delaware 19801
(302) 655-5000

*Attorneys for Plaintiffs*

EFiled: Dec 18 2024 04:21PM EST
Transaction ID 75260921
Case No. N24C-11-010 SKR CCLD

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |
|---|---|
| HARTFORD CASUALTY INSURANCE COMPANY and SENTINEL INSURANCE COMPANY, LTD., <br><br> Plaintiffs, <br><br> v. <br><br> INSTAGRAM, LLC as successor in interest to Instagram a/k/a Burbn, Inc.; META PLATFORMS, INC. f/k/a TheFacebook Inc. d/b/a The Face Book, Inc.; FEDERAL INSURANCE COMPANY; OLD REPUBLIC INSURANCE COMPANY; STARR INDEMNITY AND LIABILITY COMPANY; and ZURICH AMERICAN INSURANCE COMPANY, <br><br> Defendants. | C.A. No.: N24C-11-010-SKR CCLD |

## SUMMONS

**TO THE STATE OF DELAWARE,**
**SHERIFF OF KENT COUNTY:**
**YOU ARE COMMANDED:**

To summon the above-named Defendant, Federal Insurance Company so that, within 20 days after service hereof, exclusive of the day of service, Defendant shall serve upon Plaintiff's attorney, Thad J. Bracegirdle, whose address is Bayard, P.A., 600 North King Street, Suite 400, Wilmington, Delaware 19801, an answer to the Complaint.

To serve upon Defendant a copy hereof and of the Complaint.

Dated: _____        _____
                                       Prothonotary

                                       _____
                                       Per Deputy


**TO THE ABOVE-NAMED DEFENDANT:**

In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on Plaintiff's attorney named above an answer to the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

Dated: _____        _____
                                       Prothonotary

                                       _____
                                       Per Deputy

2

EFiled: Dec 18 2024 04:21PM EST
Transaction ID 75260921
Case No. N24C-11-010 SKR CCLD

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

HARTFORD CASUALTY INSURANCE
COMPANY and SENTINEL INSURANCE
COMPANY, LTD.,

        Plaintiffs,

        v.

INSTAGRAM, LLC as successor in interest
to Instagram a/k/a Burbn, Inc.;  META
PLATFORMS, INC. f/k/a TheFacebook Inc.
d/b/a The Face Book, Inc.;  FEDERAL
INSURANCE COMPANY;  OLD
REPUBLIC INSURANCE COMPANY;
STARR INDEMNITY AND LIABILITY
COMPANY; and ZURICH AMERICAN
INSURANCE COMPANY,

        Defendants.

C.A. No.: N24C-11-010-SKR CCLD

## SUMMONS

**TO THE STATE OF DELAWARE,
PLAINTIFFS' COUNSEL:
YOU ARE COMMANDED:**

    To summon the above-named Defendant, Federal Insurance Company so that, within 20 days after service hereof, exclusive of the day of service, Defendant shall serve upon Plaintiff's attorney, Thad J. Bracegirdle, whose address is Bayard, P.A., 600 North King Street, Suite 400, Wilmington, Delaware 19801, an answer to the Complaint.

    To serve upon Defendant a copy hereof and of the Complaint.

Dated: _____          _____
                                        Prothonotary

                                        _____
                                        Per Deputy


**TO THE ABOVE-NAMED DEFENDANT:**

      In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on Plaintiff's attorney named above an answer to the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

Dated: _____          _____
                                        Prothonotary

                                        _____
                                        Per Deputy

EFiled: Dec 18 2024 04:21PM EST
Transaction ID 75260921
Case No. N24C-11-010 SKR CCLD

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| HARTFORD CASUALTY INSURANCE COMPANY and SENTINEL INSURANCE COMPANY, LTD., | |
| Plaintiffs, | |
| v. | C.A. No.: N24C-11-010-SKR CCLD |
| INSTAGRAM, LLC as successor in interest to Instagram a/k/a Burbn, Inc.; META PLATFORMS, INC. f/k/a TheFacebook Inc. d/b/a The Face Book, Inc.; FEDERAL INSURANCE COMPANY; OLD REPUBLIC INSURANCE COMPANY; STARR INDEMNITY AND LIABILITY COMPANY; and ZURICH AMERICAN INSURANCE COMPANY, | |
| Defendants. | |

### SUMMONS

**TO THE STATE OF DELAWARE,**
**SHERIFF OF NEW CASTLE COUNTY:**
**YOU ARE COMMANDED:**

To summon the above-named Defendant, Instagram, LLC as successor in interest to Instagram a/k/a Burbn, Inc., so that, within 20 days after service hereof, exclusive of the day of service, Defendant shall serve upon Plaintiff's attorney, Thad J. Bracegirdle, whose address is Bayard, P.A., 600 North King Street, Suite 400, Wilmington, Delaware 19801, an answer to the Complaint.

To serve upon Defendant a copy hereof and of the Complaint.

Dated: _____     _____
                                    Prothonotary

                                    _____
                                    Per Deputy


**TO THE ABOVE-NAMED DEFENDANT:**

      In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on Plaintiff's attorney named above an answer to the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

Dated: _____     _____
                                    Prothonotary

                                    _____
                                    Per Deputy

EFiled:  Dec 18 2024 04:21PM EST
Transaction ID 75260921
Case No. N24C-11-010 SKR CCLD

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

HARTFORD CASUALTY INSURANCE
COMPANY and SENTINEL INSURANCE
COMPANY, LTD.,

               Plaintiffs,

     v.

INSTAGRAM, LLC as successor in interest
to Instagram a/k/a Burbn, Inc.;  META
PLATFORMS, INC. f/k/a TheFacebook Inc.
d/b/a The Face Book, Inc.;  FEDERAL
INSURANCE COMPANY;  OLD
REPUBLIC INSURANCE COMPANY;
STARR INDEMNITY AND LIABILITY
COMPANY; and ZURICH AMERICAN
INSURANCE COMPANY,

               Defendants.

C.A. No.: N24C-11-010-SKR CCLD

## <u>SUMMONS</u>

**TO THE STATE OF DELAWARE,**
**SHERIFF OF NEW CASTLE COUNTY:**
**YOU ARE COMMANDED:**

     To summon the above-named Defendant, Meta Platforms, Inc. f/k/a TheFacebook Inc. d/b/a The Face Book, so that, within 20 days after service hereof, exclusive of the day of service, Defendant shall serve upon Plaintiff's attorney, Thad J. Bracegirdle, whose address is Bayard, P.A., 600 North King Street, Suite 400, Wilmington, Delaware 19801, an answer to the Complaint.

     To serve upon Defendant a copy hereof and of the Complaint.

Dated: _____          _____
                                        Prothonotary

                                        _____
                                        Per Deputy


**TO THE ABOVE-NAMED DEFENDANT:**

In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on Plaintiff's attorney named above an answer to the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

Dated: _____          _____
                                        Prothonotary

                                        _____
                                        Per Deputy

EFiled:  Dec 18 2024 04:21PM EST
Transaction ID 75260921
Case No. N24C-11-010 SKR CCLD

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

HARTFORD CASUALTY INSURANCE
COMPANY and SENTINEL INSURANCE
COMPANY, LTD.,

               Plaintiffs,

      v.

INSTAGRAM, LLC as successor in interest
to Instagram a/k/a Burbn, Inc.;  META
PLATFORMS, INC. f/k/a TheFacebook Inc.
d/b/a The Face Book, Inc.;  FEDERAL
INSURANCE COMPANY;  OLD
REPUBLIC INSURANCE COMPANY;
STARR INDEMNITY AND LIABILITY
COMPANY; and ZURICH AMERICAN
INSURANCE COMPANY,

               Defendants.

C.A. No.: N24C-11-010-SKR CCLD

## SUMMONS

**TO THE STATE OF DELAWARE,
SHERIFF OF KENT COUNTY:
YOU ARE COMMANDED:**

     To summon the above-named Defendant, Old Republic Insurance Company, so that, within 20 days after service hereof, exclusive of the day of service, Defendant shall serve upon Plaintiff's attorney, Thad J. Bracegirdle, whose address is Bayard, P.A., 600 North King Street, Suite 400, Wilmington, Delaware 19801, an answer to the Complaint.

     To serve upon Defendant a copy hereof and of the Complaint.

Dated: _____        _____

                                        Prothonotary

                                        _____

                                        Per Deputy


**TO THE ABOVE-NAMED DEFENDANT:**

In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on Plaintiff's attorney named above an answer to the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

Dated: _____        _____

                                        Prothonotary

                                        _____

                                        Per Deputy

EFiled: Dec 18 2024 04:21PM EST
Transaction ID 75260921
Case No. N24C-11-010 SKR CCLD

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

HARTFORD CASUALTY INSURANCE
COMPANY and SENTINEL INSURANCE
COMPANY, LTD.,

        Plaintiffs,

    v.

INSTAGRAM, LLC as successor in interest
to Instagram a/k/a Burbn, Inc.;  META
PLATFORMS, INC. f/k/a TheFacebook Inc.
d/b/a The Face Book, Inc.;  FEDERAL
INSURANCE COMPANY;  OLD
REPUBLIC INSURANCE COMPANY;
STARR INDEMNITY AND LIABILITY
COMPANY; and ZURICH AMERICAN
INSURANCE COMPANY,

        Defendants.

C.A. No.: N24C-11-010-SKR CCLD

## SUMMONS

**TO THE STATE OF DELAWARE,
PLAINTIFFS' COUNSEL:
YOU ARE COMMANDED:**

To summon the above-named Defendant, Old Republic Insurance Company,
so that, within 20 days after service hereof, exclusive of the day of service,
Defendant shall serve upon Plaintiff's attorney, Thad J. Bracegirdle, whose address
is Bayard, P.A., 600 North King Street, Suite 400, Wilmington, Delaware 19801, an
answer to the Complaint.

To serve upon Defendant a copy hereof and of the Complaint.

Dated: _____          _____
                                        Prothonotary

                                        _____
                                        Per Deputy


**TO THE ABOVE-NAMED DEFENDANT:**

In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on Plaintiff's attorney named above an answer to the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

Dated: _____          _____
                                        Prothonotary

                                        _____
                                        Per Deputy

EFiled: Dec 18 2024 04:21PM EST
Transaction ID 75260921
Case No. N24C-11-010 SKR CCLD

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |
|---|---|
| HARTFORD CASUALTY INSURANCE COMPANY and SENTINEL INSURANCE COMPANY, LTD.,<br><br>       Plaintiffs,<br><br>       v.<br><br>INSTAGRAM, LLC as successor in interest to Instagram a/k/a Burbn, Inc.; META PLATFORMS, INC. f/k/a TheFacebook Inc. d/b/a The Face Book, Inc.; FEDERAL INSURANCE COMPANY; OLD REPUBLIC INSURANCE COMPANY; STARR INDEMNITY AND LIABILITY COMPANY; and ZURICH AMERICAN INSURANCE COMPANY,<br><br>       Defendants. | C.A. No.: N24C-11-010-SKR CCLD |

## SUMMONS

**TO THE STATE OF DELAWARE,
SHERIFF OF KENT COUNTY:
YOU ARE COMMANDED:**

To summon the above-named Defendant, Starr Indemnity and Liability Company, so that, within 20 days after service hereof, exclusive of the day of service, Defendant shall serve upon Plaintiff's attorney, Thad J. Bracegirdle, whose address is Bayard, P.A., 600 North King Street, Suite 400, Wilmington, Delaware 19801, an answer to the Complaint.

To serve upon Defendant a copy hereof and of the Complaint.

Dated: _____    _____
                                  Prothonotary

                                  _____
                                  Per Deputy


**TO THE ABOVE-NAMED DEFENDANT:**

In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on Plaintiff's attorney named above an answer to the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

Dated: _____    _____
                                  Prothonotary

                                  _____
                                  Per Deputy

EFiled:  Dec 18 2024 04:21PM EST
Transaction ID 75260921
Case No. N24C-11-010 SKR CCLD

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

HARTFORD CASUALTY INSURANCE
COMPANY and SENTINEL INSURANCE
COMPANY, LTD.,

                Plaintiffs,

      v.

INSTAGRAM, LLC as successor in interest
to Instagram a/k/a Burbn, Inc.;  META
PLATFORMS, INC. f/k/a TheFacebook Inc.
d/b/a The Face Book, Inc.;  FEDERAL
INSURANCE COMPANY;  OLD
REPUBLIC INSURANCE COMPANY;
STARR INDEMNITY AND LIABILITY
COMPANY; and ZURICH AMERICAN
INSURANCE COMPANY,

                Defendants.

C.A. No.: N24C-11-010-SKR CCLD

## SUMMONS

**TO THE STATE OF DELAWARE,**
**PLAINTIFFS' COUNSEL:**
**YOU ARE COMMANDED:**

To summon the above-named Defendant, Starr Indemnity and Liability
Company, so that, within 20 days after service hereof, exclusive of the day of
service, Defendant shall serve upon Plaintiff's attorney, Thad J. Bracegirdle, whose
address is Bayard, P.A., 600 North King Street, Suite 400, Wilmington, Delaware
19801, an answer to the Complaint.

To serve upon Defendant a copy hereof and of the Complaint.

Dated: _____     _____
                                        Prothonotary

                                        _____
                                        Per Deputy


**TO THE ABOVE-NAMED DEFENDANT:**

In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on Plaintiff's attorney named above an answer to the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

Dated: _____     _____
                                        Prothonotary

                                        _____
                                        Per Deputy

2

EFiled: Dec 18 2024 04:21PM EST
Transaction ID 75260921
Case No. N24C-11-010 SKR CCLD

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| HARTFORD CASUALTY INSURANCE COMPANY and SENTINEL INSURANCE COMPANY, LTD., <br><br> Plaintiffs, <br><br> v. <br><br> INSTAGRAM, LLC as successor in interest to Instagram a/k/a Burbn, Inc.;  META PLATFORMS, INC. f/k/a TheFacebook Inc. d/b/a The Face Book, Inc.;  FEDERAL INSURANCE COMPANY;  OLD REPUBLIC INSURANCE COMPANY; STARR INDEMNITY AND LIABILITY COMPANY; and ZURICH AMERICAN INSURANCE COMPANY, <br><br> Defendants. | C.A. No.: N24C-11-010-SKR CCLD |

## SUMMONS

**TO THE STATE OF DELAWARE,**
**PLAINTIFFS' COUNSEL:**
**YOU ARE COMMANDED:**

To summon the above-named Defendant, Zurich American Insurance Company, so that, within 20 days after service hereof, exclusive of the day of service, Defendant shall serve upon Plaintiff's attorney, Thad J. Bracegirdle, whose address is Bayard, P.A., 600 North King Street, Suite 400, Wilmington, Delaware 19801, an answer to the Complaint.

To serve upon Defendant a copy hereof and of the Complaint.

Dated: _____        _____

                                       Prothonotary

                                       _____

                                       Per Deputy


**TO THE ABOVE-NAMED DEFENDANT:**

      In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on Plaintiff's attorney named above an answer to the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

Dated: _____        _____

                                       Prothonotary

                                       _____

                                       Per Deputy

EFiled: Dec 18 2024 04:21PM EST
Transaction ID 75260921
Case No. N24C-11-010 SKR CCLD

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| HARTFORD CASUALTY INSURANCE COMPANY and SENTINEL INSURANCE COMPANY, LTD., | |
| Plaintiffs, | |
| v. | C.A. No.: N24C-11-010-SKR CCLD |
| INSTAGRAM, LLC as successor in interest to Instagram a/k/a Burbn, Inc.; META PLATFORMS, INC. f/k/a TheFacebook Inc. d/b/a The Face Book, Inc.; FEDERAL INSURANCE COMPANY; OLD REPUBLIC INSURANCE COMPANY; STARR INDEMNITY AND LIABILITY COMPANY; and ZURICH AMERICAN INSURANCE COMPANY, | |
| Defendants. | |

## SUMMONS

**TO THE STATE OF DELAWARE,**
**PLAINTIFFS' COUNSEL:**
**YOU ARE COMMANDED:**

To summon the above-named Defendant, Zurich American Insurance Company, so that, within 20 days after service hereof, exclusive of the day of service, Defendant shall serve upon Plaintiff's attorney, Thad J. Bracegirdle, whose address is Bayard, P.A., 600 North King Street, Suite 400, Wilmington, Delaware 19801, an answer to the Complaint.

To serve upon Defendant a copy hereof and of the Complaint.

Dated: _____          _____
                                          Prothonotary

                                          _____
                                          Per Deputy


**TO THE ABOVE-NAMED DEFENDANT:**

      In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on Plaintiff's attorney named above an answer to the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

Dated: _____          _____
                                          Prothonotary

                                          _____
                                          Per Deputy

**SUPERIOR COURT**
**CIVIL CASE INFORMATION STATEMENT (CIS)**

EFILED Dec 10 2024 07:49PM EST
Transaction ID 75288440
Case No. N24C-11-010 SKR CCLD

| | |
|---|---|
| COUNTY:   New Castle County | CIVIL ACTION NUMBER: N24C-11-010 SKR CCLD |

| | |
|---|---|
| Caption:<br>HARTFORD CASUALTY INSURANCE COMPANY and SENTINEL INSURANCE COMPANY, LTD.,<br><br>Plaintiffs,<br><br>v.<br><br>INSTAGRAM, LLC as successor in interest to Instagram a/k/a Burbn, Inc.; META PLATFORMS, INC. f/k/a TheFacebook Inc. d/b/a The Face Book, Inc.; FEDERAL INSURANCE COMPANY; OLD REPUBLIC INSURANCE COMPANY; STARR INDEMNITY AND LIABILITY COMPANY; and ZURICH AMERICAN INSURANCE COMPANY,<br><br>Defendants. | Civil Case Code:   CCLD_____<br><br>Civil Case Type: Complex Commercial Litigation Division<br>(SEE REVERSE SIDE FOR CODE AND TYPE)<br><br>MANDATORY NON-BINDING ARBITRATION (MNA): N/A<br><br>Name and Status of Party filing document:<br>Defendant, Counterclaimant, Cross Claimant, and Third-Party Plaintiff, Federal Insurance Company; Third-Party Plaintiffs Westchester Surplus Lines Insurance Company, Westchester Fire Insurance Company, and ACE Property and Casualty Insurance Company<br><br>Document Type:(E.G.; COMPLAINT; ANSWER WITH COUNTERCLAIM)<br><br>Answer, Defenses, Counterclaims, and Cross-Claims to Plaintiffs' Amended Complaint and Third-Party Complaint<br><br>JURY DEMAND:   YES **X**____ NO _____ |
| FEDERAL INSURANCE COMPANY<br><br>Defendant and Counterclaim/Cross-claim/Third-Party Plaintiff,<br><br>and,<br><br>WESTCHESTER SURPLUS LINES INSURANCE COMPANY, WESTCHESTER FIRE INSURANCE COMPANY; and ACE PROPERTY AND CASUALTY INSURANCE COMPANY<br><br>Third-Party Plaintiffs,<br><br>v.<br><br>HARTFORD CASUALTY INSURANCE COMPANY; SENTINEL INSURANCE COMPANY, LTD.; INSTAGRAM, LLC as successor in interest to Instagram a/k/a Burbn, Inc.; META PLATFORMS, INC. f/k/a TheFacebook Inc. d/b/a The Face Book, Inc.; OLD REPUBLIC INSURANCE COMPANY; STARR INDEMNITY AND LIABILITY COMPANY; ZURICH AMERICAN INSURANCE COMPANY; ALLIANZ GLOBAL CORPORATE & SPECIALTY SE; ARCH INSURANCE COMPANY; ARGO GROUP US; ASPEN AMERICAN INSURANCE COMPANY; CANOPIUS US INSURANCE, INC.; ENDURANCE AMERICAN SPECIALTY; FIREMANS FUND INDEMNITY CORPORATION; GEMINI INSURANCE COMPANY; GREAT AMERICAN INSURANCE COMPANY; GREAT AMERICAN SPIRIT INSURANCE COMPANY; INTERSTATE FIRE & CASUALTY COMPANY; IRONSHORE UK; LIBERTY MUTUAL INSURANCE EUROPE LTD.; THE LONDON MARKET INSURERS; NATIONAL FIRE & MARINE INSURANCE COMPANY; NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA; RSUI INDEMNITY COMPANY; STARR SURPLUS LINES INSURANCE COMPANY; STARSTONE SPECIALTY INSURANCE COMPANY; STEADFAST INSURANCE COMPANY; XL INSURANCE AMERICA. INC.,<br><br>Defendants. | |

ATTORNEY NAME(S):

 Stamatios Stamoulis

ATTORNEY ID(S):

 4606

FIRM NAME:

 Stamoulis & Weinblatt LLC

ADDRESS:

800 N. West Street, Third Floor

Wilmington, DE 19801

TELEPHONE NUMBER:

(302) 999-1540

FAX NUMBER:

(302) 762-1688

E-MAIL ADDRESS:

stamoulis@swdelaw.com

IDENTIFY ANY RELATED CASES NOW PENDING IN THE SUPERIOR COURT OR ANY RELATED CASES THAT HAVE BEEN CLOSED IN THIS COURT WITHIN THE LAST TWO YEARS BY CAPTION AND CIVIL ACTION NUMBER INCLUDING JUDGE'S INITIALS:

N/A

EXPLAIN THE RELATIONSHIP(S):

N/A

OTHER UNUSUAL ISSUES THAT AFFECT CASE MANAGEMENT:

 N/A

(IF ADDITIONAL SPACE IS NEEDED, PLEASE ATTACH PAGE)

**THE PROTHONOTARY WILL NOT PROCESS THE COMPLAINT, ANSWER, OR FIRST RESPONSIVE PLEADING IN THIS MATTER FOR SERVICE UNTIL THE CASE INFORMATION STATEMENT (CIS) IS FILED. THE FAILURE TO FILE THE CIS AND HAVE THE PLEADING PROCESSED FOR SERVICE MAY RESULT IN THE DISMISSAL OF THE COMPLAINT OR MAY RESULT IN THE ANSWER OR FIRST RESPONSIVE PLEADING BEING STRICKEN.**

Revised 10/2024

# SUPERIOR COURT CIVIL CASE INFORMATION STATEMENT (CIS) INSTRUCTIONS

## CIVIL CASE TYPE
Please select the appropriate civil case code and case type (e.g., **CODE - AADM** and **TYPE - Administrative Agency**) from the list below. Enter this information in the designated spaces on the Case Information Statement.

**APPEALS**
AADM - Administrative Agency
ACER - Certiorari
ACCP - Court of Common Pleas
AIAB - Industrial Accident Board
APSC - Public Service Commission
AUIB - Unemployment Insurance Appeal Board

**COMPLAINTS**
CABT – Abatement
CASB - Asbestos
CAAA - Auto Arb Appeal
CMIS - Civil Miscellaneous
CACT - Class Action
CCON – Condemnation
CCLD – Complex Commercial Litigation Division **(NCC ONLY)**
CDBT - Debt/Breach of Contract
CDEJ - Declaratory Judgment
CDEF - Defamation
CEJM - Ejectment
CATT - Foreign & Domestic Attachment
CFJG - Foreign Judgment
CFRD - Fraud Enforcement
CINT - Interpleader
CLEM - Lemon Law
CLIB - Libel
CMAL - Malpractice
CMED - Medical Malpractice
CPIN - Personal Injury
CPIA - Personal Injury Auto
CPRL - Products Liability
CPRD - Property Damage
CRPV - Replevin
CSPD - Summary Proceedings Dispute
CCCP - Transfer from CCP
CCHA - Transfer from Chancery

**MASS TORT**
CABI - Abilify Cases
CBEN - Benzene Cases
CFAR - Farxiga Cases
CFIB – FiberCel Cases
CHON - Honeywell Cases
CMON - Monsanto Cases
CPEL - Pelvic Mesh Cases
CPLX - Plavix Cases
CPPI - PPI Cases
CPQT – Paraquat Cases
CTAL - Talc Cases
CTAX - Taxotere Cases
CXAR - Xarelto Cases
CZAN – Zantac Cases

**INVOLUNTARY COMMITMENTS**
INVC- Involuntary Commitment

**MISCELLANEOUS**
MAGM - AG Motion - Civil/Criminal Investigations *
MADB - Appeal from Disability Board *
MAFF - Application for Forfeiture
MAAT - Appointment of Attorney
MGAR - Appointment of Guardianship
MCED - Cease and Desist Order
MCON - Civil Contempt/Capias
MCVP - Civil Penalty
MSOJ - Compel Satisfaction of Judgment
MSAM - Compel Satisfaction of Mortgage
MCTO - Consent Order
MIND - Destruction of Indicia of Arrest *
MESP - Excess Sheriff Proceeds
MHAC - Habeas Corpus
MTOX - Hazardous Substance Cleanup
MFOR - Intercept of Forfeited Money
MISS - Issuance of Subpoena
MLEX - Lien Extension
MMAN - Mandamus
MWIT - Material Witness *
MWOT - Material Witness - Out of State
MRAT - Motion for Risk Assessment
MROP - Petition for Return of Property
MCRO - Petition Requesting Order
MROD - Road Resolution
MSEL - Sell Real Estate for Property Tax
MSEM - Set Aside Satisfaction of Mortgage
MSSS - Set Aside Sheriff's Sale
MSET - Structured Settlement
MTAX - Tax Ditches
MREF -  Tax Intercept
MLAG -  Tax Lagoons
MVAC - Vacate Public Road
MPOS - Writ of Possession
MPRO - Writ of Prohibition

**MORTGAGES**
MCOM - Mortgage Commercial
MMED - Mortgage Mediation
MORT - Mortgage Non-Mediation (Res.)

**MECHANICS LIENS**
LIEN - Mechanics Lien

## * Not eFiled

## DUTY OF THE PLAINTIFF
Each plaintiff/counsel shall complete the attached Civil Case Information Statement (CIS) and file <u>with</u> the complaint.

## DUTY OF THE DEFENDANT
Each defendant/counsel shall complete the attached Civil Case Information Statement (CIS) and file <u>with</u> the answer and/or first responsive pleading.

EFiled: Dec 20 2024 07:49PM EST
Transaction ID 75288440
Case No. N24C-11-010 SKR CCLD

## IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE

HARTFORD CASUALTY
INSURANCE COMPANY and
SENTINEL INSURANCE
COMPANY, LTD.,

        Plaintiffs,

    *v.*

INSTAGRAM, LLC as successor in
interest to Instagram a/k/a Burbn,
Inc.; META PLATFORMS, INC.
f/k/a TheFacebook Inc. d/b/a The
Face Book, Inc.; FEDERAL
INSURANCE COMPANY; OLD
REPUBLIC INSURANCE
COMPANY; STARR INDEMNITY
AND LIABILITY COMPANY; and
ZURICH AMERICAN
INSURANCE COMPANY,

        Defendants.

_____

FEDERAL INSURANCE
COMPANY

    Defendant and
    Counterclaim/Cross-
    claim/Third-Party
    Plaintiff,

    *and*,

WESTCHESTER SURPLUS LINES
INSURANCE COMPANY,
WESTCHESTER FIRE
INSURANCE COMPANY; and
ACE PROPERTY AND
CASUALTY INSURANCE
COMPANY

    Third-Party Plaintiffs,

    *v.*

HARTFORD CASUALTY
INSURANCE COMPANY;

C.A. No.: N24C-11-010 SKR CCLD

**FEDERAL INSURANCE
COMPANY'S ANSWER AND
DEFENSES TO PLAINTIFFS'
AMENDED COMPLAINT AND
CHUBB'S COUNTERCLAIMS,
CROSS-CLAIMS, AND THIRD-
PARTY COMPLAINT**

JURY TRIAL DEMANDED

(BY A JURY OF TWELVE)

1

SENTINEL INSURANCE
COMPANY, LTD.; INSTAGRAM,
LLC as successor in interest to
Instagram a/k/a Burbn, Inc.; META
PLATFORMS, INC. f/k/a
TheFacebook Inc. d/b/a The Face
Book, Inc.; OLD REPUBLIC
INSURANCE COMPANY; STARR
INDEMNITY AND LIABILITY
COMPANY; ZURICH AMERICAN
INSURANCE COMPANY;
ALLIANZ GLOBAL CORPORATE
& SPECIALTY SE; ARCH
INSURANCE COMPANY; ARGO
GROUP US; ASPEN AMERICAN
INSURANCE COMPANY;
CANOPIUS US INSURANCE,
INC.; ENDURANCE AMERICAN
SPECIALTY; FIREMANS FUND
INDEMNITY CORPORATION;
GEMINI INSURANCE
COMPANY; GREAT AMERICAN
INSURANCE COMPANY; GREAT
AMERICAN SPIRIT INSURANCE
COMPANY; INTERSTATE FIRE &
CASUALTY COMPANY;
IRONSHORE UK; LIBERTY
MUTUAL INSURANCE EUROPE
LTD.; THE LONDON MARKET
INSURERS; NATIONAL FIRE &
MARINE INSURANCE
COMPANY; NATIONAL UNION
FIRE INSURANCE COMPANY OF
PITTSBURGH, PA; RSUI
INDEMNITY COMPANY; STARR
SURPLUS LINES INSURANCE
COMPANY; STARSTONE
SPECIALTY INSURANCE
COMPANY; STEADFAST
INSURANCE COMPANY; XL
INSURANCE AMERICA. INC.,

                    Defendants.

## FEDERAL'S ANSWER AND DEFENSES TO PLAINTIFFS' AMENDED COMPLAINT

Defendant Federal Insurance Company ("Federal"), by and through its

undersigned counsel, hereby answers the Amended Complaint of Hartford Casualty

Insurance Company ("Hartford Casualty") and Sentinel Insurance Company, Ltd. ("Sentinel," and, together with Hartford Casualty, "Plaintiffs"). To the extent that Plaintiffs' claims are directed at multiple parties, Federal's responses are with respect to Federal only. To the extent that the Amended Complaint purports to quote from, cite, or summarize allegations from third party documents, no response herein should be read as admitting any allegation by any third party unless expressly admitted herein. Federal expressly reserves the right to amend and/or supplement this Answer, including but not limited to the answers and defenses set forth herein, as may be necessary. Federal answers Plaintiffs' Amended Complaint by admitting, denying, and alleging as follows.

## <u>NATURE OF THE DISPUTE</u>

1. This is an action for declaratory relief pursuant to Article IV, § 7 of the Delaware Constitution, 10 *Del. C.* § 541, and 10 *Del. C.* §§ 6501, *et seq.*

**<u>ANSWER:</u>** Paragraph 1 is a statement of the relief requested to which no response is required. Federal denies that Plaintiffs are entitled to any relief as against Federal.

2. Hartford seeks a determination of the parties' rights and obligations in connection with primary liability policies issued by Hartford to Meta with respect to numerous underlying claims against Meta and other social media companies alleging that the defendants' social media platforms are defective because they are designed to maximize screen time and encourage addictive behavior in minors, which has resulted in various emotional and physical harm to minors, including death (the "Social Media Lawsuits").

3

**ANSWER:**  Paragraph 2 is a statement of the relief requested to which no response is required.  Federal denies that Plaintiffs are entitled to any relief as against Federal.

## PARTIES

3. Plaintiff Hartford Casualty is an Indiana company with a principal place of business in Connecticut. Hartford Casualty issued primary insurance coverage to "The Face Book, Inc." on an annual basis from October 9, 2004, to October 8, 2007.

**ANSWER:**  Upon information and belief, Federal admits the allegations in Paragraph 3.

4. Plaintiff Sentinel is a Connecticut company with a principal place of business in Connecticut. Sentinel issued primary insurance coverage to "Instagram a/k/a Burbn, Inc." from December 19, 2011, to December 19, 2012.

**ANSWER:**  Upon information and belief, Federal admits the allegations in Paragraph 4.

5. Defendant Instagram, LLC is a Delaware limited liability company whose sole member is Defendant Meta Platforms. On information and belief, the company originally known as Burbn, Inc. was incorporated in Delaware in February 2010 and launched, develops, operates, markets, and owns the social media application now known as Instagram and its related features, applications, and products (*e.g.*, Boomerang and Instagram Direct) (collectively, "Instagram"). Burbn, Inc. changed its name to Instagram, Inc. in January 2012. Facebook, Inc. acquired Instagram, Inc. in August 2012, and Instagram, Inc. merged into Instagram, LLC on August 31, 2012.

**ANSWER:**  Upon information and belief, Federal admits the allegations in Paragraph 5.

6. Defendant Meta Platforms is a Delaware corporation with its principal place of business in California. On information and belief, "The Face Book, Inc." was a trade name of the company incorporated in Delaware on July 29, 2004, under the registered name TheFacebook, Inc., which launched, develops, operates, markets, and owns the social media application now known as Facebook and its related applications and products (*e.g.*, Messenger, Messenger Kids, Marketplace, Workplace, etc.) (collectively, "Facebook"). TheFacebook, Inc. changed its name to Facebook, Inc. in September 2005, and to Meta Platforms, Inc. in October 2021.

**ANSWER:** Upon information and belief, Federal admits the allegations in

Paragraph 6.

7. Defendant Federal is an Indiana corporation with a principal place of business in New Jersey. On information and belief, Federal issued primary insurance coverage to Facebook, Inc. under Policy No. 3589-24-66 PLE (effective October 9, 2007 to October 9, 2016). Upon information and belief, Federal is licensed to do business in Delaware and, at all times relevant to this Complaint, was engaged in the business of selling contracts of insurance and did business in Delaware.

**ANSWER:** Federal admits that it issued annual policies to Facebook, Inc.,

the first of which became effective on October 9, 2007, and the last of which expired

on October 9, 2016. Federal refers to the policies for their full context and content.

To the extent that Paragraph 7 alleges that Federal issued a single policy from

October 9, 2007 to October 9, 2016, Federal denies that allegation. Federal admits

that this Court has personal jurisdiction over Federal.

8. Defendant Old Republic is a Pennsylvania company with a principal place of business in Pennsylvania. Upon information and belief, Old Republic issued primary insurance coverage to Facebook, Inc. under Policy Nos. MWZY308504 (effective October 9, 2016 to October 9, 2017) and MWZY311176 (effective October 9, 2017 to October 9, 2020). Upon information and belief, Old Republic is licensed to do business in Delaware and, at all times relevant to this Complaint, was

engaged in the business of selling contracts of insurance and did business in Delaware.

**ANSWER:**  Upon information and belief, Federal admits that Old Republic is a Pennsylvania company with a principal place of business in Pennsylvania that issued primary general liability insurance policies to Facebook, Inc.  Federal otherwise lacks knowledge sufficient to determine the truth of the allegations in Paragraph 8.

9. Defendant Starr is a Texas company with a principal place of business in New York. Upon information and belief, Star issued primary insurance coverage to Facebook, Inc. and/or Meta Platforms, Inc. under Policy Nos. 1000100155201 (effective October 9, 2020 to October 9, 2021), 1000100155211 (effective October 9, 2021 to October 9, 2022), and 1000100155221 (October 9, 2022 to October 9, 2023). Upon information and belief, Starr is licensed to do business in Delaware and, at all times relevant to this Complaint, was engaged in the business of selling contracts of insurance and did business in Delaware.

**ANSWER:**  Upon information and belief, Federal admits that Starr is a Texas company with a principal place of business in New York that issued primary general liability insurance policies to Facebook, Inc.  Federal otherwise lacks knowledge sufficient to determine the truth of the allegations in Paragraph 9.

10. Defendant Zurich is a New York company with a principal place of business in Illinois. Upon information and belief, Zurich issued primary insurance coverage to Facebook, Inc. and/or Meta Platforms, Inc. under Policy Nos. ZE 3730650-02 (effective October 9, 2018 to October 9, 2019), ZE 3730650-03 (effective October 9, 2019 to October 9, 2020), ZE 3730650-04 (effective October 9, 2020 to October 9, 2021), ZE 3730650-05 (effective October 9, 2021 to October 9, 2022), and ZE 3730650-06 (effective October 9, 2022 to October 9, 2023). Upon information and belief, Zurich is licensed to do business in Delaware and, at all times

relevant to this Complaint, was engaged in the business of selling contracts of insurance and did business in Delaware.

**ANSWER:** Upon information and belief, Federal admits that Zurich is a New York company with a principal place of business in Illinois that issued general liability insurance policies to Facebook, Inc.  Federal lacks knowledge or information sufficient to determine the truth of the remaining allegations in Paragraph 10.

11. The defendants listed in ¶¶ 7-10 are the "Other Primary Insurers." The Other Primary Insurers are joined because there is a justiciable controversy regarding the primary insurance carriers' duty to defend the Social Media Lawsuits. The Other Primary Insurers' interests in the subject matter of this declaratory judgment action will be prejudiced if this action is litigated in their absence.

**ANSWER:** Paragraph 11 contains legal conclusions to which no response is required.  To the extent a response is required, Federal admits that there is a justiciable controversy regarding the insurance carriers' duties to defend the Social Media Lawsuits.  Federal denies that Plaintiffs are entitled to any relief as against Federal.

## JURISDICTION

12. This Court has subject matter jurisdiction pursuant to Article IV, § 7 of the Delaware Constitution and 10 Del. C. § 541 and under 10 Del. C. §§ 6501, et seq., which provides this Court with the power "to declare rights, status and other legal relations whether or not further relief is or could be claimed."

**ANSWER:** Federal admits that this Court has subject matter jurisdiction over this declaratory judgment action.

13. This Court has personal jurisdiction over defendant Meta Platforms because Meta Platforms is a Delaware corporation.

**ANSWER:** Federal admits that this Court has personal jurisdiction over defendant Meta Platforms, Inc.

14. This Court has personal jurisdiction over defendant Instagram LLC because Instagram LLC is a Delaware limited liability company and a resident of Delaware by virtue of its member, Meta Platforms.

**ANSWER:** On information and belief, Federal admits that this Court has personal jurisdiction over defendant Instagram, LLC.

15. This Court has personal jurisdiction over the Other Insurers because they at material times have conducted business, committed acts or omissions, or have caused substantial effects within the State of Delaware with respect to one or more causes of action arising from these acts, omissions, or effects.

**ANSWER:** Federal admits that this Court has personal jurisdiction over Federal and the Other Insurers.

## FACTUAL BACKGROUND

### A. The Social Media Lawsuits

16. Between February 2023 and the present date, Meta has periodically notified Hartford of Social Media Lawsuits against Meta by individuals, school districts, local governments, and state attorneys general. In the time since this action was filed, Meta has tendered additional social media claims to Hartford, and on information and belief, will continue to do so as more social media claims are asserted against it. The additional claims implicate the same questions of policy interpretation set forth herein, and upon information and belief, future tenders will likewise implicate the same questions.

**ANSWER:** Federal lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 16.

17. Most (but not all) of the Social Media Lawsuits are consolidated in a multidistrict litigation pending in the Northern District of California for coordinated and consolidated pretrial proceedings (the "MDL") or Judicial Council Coordination Proceeding No. 5255 coordinated in the County of Los Angeles Central District Superior Court (the "JCCP"), where master complaints and short form complaints have supplanted many of the complaints originally filed by the plaintiffs. Although those common master complaints and short form complaints supersede the original complaints filed by many of the plaintiffs in the cases coordinated in the MDL and JCCP, each of the separate cases coordinated in the MDL and JCCP remains a separate lawsuit.

**ANSWER:** On information and belief, Federal admits the allegations in Paragraph 17.

18. The specific factual allegations of the Social Media Lawsuits vary, but the Social Media Lawsuits generally include certain common allegations, including that:

a. Meta designs, develops, owns, operates, and markets the social media platforms Instagram and Facebook;

b. Meta intentionally targeted children and adolescents as a core market;

c. Meta intentionally designed Instagram and Facebook to exploit vulnerabilities in human psychology and developed and embedded addictive features in Instagram and Facebook to maximize engagement from children and adolescents to drive revenue;

d. Use of Instagram and Facebook has had harmful effects on children and adolescents;

e. Meta knew that use of Instagram and Facebook has had harmful effects on children and adolescents;[1]

---

[1] Many of the lawsuits reference internal documents made public by whistleblower Frances Haugen, former Facebook product manager, that reflect findings from Meta's researchers on body image and mental health issues caused by minors' use of Instagram and Facebook.

f.  Meta concealed its knowledge of, and information regarding, the harmful effects of Instagram and Facebook on children and adolescents;

g.  Meta falsely represented that Instagram and Facebook are safe for children and adolescents and are not designed to induce compulsive and extended use; and

h.  Meta willfully failed to conduct proper age verification and authentication of Instagram and Facebook registrants, resulting in rampant access to those platforms by children under 13 and associated collection of such children's data.

**ANSWER:**  Federal admits the allegations in Paragraph 18; Federal refers to the Social Media Lawsuits for their full context and content.

19. Many of the individual, school district, and local government plaintiffs further allege that:

a.  Meta failed to adequately warn children, adolescents, and others about the dangers and harms caused by Instagram and Facebook or to provide instructions regarding safe use; and

b.  The design features of Instagram and Facebook facilitate the spread of child sexual abuse material ("CSAM") and child exploitation.

**ANSWER:**  Federal admits the allegations in Paragraph 19; Federal refers to the Social Media Lawsuits for their full context and content.

20. The individual plaintiffs (the "Individual Plaintiffs") are generally injured persons who allege that they became addicted to social media platforms as minors as a result of allegedly manipulative features of those social media platforms that seek to maximize the amount of time minors spend on the platforms, or persons seeking to recover on behalf of such an injured person. Based on the allegations described above, the Individual Plaintiffs bring various counts against Meta and others under applicable state law. Based on those claims, the Individual Plaintiffs generally seek to recover for direct harms an individual person experienced as a result of their social media addiction, including, e.g., depression and anxiety, "social comparison," "the pressure of looks/behaviors," eating disorders, body dysmorphia, isolation, insecurity, and loneliness.

**ANSWER:** Federal admits the allegations in Paragraph 20; Federal refers to the Individual Plaintiffs' complaints for their full context and content.

21. Unlike the Individual Plaintiffs, the school district, local government, and state attorney general plaintiffs (the "Government/School District Plaintiffs") are not (i) an injured person, (ii) seeking to recover on behalf of a specific alleged injured person, or (iii) an organization seeking to recover the costs of directly caring for any specific alleged injured person.

**ANSWER:** Federal admits that the Government/School District Plaintiffs are not (i) an injured person, (ii) seeking to recover on behalf of an injured person, or (iii) an organization seeking to recover the costs of directly caring for any specific alleged injured person. Federal refers to the Individual Plaintiffs' complaints and the Government/School District Plaintiffs' complaints for their full context and content.

22. Rather, based on the allegations described above, the school districts and local governments bring various counts against Meta and others and generally seek to recover damages for aggregate increases in expenditures and operating costs necessitated by mass social media addiction in minors (e.g., increased provision of anxiety and depression counseling, health services, community-based services, behavioral health services, and after-school programming; increases in staff to confiscate cell phones and communicate and engage with parents and guardians regarding students' attendance, mental health, and behavioral issues; and increased resources to investigate and prosecute crimes that allegedly result from use of the social media platforms).

**ANSWER:** Federal admits the allegations in Paragraph 22; Federal refers to the Government/School District Plaintiffs' complaints for their full context and content.

11

23. Certain school district and/or local government plaintiffs allege that property has been damaged as a result of students' mental, emotional, and/or social problems caused by social media and/or participation in "challenge" videos circulated on social media.[2] Those complaints, however, do not seek damages "because of" property damage, do not seek damages "because of" property damage purportedly caused by Meta, and/or do not seek damages "because of" property damage during the effective policy periods of the Hartford Policies. In the MDL, the property damage allegations brought by the school district and/or local government plaintiffs have been dismissed, and the JCCP defendants' demurer to certain representative school district complaints was sustained in its entirety.

**ANSWER:**  With respect to the allegations described in Paragraph 23, Federal refers to the Government/School District Plaintiffs' complaints for their full context and content.  The remainder of paragraph 23 contains legal conclusions to which no response is required.

24. The state attorneys general, for their part, generally seek disgorgement, civil penalties, injunctive relief, and other remedies based on their assertions that the acts and omissions of Meta and others violate consumer protection and privacy laws.

**ANSWER:**  Federal admits the allegations in Paragraph 24; Federal refers to the Government/School District Plaintiffs' complaints for their full context and content.

## B. The Hartford Policies

25. As relevant here, Hartford Casualty issued to The Face Book Inc. as named insured Policy No. 57 SBA AW9679 DX, effective from October 1, 2004, to October

_____

[2] The specific "challenge" videos identified in the Social Media Lawsuits are generally associated with social media platforms other than Facebook or Instagram and/or went viral during periods that post-date the Hartford policy periods. Both the "devious licks" challenge and the "Blackout Challenge" discussed in Plaintiffs' First Amended Master Complaint (Local Government and School District) in the MDL, for instance, were "challenges" that went viral on Tik-Tok in 2021.

1, 2005 (the "2004-2005 Facebook Policy"); Policy No. 57 SBA AZ6549 SC, effective from October 1, 2005, to October 1, 2006 (the "2005-2006 Facebook Policy"); and Policy No. 57 SBQ RG7020 SC, effective from October 1, 2006, to October 1, 2007 (the "2006-2007 Facebook Policy") (collectively, the "Facebook Policies").

**ANSWER:** On information and belief, Federal admits that Hartford Casualty issued policies to The Face Book Inc., but otherwise lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 25.

26. As relevant here, Sentinel issued to Instagram a/k/a Burbn, Inc. as named insured Policy No. 57 SBA BB7385 SC, effective from December 19, 2011, to December 19, 2012 (the "Instagram Policy," and together with the Facebook Policies, the "Hartford Policies").

**ANSWER:** On information and belief, Federal admits that Sentinel issued at least one policy to Instagram, but otherwise lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 26.

27. Each of the Hartford Policies provides Business Liability coverage for "those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury', 'property damage' or 'personal and advertising injury' to which this insurance applies", subject to a per-occurrence limit of $1 million, a general aggregate limit of $2 million, and a products/completed-operations aggregate limit of $2 million.

**ANSWER:** Federal lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 27.

28. The 2004-2005 Facebook Policy and 2005-2006 Facebook Policy (at Business Liability Coverage Form SS 00 08 04 01) and the 2006-2007 Facebook Policy and the Instagram Policy (at Business Liability Cover Form SS 00 08 04 05)

13

contain insuring agreements that state as follows (subject to certain non-substantive differences in formatting):

**Insuring Agreement**

**a.** We will pay . . . those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury" to which this insurance does not apply. . .

. . . **b.** This insurance applies to:

**(1)** "Bodily injury" and "property damage" only if:

**(a)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and

**(b)** The "bodily injury" or "property damage" occurs during the "policy period" . . .

**(2)** "Personal and advertising injury" caused by an offense arising out of your business, but only if the offense is committed in the "coverage territory" during the policy period.

**ANSWER:**  Federal lacks knowledge or information sufficient to determine

the truth of the allegations in Paragraph 28.

29. The insuring agreements in the Business Liability Coverage Form in the 2006-2007 Facebook Policy and Instagram Policy further state that those policies do not cover damages because of "bodily injury" or "property damage" that the insured knew, before the policy period, had occurred or begun to occur.

14

**ANSWER:**  Federal lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 29.

30. The Business Liability Coverage Forms in the 2004-2005 Facebook Policy and the 2005-2006 Facebook Policy define "bodily injury" as "bodily injury, sickness or disease sustained by a person, including mental anguish or death resulting from any of these at any time," while the Business Liability Coverage Forms in the 2006-2007 Facebook Policy and Instagram Policy define "bodily injury" as "physical: a. Injury; b. Sickness; or c. Disease sustained by a person and, if arising out of the above, mental anguish or death at any time."

**ANSWER:**  Federal lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 30.

31. The Business Liability Coverage Forms in all of the Hartford Policies define "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

**ANSWER:**  Federal lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 31.

32. The Business Liability Coverage Forms in all of the Hartford Policies define "personal and advertising injury" to mean "injury, including consequential 'bodily injury', arising out of one or more . . . offenses[,]" including "[o]ral, written or electronic publication of material that violates a person's right of privacy" and "[d]iscrimination or humiliation that results in injury to the feelings or reputation of a natural person."

**ANSWER:**  Federal lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 32.

33. Business Liability coverage under all the Hartford Policies is also subject to certain exclusions, including an exclusion for bodily injury that is expected or intended from the standpoint of the insured.

**ANSWER:**  Federal lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 33.

34. That exclusion states:

> This insurance does not apply to:
>
> **a.  Expected or Intended Injury**
>
> **(1)** "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" or "property damage" resulting from the use of reasonable force to protect persons or property . . .

**ANSWER:**  Federal lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 34.

35. The Business Liability Coverage Forms in the 2006-2007 Facebook Policy and the Instagram Policy also contain an exclusion for "Violation Of Statutes That Govern E-Mails, Fax, Phone Calls Or Other Methods Of Sending Material Or Information," which states:

> This insurance does not apply to:
>
> [ . . . ]
>
> **t.  Violation Of Statutes That Govern E-Mails, Fax, Phone Calls Or Other Methods Of Sending Material Or Information**
>
> "Bodily injury", "property damage", "personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:
>
> [ . . . ]

16

(3) Any statute, ordinance or regulation other than the TCPA or CAN-SPAM Act of 2003, that prohibits or limits the sending, transmitting, communicating or distribution of material or information.

**ANSWER:** Federal lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 35.

36. In addition, each of the Facebook Policies contains an exclusion for "bodily injury", "property damage" or "personal and advertising injury" arising from the rendering or of failure to render any "professional service."

**ANSWER:** Federal lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 36.

37. That exclusion, as amended by the form titled "Technology Services Coverage (Limited)," states:

**B. EXCLUSIONS**

**1. Applicable To Business Liability Coverage.**

This insurance does not apply to:

[. . .]

**j. Professional Services**

"Bodily injury", "property damage" or "personal and advertising injury" due to the rendering of or failure to render any professional service. This includes but is not limited to:

[. . . ]

**(11)** Computer consulting, design or programming services, including website design.

17

**ANSWER:** Federal lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 37.

38. The Instagram Policy has a nearly identical exclusion applicable to bodily injury, property damage or personal and advertising injury "arising out of the rendering of or failure to render any professional service[.]"

**ANSWER:** Federal lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 38.

39. The Business Liability Coverage Forms in all of the Hartford Policies exclude coverage for certain "personal and advertising injury," including "personal and advertising injury" arising out of (i) oral, written or electronic publication of material whose first publication took place before the beginning of the policy period; (ii) oral, written or electronic publication of material, if done by or at the direction of the insured with knowledge of its falsity; (iii) a criminal act committed by or at the direction of the insured; (iv) the failure of goods, products or services to conform with any statement of quality or performance made in the insured's advertisement, (v) an offense committed by an insured whose business is designing or determining content of websites for others and/or an Internet search, access, content or service provider; (vi) an electronic chat room or bulletin board the insured hosts, owns, or over which it exercises control; (vii) the violation of a person's right of privacy created by any state or federal act; and/or (viii) computer code, software, or programming used to enable your web site.

**ANSWER:** Federal lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 39.

## C. Disputes Concerning Hartford's Defense Obligations

40. In response to Meta's notices to Hartford of the Social Media Lawsuits, Hartford, subject to a full reservation of rights, offered to participate in the defense of Meta under the Business Liability coverage part of the Hartford Policies for certain Social Media Lawsuits filed by Individual Plaintiffs.

**ANSWER:** Federal lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 40.

41. Hartford declined coverage for certain other Social Media Lawsuits filed by Individual Plaintiffs because, among other bases set forth in Hartford's reservation of rights letter, those Social Media Lawsuits were brought by Individual Plaintiffs that only used or could have used Instagram and/or Facebook after the end dates of the relevant Hartford Policy or Policies.

**ANSWER:** Federal lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 41.

42. Hartford's reservation of rights includes the right to withdraw from the defense of the Social Media Lawsuits, as appropriate; the right to recoup defense fees under *Buss v. Super.* Ct., 16 Cal. 4th 35 (1997); and the right to decline indemnity.

**ANSWER:** Federal lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 42.

43. Hartford declined coverage for the Social Media Lawsuits filed by Government/School District Plaintiffs because, along with other bases set forth in Hartford's reservation of rights letter, the Hartford Policies provide coverage for "sums that the insured becomes legally obligated to pay as damages because of 'bodily injury,' 'property damage' or 'personal and advertising injury'" and Hartford disagrees that the Government/School District Social Media Lawsuits seek damages "because of" bodily injury, property damage, and/or personal and advertising injury within the meaning of the Hartford Policies' insuring agreements.

**ANSWER:** Federal lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 43.

44. The Social Media Lawsuits filed by Government/School District Plaintiffs seek to recover for general, non-derivative economic losses and/or statutory

violations that are not based on allegations that plaintiffs treated (or paid for treatment of) injuries to any specific individual or that they repaired (or paid for repair of) damage to specifically identified property, or that any such individualized injury or damage was specifically caused by the insured.

**ANSWER:** Paragraph 44 contains legal conclusions to which no response is required; Federal refers to the Government/School District Plaintiffs' complaints for their full context and content.

45. Plaintiffs' First Amended Master Complaint (Local Government and School District) in the MDL, for instance, seeks to recover for increased expenditures by school districts and Local Government Plaintiffs related to "addressing the mental health and behavior of impacted young people and providing education and support to young people, staff, parents, and Plaintiffs' communities," e.g., increased provision of anxiety and depression counseling, health services, community-based services, behavioral-health services, and after-school programming; increases in staff to confiscate cell phones and communicate and engage with parents and guardians regarding students' attendance, mental health, and behavioral issues; and increased resources to investigate and prosecute crimes that result from use of the insured's platforms. Such damages are not damages "because of" bodily injury within the insuring agreements of the policies.

**ANSWER:** Federal admits the allegations in the first sentence of Paragraph 45. Federal refers to the First Amended Master Complaint (Local Government and School District) in the MDL for its full context and content. The remainder of Paragraph 45 contains legal conclusions to which no response is required.

46. On information and belief, Meta disputes Hartford's offer to participate in the defense of certain Social Media Lawsuits by Individual Plaintiffs under a reservation of rights and also disputes Hartford's denial of coverage for certain other Social Media Lawsuits by Individual Plaintiffs and the Social Media Lawsuits by Government/School District Plaintiffs.

**ANSWER:** Federal lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 46.

## COUNT I: DECLARATORY JUDGMENT

### (No Duty to Defend or Pay Defense Costs for Government/School District Social Media Lawsuits)

47. Hartford reasserts and incorporates herein each allegation set forth in ¶¶ 1-46 above.

**ANSWER:** Federal incorporates its responses to the allegations in Paragraphs 1-46 above.

48. An actual controversy exists between Hartford, on the one hand, and Meta on the other hand, regarding Hartford's duty to defend the Social Media Lawsuits brought by Government/School District Plaintiffs, the resolution of which will affect the interests of the Other Primary Insurers.

**ANSWER:** Paragraph 48 contains legal conclusions to which no response is required. Federal denies that Plaintiffs are entitled to any relief as against Federal.

49. The Hartford Policies provide coverage only for damages "because of" bodily injury or property damage.

**ANSWER:** Paragraph 49 contains legal conclusions to which no response is required. To the extent a response is required, Federal lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 49.

50. The Hartford Policies provide coverage only for "bodily injury" and "property damage" that occurs during the policy period.

21

**ANSWER:**  Paragraph 50 contains legal conclusions to which no response is required.  To the extent a response is required, Federal lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 50.

51. The Hartford Policies provide coverage only for "bodily injury" and "property damage" that results from an "occurrence."

**ANSWER:**  Paragraph 51 contains legal conclusions to which no response is required.  To the extent a response is required, Federal lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 51.

52. The Hartford Policies define "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions . . . ."

**ANSWER:**  Federal lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 52.

53. The Social Media Lawsuits are based on Meta's deliberate acts in designing and marketing products that encourage excessive use and/or addiction in children and adolescents. The Social Media Lawsuits allege that Meta intentionally encourages youth to excessively use its platforms and leverages that usage to increase revenue, intentionally designed its products to addict children and adolescents, and concealed harmful effects that Instagram's and Facebook's design features have on children and adolescents.

**ANSWER:**  Federal admits the allegations in Paragraph 53.  Federal refers to the Social Media Lawsuits for their full context and content.

54. The Hartford Policies also contain various exclusions that may bar or limit coverage for the Social Media Lawsuits, discussed in ¶¶ 33-39, above.

**ANSWER:**  Federal lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 54.

55. There is no defense coverage for some or all of the Social Media Lawsuits brought by Government/School District Plaintiffs under the Hartford Policies for some or all of the following reasons:

a. Some or all of the Social Media Lawsuits brought by Government/School District Plaintiffs do not allege an "occurrence" as required by the insuring agreements of the Hartford Policies because they are based on allegations regarding Meta's deliberate and intentional acts in designing and marketing products to encourage excessive use by and/or addict children and adolescents;

b. Some or all of the Social Media Lawsuits brought by Government/School District Plaintiffs do not allege or seek damages "because of" bodily injury, property damage, or personal and advertising injury within the meaning of the Hartford Policies' insuring agreements;

c. Some or all of the Social Media Lawsuits brought by Government/School District Plaintiffs do not allege or seek damages because of "bodily injury," "property damage," or "personal and advertising injury" as those terms are defined in the Hartford Policies;

d. Some or all of the Social Media Lawsuits brought by Government/School District Plaintiffs allege bodily injury or property damage, or offenses causing personal and advertising injury, only outside the policy periods covered by the Hartford Policies;

e. Some or all of the Social Media Lawsuits brought by Government/School District Plaintiffs allege injury expected or intended by the insured;

f. Some or all of the Social Media Lawsuits brought by Government/School District Plaintiffs allege injury arising from violations of statutes that govern e-mails, fax, phone calls or other methods of sending material or information within the meaning of those exclusions; and/or

g. Some or all of the Social Media Lawsuits brought by Government/School District Plaintiffs allege injury due to the insured's rendering of or failure to render "Professional Services"; and/or

h. Some or all of the Social Media Lawsuits brought by Government/School District Plaintiffs seek equitable relief in the form of nuisance abatement or other forms of relief that are not covered as damages or otherwise insurable under the Hartford Policies.

**ANSWER:** Paragraph 55 contains legal conclusions to which no response is required. To the extent a response is required, Federal lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 55. Federal denies that Plaintiffs are entitled to any relief as against Federal.

56. There exists an actual, ripe, and justiciable controversy between the parties concerning insurance coverage under the Hartford Policies for the defense of the Social Media Lawsuits brought by Government/School District Plaintiffs.

**ANSWER:** Federal admits the allegations in Paragraph 56. Federal denies that Plaintiffs are entitled to any relief as against Federal.

57. Hartford is entitled to a declaration that under the terms, conditions, and exclusions of Hartford Policies, it has no duty to defend or pay the cost of defending Meta against the Social Media Lawsuits brought by Government/School District Plaintiffs.

**ANSWER:** Paragraph 57 is a statement of the relief requested to which no response is required. Federal denies that Plaintiffs are entitled to any relief as against Federal.

## COUNT II: DECLARATORY JUDGMENT

### (No Duty to Defend or Pay Defense Costs for
### Individual Social Media Lawsuits)

58. Hartford reasserts and incorporates herein each allegation set forth in ¶¶ 1-57 above.

**ANSWER:**   Federal incorporates its responses to the allegations in Paragraphs 1-57 above.

59. An actual controversy exists between Hartford, on the one hand, and Meta on the other hand, regarding Hartford's duty to defend the Social Media Lawsuits brought by Individual Plaintiffs, the resolution of which may or will affect the interests of the Other Primary Insurers.

**ANSWER:**  Paragraph 59 contains legal conclusions to which no response is required.  Federal denies that Plaintiffs are entitled to any relief as against Federal.

60. The Hartford Policies provide coverage only for damages because of "bodily injury," "property damage," or "personal and advertising injury" as those terms are defined in the Hartford Policies;

**ANSWER:**  Paragraph 60 contains legal conclusions to which no response is required.   To the extent a response is required, Federal lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 60.

61. The Hartford Policies provide coverage only for "bodily injury" and "property damage" that occurs during the policy period.

**ANSWER:**  Paragraph 61 contains legal conclusions to which no response is required.   To the extent a response is required, Federal lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 61.

62. The Hartford Policies provide coverage only for "bodily injury" and "property damage" that results from an "occurrence."

**ANSWER:**  Paragraph 62 contains legal conclusions to which no response is required.   To the extent a response is required, Federal lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 62.

63. The Hartford Policies define "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions . . . ."

**ANSWER:**  Federal lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 63.

64. The Social Media Lawsuits are based on Meta's deliberate acts in designing and marketing products that encourage excessive use and/or addiction in children and adolescents. The Social Media Lawsuits allege that Meta intentionally encourages youth to excessively use its platforms and leverages that usage to increase revenue, intentionally designed its products to addict children and adolescents, and concealed harmful effects that Instagram's and Facebook's design features have on children and adolescents.

**ANSWER:**  Federal admits the allegations in Paragraph 64.  Federal refers to the Social Media Lawsuits for their full context and content.

65. The Hartford Policies also contain various exclusions that may bar or limit coverage for the Social Media Lawsuits, discussed in ¶¶ 33-39, above.

26

**ANSWER:**  Federal lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 65.

66. There is no defense coverage for some or all of the Social Media Lawsuits brought by Individual Plaintiffs under the Hartford Policies for some or all of the following reasons:

a. Some or all of the Social Media Lawsuits brought by Individual Plaintiffs do not allege an "occurrence" as required by the insuring agreements of the Hartford Policies because they are based on allegations regarding Meta's deliberate and intentional acts in designing and marketing products to encourage excessive use by and/or addict children and adolescents;

b. Some or all of the Social Media Lawsuits brought by Individual Plaintiffs do not allege or seek damages because of "bodily injury," "property damage," or "personal and advertising injury" as those terms are defined in the Hartford Policies;

c. Some or all of the Social Media Lawsuits brought by Individual Plaintiffs allege bodily injury or property damage, or offenses causing personal and advertising injury, only outside the policy periods covered by the Hartford Policies;

d. Some or all of the Social Media Lawsuits brought by Individual Plaintiffs allege injury expected or intended by the insured;

e. Some or all of the Social Media Lawsuits brought by Individual Plaintiffs allege injury arising from violations of statutes that govern e-mails, fax, phone calls or other methods of sending material or information within the meaning of those exclusions;

f. Some or all of the Social Media Lawsuits brought by Individual Plaintiffs allege injury due to the insured's rendering of or failure to render "Professional Services"; and/or

g. Some or all of the Social Media Lawsuits brought by Individual Plaintiffs seek equitable relief in the form of nuisance abatement or other forms of relief that are not covered as damages or otherwise insurable under the Hartford Policies.

27

**ANSWER:**  Paragraph 66 contains legal conclusions to which no response is required.   To the extent a response is required, Federal lacks knowledge and information sufficient to determine the truth of the allegations in Paragraph 66. Federal denies that Plaintiffs are entitled to any relief as against Federal.

67. There exists an actual, ripe, and justiciable controversy between the parties concerning insurance coverage under the Hartford Policies for the defense of the Social Media Lawsuits brought by Individual Plaintiffs.

**ANSWER:**  Paragraph 67 contains legal conclusions to which no response is required.  Federal denies that Plaintiffs are entitled to any relief as against Federal.

68. Hartford is entitled to a declaration that under the terms, conditions, and exclusions of Hartford Policies, it has no duty to defend or pay the cost of defending Meta against the Social Media Lawsuits brought by Individual Plaintiffs for one or more of the reasons set forth in ¶ 66 above.

**ANSWER:**  Paragraph 68 is a statement of the relief requested to which no response is required.  Federal denies that Plaintiffs are entitled to any relief as against Federal.

## COUNT III: DECLARATORY JUDGMENT

**(In the Alternative, No Duty to Defend or Pay
Defense Costs for Individual Social Media Lawsuits
That Do Not Allege Use During Harford's Policy
Periods)**

69. Hartford reasserts and incorporates herein each allegation set forth in ¶¶ 1-68 above.

**ANSWER:**    Federal    incorporates    its    responses    to    the    allegations    in
Paragraphs 1-68 above.

70. To the extent the Court denies Count II, Hartford seeks a declaration that
it has no duty to defend any Social Media Lawsuits brought by Individual Plaintiffs
that fall outside the scope of coverage.

**ANSWER:**  Paragraph 70 is a statement of the relief requested to which no
response is required.  Federal denies that Plaintiffs are entitled to any relief as against
Federal.

71. Hartford disagrees that the use of Instagram and/or Facebook during the
policy period is alone sufficient to trigger coverage under the Primary Policies,
which apply, as relevant here, only where "bodily or "property damage" occurs
during the policy period (and is caused by an "occurrence"), or an offense (resulting
in "personal and advertising injury") occurs during the policy period.

**ANSWER:**  Federal lacks knowledge or information sufficient to determine
the truth of the allegations in Paragraph 71.

72. Even to the extent that Meta disagrees, however, there can be no coverage
for Social Media Lawsuits brought by Individual Plaintiffs that only used or only
could have used Instagram and/or Facebook after the end dates of the relevant
Hartford Policy or Policies.

**ANSWER:**  Paragraph 72 contains legal conclusions to which no response is
required.

73. Accordingly, there is no defense coverage for some of the Social Media
Lawsuits brought by Individual Plaintiffs under the Hartford Policies for some or all
of the following reasons:

      a. Some of the Social Media Lawsuits brought by Individual Plaintiffs allege use of Instagram and/or Facebook only after the expiration of the relevant Hartford Policy or Policies;

      b. Some of the Social Media Lawsuits brought by Individual Plaintiffs do not allege particular dates of use of Instagram and/or Facebook but are brought by Individual Plaintiffs who were born after the end date of the relevant Hartford Policy or Policies; and/or

      c. Some of the Social Media Lawsuits brought by Individual Plaintiffs do not allege particular dates of use of Instagram and/or Facebook but are brought by Individual Plaintiffs whose dates of birth and the allegations in their short form complaints demonstrate that there is no possibility that they could have used Instagram and/or Facebook until after the end date of the relevant Hartford Policy or Policies.

**ANSWER:** Paragraph 73 contains legal conclusions to which no response is required. To the extent a response is required, Federal lacks information and knowledge sufficient to determine the truth of the allegations in Paragraph 73. Federal denies that Plaintiffs are entitled to any relief as against Federal.

74. There exists an actual, ripe, and justiciable controversy between the parties concerning the scope of defense coverage required to be provided under the terms, conditions, and exclusions of each of the Hartford Policies. Hartford is entitled to a declaratory judgment regarding the scope and amount of its defense coverage obligations to Meta against the Social Media Lawsuits brought by Individual Plaintiffs for one or more of the reasons set forth in ¶ 73 above.

**ANSWER:** Paragraph 74 contains legal conclusions and statements of the relief requested to which no response is required. To the extent a response is required, Federal lacks knowledge and information sufficient to determine the truth of the allegations in Paragraph 74. Federal denies that Plaintiffs are entitled to any relief as against Federal.

## RESPONSE TO PRAYER FOR RELIEF

**ANSWER:**  Paragraphs enumerated as (A) through (D) under Prayer for Relief contain the Plaintiffs' prayer for relief, to which no response is required. Federal denies that Plaintiffs are entitled to any relief as against Federal.

## DEFENSES

Federal pleads the following separate defenses, without assuming the burden of proof or persuasion as to any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiffs.  No assertion of any defense is intended or may be construed as a concession that any issue or subject matter is relevant to Plaintiffs' allegations.  Federal reserves the right to assert additional defenses as may be proper, including based on further developments in the litigation and any ongoing discovery.

## FIRST DEFENSE

**(No Duty to Defend Social Media Lawsuits under the Federal Policies)**

1.      Plaintiffs are not entitled to any relief from Federal to the extent that there is no coverage for and no duty to defend Meta Platforms, Inc., Instagram, or Facebook for the Social Media Lawsuits under the Federal Policies, pursuant to their

terms, provisions, conditions and exclusions, including as set forth in Chubb's Counterclaims, Cross-claims, and Third-Party Complaint below.

WHEREFORE, Federal respectfully requests that Plaintiffs take nothing from Federal; that the Court grant judgment for Federal; and that the Court grant Federal any such further relief as the Court may deem just and proper.

## CHUBB'S COUNTERCLAIMS, CROSS CLAIMS, AND THIRD-PARTY COMPLAINT

Defendant and Counterclaim, Cross-claim, and Third-Party Plaintiff Federal Insurance Company ("Federal"), together with Third-Party Plaintiffs Westchester Surplus Lines Insurance Company ("Westchester Surplus"), Westchester Fire Insurance Company ("Westchester Fire"), and ACE Property and Casualty Insurance Company ("ACE," together, "Chubb"), by and through their undersigned counsel, allege on knowledge as to their own acts or within their direct knowledge and on information and belief as to all other matters, the following claims against defendants Instagram, LLC, Meta Platforms, Inc., Old Republic Insurance Company, Starr Indemnity and Liability Company, and Zurich American Insurance Company, and certain Third-Party defendants, listed below. Chubb seeks a declaration regarding the parties' respective rights and obligations as they relate to providing coverage to Meta Platforms, Inc., Instagram (defined below), or Facebook (defined below, together "Meta") pursuant to policies the insurers issued to Meta.

## NATURE OF THE ACTION

1.      This declaratory judgment action seeks to resolve issues related to insurance coverage regarding underlying claims brought against Meta (and other social media platforms) in federal and state courts, brought by individuals, school districts, and/or state Attorneys General (the "Social Media Lawsuits").  The Social Media Lawsuits generally allege that Meta and its co-defendants designed their platforms to maximize use, resulting in mental health and other issues for its users and increased related expenditures.

2.      Chubb issued certain primary, umbrella, and excess general liability insurance policies to Facebook, Inc. or Meta Platforms, Inc. for annual periods between October 2007 and October 2016 and between October 2020 through October 2023 (the "Chubb Policies").

3.      Starting in October 2022, Meta began providing notice of the Social Media Lawsuits to Chubb.  And on information and belief, Meta also provided notice of the Social Media Lawsuits to additional insurance carriers that also issued general liability policies to Meta during the same policy period as the Chubb policies, and in the policy periods both before and after the Chubb policy periods.

4.      Chubb seeks a declaration as to the parties' respective rights and obligations with respect to insurance policies issued to Meta pursuant to the policies'

33

terms, conditions, and requirements for coverage, including as to whether the Social Media Lawsuits fail to satisfy the requirements for coverage to the extent they (i) do not allege damages because of or for bodily injury or property damage, (ii) do not allege damages because of or for bodily injury or property damage that occurred in Chubb's policy periods, (iii) do not allege any injury caused by an "occurrence," which the policies generally define as an accident, (iv) do not allege damages because of or for advertising injury or personal injury, (v) fall within various of the policies' exclusions, (vi) seek equitable relief, which is not covered, and/or (vii) are not covered as a matter of California public policy, among other requirements for coverage. If, and to the extent the Social Media Lawsuits satisfy the requirements for coverage of any of the policies, including those outlined above, among others, Chubb seeks a declaration regarding its and other insurers' respective shares for any covered amounts.

## **THE PARTIES**

5.      Federal is an Indiana corporation with its principal place of business in New Jersey. As described further below, Federal issued primary and umbrella general liability insurance policies to Facebook, Inc. that were in effect from October 2007 to October 2016.

6.     Westchester Surplus is a Georgia corporation with its principal place of business in Pennsylvania.   Westchester Surplus issued excess general liability insurance policies to Facebook, Inc. that were in effect from October 2009 through October 2011.

7.     Westchester Fire is a Pennsylvania corporation with a principal place of business in Pennsylvania.  Westchester issued excess general liability insurance policies to Facebook, Inc. that were in effect from October 2011 through October 2016.

8.     ACE is a Pennsylvania corporation with a principal place of business in Pennsylvania.  ACE issued umbrella general liability insurance policies to Meta Platforms, Inc. that were in effect from October 2020 through October 2023.

9.     Hartford Casualty Insurance Company ("Hartford Casualty") is an Indiana corporation with its principal place of business in Indiana.  On information and belief, Hartford Casualty issued primary insurance coverage to "The Face Book, Inc." on an annual basis from October 9, 2004, to October 8, 2007

10.     Sentinel Insurance Company LTD. ("Sentinel") is a Connecticut corporation with its principal place of business in Connecticut.  On information and belief, Sentinel issued primary insurance coverage to "Instagram a/k/a Burbn, Inc." from December 19, 2011, to December 19, 2012.

11.    Facebook, Inc., now known as Meta Platforms, Inc. (formerly known as TheFacebook, Inc.) ("Facebook") is a Delaware corporation with its principal place of business in California.  Facebook developed (and continues to develop), owns, and operates the social media platform known popularly as Facebook in addition to a variety of other services, applications, and social media and/or communication platforms.

12.    Instagram, LLC (formerly known as Burbn, Inc.) ("Instagram") is a Delaware limited liability company whose sole member is Defendant Meta Platforms, Inc.  Instagram developed (and continues to develop) and operates the social media platform known popularly as Instagram in addition to a variety of other services, applications, and social media and/or communication platforms.

13.    Old Republic Insurance Company ("Old Republic") is a Pennsylvania corporation with a principal place of business in Pennsylvania.  On information and belief, Old Republic issued primary general liability policies to Meta during times relevant to this Complaint.  On information and belief, Old Republic is licensed to do business in Delaware and, at all times relevant to this Complaint, was engaged in the business of selling contracts of insurance and did business in Delaware.

14.    Starr Indemnity and Liability Company ("Starr") is a Texas corporation with a principal place of business in New York.  On information and belief, Starr

36

issued primary general liability policies to Meta during times relevant to this Complaint. On information and belief, Starr is licensed to do business in Delaware and, at all times relevant to this Complaint, was engaged in the business of selling contracts of insurance and did business in Delaware.

15.    Zurich American Insurance Company ("Zurich") is a New York corporation with a principal place of business in Illinois. On information and belief, Zurich issued general liability policies to Meta during times relevant to this Complaint. On information and belief, Zurich is licensed to do business in Delaware and, at all times relevant to this Complaint, was engaged in the business of selling contracts of insurance and did business in Delaware.

16.    Allianz Global Corporate & Specialty SE ("Allianz Global") is a German corporation with its principal place of business in Munich, Germany. On information and belief, Allianz Global issued general liability policies to Meta during times relevant to this Complaint. On information and belief, at all times relevant to this Complaint, Allianz Global was engaged in the business of selling contracts of insurance and did business in Delaware.

17.    Arch Insurance Company ("Arch") is a Missouri corporation with its principal place of business in the New Jersey. On information and belief, Arch issued general liability policies to Meta during times relevant to this Complaint. On

37

information and belief, Arch is licensed to do business in Delaware and, at all times relevant to this Complaint, was engaged in the business of selling contracts of insurance and did business in Delaware.

18.    Argo Group US ("Argo") is a Delaware corporation with its principal place of business in the Colorado.  On information and belief, Argo issued general liability policies to Meta during times relevant to this Complaint.  On information and belief, at all times relevant to this Complaint, Argo was engaged in the business of selling contracts of insurance and did business in Delaware.

19.    Aspen American Insurance Company ("Aspen") is a Texas corporation with its principal place of business in New Jersey.  On information and belief, Aspen issued general liability policies to Meta during times relevant to this Complaint.  On information and belief, Aspen is licensed to do business in Delaware and, at all times relevant to this Complaint, was engaged in the business of selling contracts of insurance and did business in Delaware.

20.    Canopius US Insurance, Inc. ("Canopius") is a Delaware corporation with its principal place of business in Illinois.  On information and belief, Canopius issued general liability policies to Meta during times relevant to this Complaint.  On information and belief, Canopius is licensed to do business in Delaware and, at all

times relevant to this Complaint, was engaged in the business of selling contracts of insurance and did business in Delaware.

21.     Endurance American Specialty Insurance Company ("Endurance") is a Delaware corporation with its principal place of business in New York.    On information and belief, Endurance issued general liability policies to Meta during times relevant to this Complaint.  On information and belief, Endurance is licensed to do business in Delaware and, at all times relevant to this Complaint, was engaged in the business of selling contracts of insurance and did business in Delaware.

22.     Fireman's Fund Indemnity Corporation ("Fireman's Fund") is a New Jersey corporation with its principal place of business in Illinois.  On information and belief, Fireman's Fund issued general liability policies to Meta during times relevant to this Complaint.  On information and belief, Fireman's Fund is licensed to do business in Delaware and, at all times relevant to this Complaint, was engaged in the business of selling contracts of insurance and did business in Delaware.

23.     Gemini Insurance Company ("Gemini") is a Delaware corporation with its principal place of business in Connecticut.  On information and belief, Gemini issued general liability policies to Meta during times relevant to this Complaint.  On information and belief, Gemini is licensed to do business in Delaware and, at all

times relevant to this Complaint, was engaged in the business of selling contracts of insurance and did business in Delaware.

24.    Great American Insurance Company ("Great American") is an Ohio corporation with its principal place of business in Ohio.  On information and belief, Great American issued general liability policies to Meta during times relevant to this Complaint.  On information and belief, Great American is licensed to do business in Delaware and, at all times relevant to this Complaint, was engaged in the business of selling contracts of insurance and did business in Delaware.

25.    Great American Spirit Insurance Company ("Great American Spirit") is an Ohio corporation with its principal place of business in Ohio.  On information and belief, Great American Spirit issued general liability policies to Meta during times relevant to this Complaint.  On information and belief, Great American Spiri is licensed to do business in Delaware and, at all times relevant to this Complaint, was engaged in the business of selling contracts of insurance and did business in Delaware.

26.    Interstate Fire & Casualty Company ("Interstate") is an Illinois corporation with its principal place of business in Illinois.  On information and belief, Interstate issued general liability policies to Meta during times relevant to this Complaint.  On information and belief, Interstate is licensed to do business in

Delaware and, at all times relevant to this Complaint, was engaged in the business of selling contracts of insurance and did business in Delaware.

27.    On information and belief, Ironshore UK ("Ironshore") is a British corporation with its principal place of business in the United Kingdom.   On information and belief, Ironshore issued general liability policies to Meta during times relevant to this Complaint.  On information and belief, at all times relevant to this Complaint, Ironshore was engaged in the business of selling contracts of insurance and did business in Delaware.

28.    On information and belief, Liberty Mutual Insurance Europe Ltd. ("Liberty") is a British corporation with its principal place of business in the United Kingdom.   On information and belief, Liberty issued general liability policies to Meta during times relevant to this Complaint.  On information and belief, at all times relevant to this Complaint, Liberty was engaged in the business of selling contracts of insurance and did business in Delaware.

29.    On information and belief, the London Market Insurers issued general liability policies to Meta during times relevant to this Complaint.

30.    National Fire & Marine Insurance Company ("National Fire") is a Nebraska corporation with its principal place of business in Nebraska.   On information and belief, National Fire issued general liability policies to Meta during

times relevant to this Complaint.  On information and belief, National Fire is licensed to do business in Delaware and, at all times relevant to this Complaint, was engaged in the business of selling contracts of insurance and did business in Delaware.

31.    National Union Fire Insurance Company of Pittsburgh, PA ("National Union") is a Pennsylvania corporation with its principal place of business in New York.  On information and belief, National Union issued general liability policies to Meta during times relevant to this Complaint.  On information and belief, National Union is licensed to do business in Delaware and, at all times relevant to this Complaint, was engaged in the business of selling contracts of insurance and did business in Delaware.

32.    RSUI Indemnity Company ("RSUI") is a New Hampshire corporation with its principal place of business in Florida.  On information and belief, RSUI issued general liability policies to Meta during times relevant to this Complaint.  On information and belief, RSUI is licensed to do business in Delaware and, at all times relevant to this Complaint, was engaged in the business of selling contracts of insurance and did business in Delaware.

33.    Starr Surplus Lines Insurance Company ("Starr Surplus") is a Texas corporation with its principal place of business in New York.  On information and

belief, Starr Surplus issued general liability policies to Meta during times relevant to this Complaint.  On information and belief, Starr Surplus is licensed to do business in Delaware and, at all times relevant to this Complaint, was engaged in the business of selling contracts of insurance and did business in Delaware.

34.    StarStone Specialty Insurance Company ("StarStone") is a Delaware corporation with its principal place of business in Florida.  On information and belief, StarStone issued general liability policies to Meta during times relevant to this Complaint.  On information and belief, StarStone is licensed to do business in Delaware and, at all times relevant to this Complaint, was engaged in the business of selling contracts of insurance and did business in Delaware.

35.    Steadfast Insurance Company ("Steadfast") is a Delaware corporation with its principal place of business in Illinois.  On information and belief, Steadfast issued general liability policies to Meta during times relevant to this Complaint.  On information and belief, Steadfast is licensed to do business in Delaware and, at all times relevant to this Complaint, was engaged in the business of selling contracts of insurance and did business in Delaware.

36.    XL Insurance America, Inc., ("XL") is a Delaware corporation with its principal place of business in Connecticut.  On information and belief, XL issued general liability policies to Meta during times relevant to this Complaint.  On

information and belief, XL is licensed to do business in Delaware and, at all times relevant to this Complaint, was engaged in the business of selling contracts of insurance and did business in Delaware.

37.    On information and belief, each of the Third-Party defendant insurers and the Cross-claim defendant insurers (together, the "Other Insurers") has or may have an interest in the resolution of this dispute.  Third-Party defendant insurers are joined to ensure the interests they have or may have in the subject matter of this declaratory judgment action are not litigated and affected in their absence.

38.    On information and belief, additional insurers also may have issued insurance policies to Meta that may be relevant.  Chubb intends to seek discovery to identify any such additional insurers.  If any such additional insurers are identified, then Chubb will seek to amend this complaint to add those insurers into this case as additional parties as necessary, to maximize the Court's ability to enter comprehensive relief in this action.

## JURISDICTION

39.    This Court has subject matter jurisdiction pursuant to Article IV, § 7 of the Delaware Constitution and 10 Del. C. § 541.

40.    In addition, this Court has jurisdiction over this declaratory judgment action pursuant to 10 Del. C. §§ 6501, *et seq.*, which provides that "courts of record

within their respective jurisdictions shall have power to declare rights, status and other legal relations whether or not further relief is or could be claimed."

41.    This Court has personal jurisdiction over Meta because it is a Delaware corporation.  This Court has personal jurisdiction over Instagram LLC because it is a Delaware LLC.  The Court also has personal jurisdiction over Instagram LLC because it is a resident of Delaware as its sole member, Meta, is a Delaware corporation.

42.    This Court has personal jurisdiction over all the insurer parties because at material times they have conducted business, committed acts or omissions, or have caused substantial effects within the State of Delaware with respect to one or more causes of action arising from these acts, omissions, or effects.

## **FACTUAL BACKGROUND**

### **A.    The Chubb Policies**

43.    Federal issued primary policies, bearing the policy number 35892466, to the first named insured Facebook, Inc. for consecutive annual policy periods from October 9, 2007, through October 9, 2016 (the "Federal Primary Policies").[3]

---

[3] On information and belief, Meta has access to all of the Chubb policies.  Chubb is prepared to make the policies available to the Court and to the parties, as appropriate.

44.    Each of the Federal Primary Policies provides a general liability limit of $1,000,000 per occurrence and a $2,000,000 aggregate.

45.    The Federal Primary Policies contain terms, conditions, and requirements for coverage.  For example, the damages claimed under the Federal Primary Policies must be "for bodily injury or property damage."  "Bodily Injury" is defined as "physical: injury; sickness; or disease; sustained by a person, including resulting death, humiliation, mental anguish, mental injury or shock at any time.  All such loss shall be deemed to occur at the time of the physical injury, sickness or disease that caused it."  "Property damage" is defined as "physical injury to tangible property, including resulting loss of use of that property.  All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or loss of use of tangible property that is not physically injured.  All such loss of use shall be deemed to occur at the time of the occurrence that caused it."

46.    Moreover, that bodily injury or property damage must be "caused by an occurrence."  An "occurrence" is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

47.    Further, the coverage only applies to "such bodily injury or property damage that occurs during the policy period."

46

48.    Certain of the Federal Primary Policies additionally provide coverage for damages for "advertising injury or personal injury."  "Advertising injury" is defined as "injury, other than bodily injury, property damage or personal injury, sustained by a person or organization and caused by an offense of infringing, in that particular part of your advertisement about your goods, products or services, upon their: copyrighted advertisement; or registered collective mark, registered service mark or other registered trademarked name, slogan, symbol or title."  "Personal injury" is defined as "injury, other than bodily injury, property damage or advertising injury, caused by an offense of: A. false arrest, false detention or other false imprisonment; B. malicious prosecution; C. wrongful entry into, wrongful eviction of a person from or other violation of a person's right of private occupancy of a dwelling, premises or room that such person occupies, if committed by or on behalf of its landlord, lessor or owner; D. electronic, oral, written or other publication of material that: 1. libels or slanders a person or organization (which does not include disparagement of goods, products, property or services); or 2. violates a person's right of privacy; or E. discrimination, harassment or segregation based on a person's age, color, national origin, race, religion or sex."

49.    The Federal Primary Policies also contain certain exclusions, for example, for "bodily injury or property damage arising out of an act that is: is intended by the insured; or would be expected from the standpoint of a reasonable

person in the circumstances of the insured; to cause bodily injury or property damage, even if the actual bodily injury or property damage is of a different degree or type than intended or expected." The Federal Primary Policies also contain a "Loss in Progress" exclusion, which states that the "insurance does not apply to bodily injury or property damage that is a change, continuation or resumption of any bodily injury or property damage known by you, prior to the beginning of the policy period, to have occurred." Additionally, the Federal Primary Policies contain "Information Distribution Laws" exclusions, which state that the "insurance does not apply to any damages, loss, cost or expense arising out of any actual or alleged violation of: . . . or any . . . ordinance, regulation or statute relating to communicating, distribution, publication, sending or transmitting of content, information or material."

50.     The Federal Primary Policies state that Federal "will have the right and duty to defend the insured against a suit," and that any payments for such defense "will not reduce the Limits of Insurance" but Federal's "obligation to make these payments ends when we have used up the applicable Limit of Insurance."

51.     The Federal Primary Policies contain an endorsement modifying certain of Federal's defense obligations, including that "Federal's obligation to pay fees to counsel selected by the insured is limited to the rates which we actually pay

to counsel we retain in the ordinary course of business in the defense of similar actions in the community where the claim is being defended."

52.    The general liability coverage under each of the Federal Primary Policies—with the exception of the policies in effect from October 2007 through October 2010—is subject to a matching deductible of $1,000,000 that applies to "each event."  An "event" refers to an occurrence, offense, wrongful act or other cause of loss as described under the applicable coverage.  The deductible includes both "damages/loss" and "deductible expenses."  "Damage/loss" is defined as damages or other indemnity, while "deductible expenses" is defined to include attorney and paralegal fees and expenses related to a suit.

53.    Federal also issued umbrella policies, bearing the policy number 79865357, to the first named insured Facebook, Inc. for consecutive annual policy periods from October 9, 2007, through October 9, 2016 (the "Federal Umbrella Policies," together with the Federal Primary Policies, the "Federal Policies").  Each of the Federal Umbrella Policies provides a general liability limit of $10,000,000 per occurrence and in the aggregate.

54.    The Federal Umbrella Policies apply only upon exhaustion of underlying insurance and follow form to the terms of such underlying insurance. The Federal Umbrella Policies state "[t]his coverage will follow the terms and

conditions of underlying insurance described in the Schedule Of Underlying Insurance, unless a term or condition contained in this coverage: differs from any term or condition contained in the applicable underlying insurance; or is not contained in the applicable underlying insurance. With respect to such exceptions described above, the terms and conditions contained in this coverage will apply, to the extent that such terms and conditions provide less coverage than the terms and conditions of the applicable underlying insurance."

55.     Westchester Surplus issued excess policies, bearing the policy number G24093888, to the first named insured Facebook, Inc. for two consecutive annual policy periods from October 9, 2009, through October 9, 2011 (the "Westchester Surplus Policies"). The Westchester Surplus Policies provide a general liability limit of $15,000,000 in the 2009–2010 policy year and $25,000,000 in the 2010–2011 policy year, both per occurrence and in the aggregate. The Westchester Policies apply only upon exhaustion of underlying insurance and follow form to the terms of such underlying insurance.

56.     Westchester Fire issued excess policies, bearing the policy number G24093888, to the first named insured Facebook, Inc. for consecutive annual policy periods from October 9, 2011, through October 9, 2016 (the "Westchester Fire Policies"). The Westchester Fire Policies provide a general liability limit of

$15,000,000 per occurrence and in the aggregate, except for in the 2013–2014 policy year, where the policy provides a general liability limit of $10,000,000 per occurrence and in the aggregate.  The Westchester Policies apply only upon exhaustion of underlying insurance and follow form to the terms of such underlying insurance.

57.    ACE issued umbrella policies bearing the policy numbers XOOG71829820, to Facebook, Inc. for two consecutive annual policy periods from October 9, 2020, through October 9, 2022, and to Meta Platforms, Inc. for the annual policy period from October 9, 2022, through October 9, 2023 (the "ACE Policies"). Each of the ACE Policies provides a general liability limit of $15,000,000 per occurrence and in the aggregate.  The ACE Policies apply only upon exhaustion of underlying insurance and follow form to the terms of such underlying insurance.

### B.    The Social Media Lawsuits

58.    The vast majority of the Social Media Lawsuits are consolidated either in a multidistrict litigation pending in the Northern District of California (the "MDL") or Judicial Council Coordination Proceeding No. 5255 coordinated in the County of Los Angeles Central District Superior Court (the "JCCP").  In these actions, master complaints and short form complaints have supplanted many of the complaints originally filed by the plaintiffs.

59.    The Social Media lawsuits include certain core allegations that are generally common across the various cases.  The plaintiffs all generally allege that as a result of Meta's deliberate and strategic choices, including those design choices that seek to maximize user engagement, plaintiffs (including individuals, school districts and local governments, and Attorneys General) suffered their respective injuries.

60.    While the allegations as to Meta's "intentional" conduct are common across the Social Media Lawsuits, plaintiffs allege various theories of harm and/or liability.

61.    For example, certain individual plaintiffs describe a variety of mental and physical injuries allegedly suffered as a result of their use of Meta's social media platforms.  Many, if not all, allege injuries that occurred after the expiration of the last Federal primary policy issued to Meta.  The school district and local government plaintiffs allege budgetary harms that allegedly arise from students' use of Meta's social media platforms.  The Attorneys General allege harms associated with alleged violations of, for example, various unfair and deceptive acts and practices statutes.  None of the school district or local government or Attorney General lawsuits include allegations related to any specific injured individual or any specific damaged property.

**C.    Meta's Notices and Chubb's Coverage Position Letters**

62.    On information and belief, Meta has put each of the insurers included here on notice that Meta believes each insurer may be liable in whole or in part (directly or indirectly) for a judgment or settlement in the action or for the cost of defense.

63.    Meta first purported to provide notice of Social Media Lawsuits to Chubb in October 2022.  Facebook provided subsequent notices as additional Social Media Lawsuits were filed against it.

64.    Subject to a reservation of rights, including a right to reimbursement of any amounts paid, Federal, as a primary insurer, agreed to participate in Meta's defense for certain of the Social Media Lawsuits brought by specific individuals. Chubb also notified Meta that its policies did not provide coverage for other Social Media Lawsuits, namely those brought by various attorneys general.  In its coverage position letters, Chubb identified numerous requirements for coverage that the Social Media Lawsuits may not or do not satisfy, including, but not limited to:

      a. The Social Media Lawsuits must seek damages for "bodily injury" or "property damage," as those terms are defined in the Chubb Policies;

      b. Any bodily injury or property damage must be caused by an occurrence, defined in relevant part as an accident;

      c. Any damages for bodily injury or property damage must occur during the policy period;

d.  To be covered, defendants must be insureds under the policies;

e.  Any bodily injury or property damage must not arise out of an act that is intended to, or would be expected from the standpoint of a reasonable person to cause bodily injury or property damage, even if the actual bodily injury or property damage is of a different degree or type than intended or expected;

f.  Any bodily injury or property damage must not be change, continuation or resumption of any bodily injury or property damage known by Meta, prior to the beginning of the policy period, to have occurred;

g.  Any damages, loss, cost, or expense must not arise from actual or alleged violations of information distribution laws;

h.  Certain loss is not covered as a matter of public policy under the California Insurance Code Section 533;

i.  Under the Chubb Policies "damages" do not include equitable relief, including, but not limited to forward-looking relief;

j.  Defense costs must be reasonable, and must be allocated fairly between claims that fall within the scope of coverage and those that do not.

65.    In addition to issuing the coverage position letters referred to in the preceding paragraph, Chubb's coverage investigation is ongoing with regard to certain Social Media Lawsuits.

## CAUSES OF ACTION

## COUNT I: DECLARATORY JUDGMENT

### (Rights and Obligations as between Meta and Chubb for Defense Costs for Social Media Lawsuits)

66.    Federal reasserts and incorporates each allegation made in paragraphs 1–65 above.

54

67.     As described above, Meta has noticed and demanded insurance coverage under the Chubb Policies for defense costs from the Social Media Lawsuits.

68.     As described above, Chubb has agreed to participate in Meta's defense for certain Social Media Lawsuits subject to a reservation of rights, including for reimbursement, denied coverage for other Social Media Lawsuits, and continues to investigate the remainder.

69.     There exists an actual, ripe, and justiciable controversy between the parties concerning the rights and obligations of Chubb with regard to the existence of a duty to defend or reimburse defense costs for the Social Media Lawsuits under the respective terms, conditions, and exclusions of the Chubb Policies.

70.     Chubb seeks and is entitled to a declaration concerning Chubb's and Meta's respective obligations to defend or pay defense costs for the Social Media Lawsuits.

## COUNT II: DECLARATORY JUDGMENT

**(Rights and Obligations as between Chubb and Meta for Any Settlements or Judgments for the Social Media Lawsuits)**

71.     Federal reasserts and incorporates each allegation made in paragraphs 1–70 above.

72.    As described above, Meta has noticed and demanded insurance coverage under the Chubb Policies for the Social Media Lawsuits.

73.    Chubb denied coverage for certain Social Media Lawsuits, reserved rights as to others, and continues to investigate as to the remainder.

74.    There exists an actual, ripe, and justiciable controversy between the parties concerning the rights and obligations of Chubb with regard to coverage for the Social Media Lawsuits under the respective terms, conditions, and exclusions of the Chubb Policies.

75.    Chubb seeks and is entitled to a declaration concerning Chubb's and Meta's respective obligations to pay and settlements or judgments for the Social Media Lawsuits.

## COUNT III: DECLARATORY JUDGMENT

### (Right to Reimbursement from Meta)

76.    Federal reasserts and incorporates each allegation made in paragraphs 1–75 above.

77.    As described above, Chubb has agreed to participate in Meta's defense for certain Social Media Lawsuits subject to a reservation of rights, including for reimbursement, denied coverage for other Social Media Lawsuits, and continues to investigate the remainder.

78.     Chubb has or will pay certain defense costs for the Social Media Lawsuits subject to reservation of rights.

79.     There exists an actual, ripe, and justiciable controversy between the parties concerning whether Chubb owed and owes Meta any of the defense costs it has paid or will pay under the terms, conditions, and exclusions of the Chubb Policies.

80.     Chubb seeks a declaration as to whether Meta is obligated to reimburse Chubb for any amounts paid in connection with the Social Media Lawsuits, including the amounts of any such reimbursement, pursuant to the terms, conditions, and exclusions of the Chubb Policies and applicable law.

## COUNT IV: DECLARATORY JUDGMENT

**(Rights and Obligations, if any, of Other Insurers to Defend and Indemnify Meta for the Social Media Lawsuits)**

81.     Federal reasserts and incorporates each allegation made in paragraphs 1–80 above.

82.     As described above, Meta has noticed and demanded insurance coverage under the Chubb Policies for the Social Media Lawsuits.  On information and belief, Meta has also noticed and demanded insurance coverage under the Other Insurers' policies for the Social Media Lawsuits.

83.    To the extent that the Court determines that Chubb has any obligation to provide coverage for any of the Social Media Lawsuits, (a) Plaintiffs and the Other Insurers may owe reimbursement to Chubb, and (b) Chubb therefore seeks a declaration of the rights and obligations (including with respect to reimbursement for defense costs paid by Chubb), if any, of the Other Insurers with respect to coverage for any of the Social Media Lawsuits under the terms, conditions, and exclusions of their respective policies.

84.    There exists an actual, ripe, and justiciable controversy between the parties concerning the rights and obligations, if any, of the Other Insurers with regard to coverage for the Social Media Lawsuits under the respective terms, conditions, and requirements of their respective policies.  Chubb is entitled to a declaratory judgment regarding the Other Insurers' respective rights and obligations, if any, with regard to coverage for the Social Media Lawsuits.

## **PRAYER FOR RELIEF**

WHEREFORE, Chubb respectfully prays the Court enter judgment in its favor as follows:

(a)    A declaration as to whether or not Chubb owes Meta coverage for defense of any of the Social Media Lawsuits under the Chubb Policies;

58

(b)    A declaration as to whether or not Chubb owes Meta coverage for any settlements or judgment for the Social Media Lawsuits under the Chubb Policies;

(c)    A declaration as to whether or not Chubb is entitled to reimbursement from Meta, Plaintiffs, and/or the Other Insurers, and the amounts of any such reimbursement;

(d)    A declaration of the rights and obligations, if any, of Chubb, the Plaintiffs and the Other Insurers with regard to coverage for the Social Media Lawsuits;

(e)    Reasonable attorneys' fees and costs pursuant to the law; and

(f)    Such further and other relief that the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Chubb demands a trial by a jury of twelve on all claims so triable.

Dated: December 20, 2024

|  | /s/ Stamatios Stamoulis |
|---|---|

OF COUNSEL:

STAMOULIS & WEINBLATT LLC
Stamatios Stamoulis (Bar No. 4606)

HOLWELL SHUSTER & GOLDBERG LLP

800 N. West Street, Third Floor
Wilmington, DE 19801

Michael S. Shuster (*pro hac vice forthcoming*)
Blair E. Kaminsky (*pro hac vice forthcoming*)
Daniel M. Horowitz (*pro hac vice forthcoming*)

(302) 999-1540

425 Lexington Avenue
New York, New York 10017
(646) 837-5151

*Attorneys for Federal Insurance Company, Westchester Surplus Lines Insurance Company, Westchester Fire Insurance Company, and ACE Property and Casualty Insurance Company*

60

## CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2024, I caused a true and correct copy of the foregoing Answer, Counterclaim, Cross-Claim and Third Party Complaint to be served by File & ServeXpress upon all counsel of record in the above captioned matter.


/s/ *Stamatios Stamoulis*
Stamatios Stamoulis (Bar No. 4606)

**EFiled: Dec 20 2024 07:49PM EST**
**Transaction ID 75288440**
**Case No. N24C-11-010 SKR CCLD**

**IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE**

| | |
|---|---|
| HARTFORD CASUALTY INSURANCE COMPANY and SENTINEL INSURANCE COMPANY, LTD., | |
| Plaintiffs, | |
| *v.* | C.A. No. N24C-11-010 SKR CCLD |
| INSTAGRAM, LLC as successor in interest to Instagram a/k/a Burbn, Inc.; META PLATFORMS, INC. f/k/a TheFacebook Inc. d/b/a The Face Book, Inc.; FEDERAL INSURANCE COMPANY; OLD REPUBLIC INSURANCE COMPANY; STARR INDEMNITY AND LIABILITY COMPANY; and ZURICH AMERICAN INSURANCE COMPANY, | **JURY TRIAL DEMANDED (BY A JURY OF TWELVE)** |
| Defendants. | |

---

FEDERAL INSURANCE COMPANY

        Defendant and Counterclaim/Cross-claim/Third-Party Plaintiff,

*and*,

WESTCHESTER SURPLUS LINES INSURANCE COMPANY, WESTCHESTER FIRE INSURANCE COMPANY; and ACE PROPERTY AND CASUALTY INSURANCE COMPANY

        Third-Party Plaintiffs,

1

EFiled:  Dec 20 2024 07:49PM EST
Transaction ID 75288440
Case No. N24C-11-010 SKR CCLD

*v.*

HARTFORD CASUALTY INSURANCE
COMPANY; SENTINEL INSURANCE
COMPANY, LTD.; INSTAGRAM, LLC as
successor in interest to Instagram a/k/a
Burbn, Inc.; META PLATFORMS, INC.
f/k/a TheFacebook Inc. d/b/a The Face Book,
Inc.; OLD REPUBLIC INSURANCE
COMPANY; STARR INDEMNITY AND
LIABILITY COMPANY; ZURICH
AMERICAN INSURANCE COMPANY;
ALLIANZ GLOBAL CORPORATE &
SPECIALTY SE; ARCH INSURANCE
COMPANY; ARGO GROUP US; ASPEN
AMERICAN INSURANCE COMPANY;
CANOPIUS US INSURANCE, INC.;
ENDURANCE AMERICAN SPECIALTY;
FIREMANS FUND INDEMNITY
CORPORATION; GEMINI INSURANCE
COMPANY; GREAT AMERICAN
INSURANCE COMPANY; GREAT
AMERICAN SPIRIT INSURANCE
COMPANY; INTERSTATE FIRE &
CASUALTY COMPANY; IRONSHORE
UK; LIBERTY MUTUAL INSURANCE
EUROPE LTD.; THE LONDON MARKET
INSURERS; NATIONAL FIRE & MARINE
INSURANCE COMPANY; NATIONAL
UNION FIRE INSURANCE COMPANY OF
PITTSBURGH, PA; RSUI INDEMNITY
COMPANY; STARR SURPLUS LINES
INSURANCE COMPANY; STARSTONE
SPECIALTY INSURANCE COMPANY;
STEADFAST INSURANCE COMPANY;
XL INSURANCE AMERICA. INC.,

Defendants.

2

EFiled: Dec 20 2024 07:49PM EST
Transaction ID 75288440
Case No. N24C-11-010 SKR CCLD

## PRAECIPE

TO:   Prothonotary
      Superior Court of the State of Delaware
      Leonard L. Williams Justice Center
      500 North King Street, Suite 500
      Wilmington, Delaware 19801

PLEASE ISSUE Summonses in the forms attached hereto for service of

process as follows:

1.    To the Sheriff of New Castle County, directing the Sheriff to serve a

copy of the Summons and Complaint upon the below-named Third-Party Defendants

through their registered agents pursuant to 8 *Del. C.* § 321 at the following addresses:

> Argo Group US
> c/o Corporation Service Company
> 251 Little Falls Drive
> Wilmington, DE  19808
>
> Endurance American Specialty Insurance Company
> c/o Corporation Service Company
> 251 Little Falls Drive
> Wilmington, DE  19808
>
> Gemini Insurance Company
> c/o The Corporation Trust Company
> Corporation Trust Center
> 1209 Orange Street
> Wilmington, DE 19801
>
> Starstone Specialty Insurance Company
> c/o The Corporation Trust Company
> Corporation Trust Center
> 1209 Orange Street
> Wilmington, DE 19801

3

EFiled:  Dec 20 2024 07:49PM EST
Transaction ID 75288440
Case No. N24C-11-010 SKR CCLD

Steadfast Insurance Company
c/o Corporation Service Company
251 Little Falls Drive
Wilmington, DE  19808

XL Insurance America, Inc.
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

2.    To the Sheriff of Kent County, directing the Sheriff to serve a copy of the Summons and Complaint upon the below-named Third-Party Defendants through their registered agents pursuant to 8 *Del. C.* § 321 at the following addresses:

Canopius US Insurance, Inc.
c/o Coagency Global Inc.
850 New Burton Road Suite 201
Dover, DE  19904

3.    To the Sheriff of Kent County, directing the Sheriff to serve a copy of the Summons and Complaint upon the below-named Third-Party Defendants by serving the Delaware Department of Insurance pursuant to 18 *Del. C.* § 525 at the following addresses:

Arch Insurance Company
c/o Delaware Department of Insurance
1351 West North Street, Suite 101
Dover, DE 19904

4

EFiled:  Dec 20 2024 07:49PM EST
Transaction ID 75288440
Case No. N24C-11-010 SKR CCLD

Aspen American Insurance Company
c/o Delaware Department of Insurance
1351 West North Street, Suite 101
Dover, DE 19904

Fireman's Fund Indemnity Corporation
c/o Delaware Department of Insurance
1351 West North Street, Suite 101
Dover, DE 19904

Great American Insurance Company
c/o Delaware Department of Insurance
1351 West North Street, Suite 101
Dover, DE 19904

Great American Spirit Insurance Company
c/o Delaware Department of Insurance
1351 West North Street, Suite 101
Dover, DE 19904

Interstate Fire & Casualty Company
c/o Delaware Department of Insurance
1351 West North Street, Suite 101
Dover, DE 19904

National Fire & Marine Insurance Company
c/o Delaware Department of Insurance
1351 West North Street, Suite 101
Dover, DE 19904

National Union Fire Insurance Company of Pittsburgh, PA
c/o Delaware Department of Insurance
1351 West North Street, Suite 101
Dover, DE 19904

RSUI Indemnity Company
c/o Delaware Department of Insurance
1351 West North Street, Suite 101
Dover, DE 19904

EFiled: Dec 20 2024 07:49PM EST
Transaction ID 75288440
Case No. N24C-11-010 SKR CCLD

> Starr Surplus Lines Insurance Company
> c/o Delaware Department of Insurance
> 1351 West North Street, Suite 101
> Dover, DE 19904

At the time of service, the Sheriff will deliver a check payment to the Commissioner of Insurance in the amount of $25.00 for each party served, representing the required fee.

4.    To the Sheriff for Kent County, directing the Sheriff to serve a copy of the Summons and Complaint upon the below-named Third-Party Defendants by serving the Delaware Secretary of State pursuant to 8 *Del. C.* § 382 at the following address:

> c/o Delaware Secretary of State
> 401 Federal Street – Suite 4
> Dover, DE 19901

The entities for the Delaware Secretary of State to serve are as follows:

> Allianz Global Corporate & Specialty SE
> Dieselstraße 8
> 85774 Unterföhring
> Germany
>
> Ironshore UK
> 20 Fenchurch Street
> London, EC3M 3AW
> United Kingdom

EFiled: Dec 20 2024 07:49PM EST
Transaction ID 75288440
Case No. N24C-11-010 SKR CCLD

Liberty Mutual Insurance Europe Ltd.
5-7 Rue Léon Laval
Leudelange
Luxembourg
L-3372

December 20, 2024                              STAMOULIS & WEINBLATT LLC

                                               /s/ Stamatios Stamoulis
OF COUNSEL:                                    Stamatios Stamoulis (Bar No. 4606)
                                               800 N. West Street, Third Floor
HOLWELL SHUSTER                                Wilmington, DE 19801
   & GOLDBERG LLP                              (302) 999-1540
Michael S. Shuster (*pro hac vice
forthcoming*)
Blair E. Kaminsky (*pro hac vice               *Attorney for Federal Insurance Company,*
forthcoming*)                                  *Westchester Surplus Lines Insurance Company,*
Daniel M. Horowitz (*pro hac vice              *Westchester Fire Insurance Company, and ACE*
forthcoming*)                                  *Property and Casualty Insurance Company*

425 Lexington Avenue
New York, New York 10017
(646) 837-5151

EFiled:  Dec 20 2024 07:49PM EST
Transaction ID 75288440
Case No. N24C-11-010 SKR CCLD

**IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE**

| | |
|---|---|
| HARTFORD CASUALTY INSURANCE COMPANY and SENTINEL INSURANCE COMPANY, LTD., | |
| | |
| Plaintiffs, | |
| | C.A. No. N24C-11-010 SKR CCLD |
| *v.* | |
| | **JURY TRIAL DEMANDED (BY A JURY OF TWELVE)** |
| INSTAGRAM, LLC as successor in interest to Instagram a/k/a Burbn, Inc.; META PLATFORMS, INC. f/k/a TheFacebook Inc. d/b/a The Face Book, Inc.; FEDERAL INSURANCE COMPANY; OLD REPUBLIC INSURANCE COMPANY; STARR INDEMNITY AND LIABILITY COMPANY; and ZURICH AMERICAN INSURANCE COMPANY, | |
| | |
| Defendants. | |

FEDERAL INSURANCE COMPANY

      Defendant and Counterclaim/Cross-claim/Third-Party Plaintiff,

*and*,

WESTCHESTER SURPLUS LINES INSURANCE COMPANY, WESTCHESTER FIRE INSURANCE COMPANY; and ACE PROPERTY AND CASUALTY INSURANCE COMPANY

      Third-Party Plaintiffs,

*v.*

EFiled: Dec 20 2024 07:49PM EST
Transaction ID 75288440
Case No. N24C-11-010 SKR CCLD

HARTFORD CASUALTY INSURANCE
COMPANY; SENTINEL INSURANCE
COMPANY, LTD.; INSTAGRAM, LLC as
successor in interest to Instagram a/k/a
Burbn, Inc.; META PLATFORMS, INC.
f/k/a TheFacebook Inc. d/b/a The Face Book,
Inc.; OLD REPUBLIC INSURANCE
COMPANY; STARR INDEMNITY AND
LIABILITY COMPANY; ZURICH
AMERICAN INSURANCE COMPANY;
ALLIANZ GLOBAL CORPORATE &
SPECIALTY SE; ARCH INSURANCE
COMPANY; ARGO GROUP US; ASPEN
AMERICAN INSURANCE COMPANY;
CANOPIUS US INSURANCE, INC.;
ENDURANCE AMERICAN SPECIALTY;
FIREMANS FUND INDEMNITY
CORPORATION; GEMINI INSURANCE
COMPANY; GREAT AMERICAN
INSURANCE COMPANY; GREAT
AMERICAN SPIRIT INSURANCE
COMPANY; INTERSTATE FIRE &
CASUALTY COMPANY; IRONSHORE
UK; LIBERTY MUTUAL INSURANCE
EUROPE LTD.; THE LONDON MARKET
INSURERS; NATIONAL FIRE & MARINE
INSURANCE COMPANY; NATIONAL
UNION FIRE INSURANCE COMPANY OF
PITTSBURGH, PA; RSUI INDEMNITY
COMPANY; STARR SURPLUS LINES
INSURANCE COMPANY; STARSTONE
SPECIALTY INSURANCE COMPANY;
STEADFAST INSURANCE COMPANY;
XL INSURANCE AMERICA. INC.,

Defendants.

EFiled:  Dec 20 2024 07:49PM EST
Transaction ID 75288440
Case No. N24C-11-010 SKR CCLD

<u>**SUMMONS**</u>

**THE STATE OF DELAWARE
TO THE SHERIFF OF KENT COUNTY
YOU ARE COMMANDED:**

      To summon the Defendant **Allianz Global Corporate & Specialty SE**, so that, within 20 days after service hereof, exclusive of the day of service, Defendant shall serve upon **Stamatios Stamoulis**, attorney for Federal Insurance Company, Westchester Surplus Lines Insurance Company, Westchester Fire Insurance Company, and ACE Property and Casualty Insurance Company (together "Chubb"), whose address is **800 N. West Street, Third Floor, Wilmington, DE 19801**, an answer to Chubb's Counterclaims, Cross Claims, and Third-Party Complaint.

      To serve upon Defendant a copy hereof and of the Counterclaims, Cross Claims, and Third-Party Complaint.

Dated:                    <u>*COLLEEN REDMOND*</u>
                            Prothonotary


                         _____
                           *Per Deputy*


**TO ALLIANZ GLOBAL CORPORATE & SPECIALTY SE:**

      In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on Chubb's attorney named above an answer to the complaint, judgment by default will be rendered against you for the relief demanded in Chubb's Counterclaims, Cross Claims, and Third-Party Complaint.

Dated:                    <u>*COLLEEN REDMOND*</u>
                            Prothonotary


                         _____
                           *Per Deputy*

3

EFiled:  Dec 20 2024 07:49PM EST
Transaction ID 75288440
Case No. N24C-11-010 SKR CCLD

**IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE**

HARTFORD CASUALTY INSURANCE
COMPANY and SENTINEL INSURANCE
COMPANY, LTD.,

        Plaintiffs,

    *v.*

INSTAGRAM, LLC as successor in interest
to Instagram a/k/a Burbn, Inc.; META
PLATFORMS, INC. f/k/a TheFacebook Inc.
d/b/a The Face Book, Inc.; FEDERAL
INSURANCE COMPANY; OLD
REPUBLIC INSURANCE COMPANY;
STARR INDEMNITY AND LIABILITY
COMPANY; and ZURICH AMERICAN
INSURANCE COMPANY,

        Defendants.

_____

FEDERAL INSURANCE COMPANY

        Defendant and
        Counterclaim/Cross-
        claim/Third-Party Plaintiff,

    *and*,

WESTCHESTER SURPLUS LINES
INSURANCE COMPANY,
WESTCHESTER FIRE INSURANCE
COMPANY; and ACE PROPERTY AND
CASUALTY INSURANCE COMPANY

        Third-Party Plaintiffs,

    *v.*

C.A. No. N24C-11-010 SKR
CCLD

**JURY TRIAL DEMANDED
(BY A JURY OF TWELVE)**

EFiled: Dec 20 2024 07:49PM EST
Transaction ID 75288440
Case No. N24C-11-010 SKR CCLD

HARTFORD CASUALTY INSURANCE
COMPANY; SENTINEL INSURANCE
COMPANY, LTD.; INSTAGRAM, LLC as
successor in interest to Instagram a/k/a
Burbn, Inc.; META PLATFORMS, INC.
f/k/a TheFacebook Inc. d/b/a The Face Book,
Inc.; OLD REPUBLIC INSURANCE
COMPANY; STARR INDEMNITY AND
LIABILITY COMPANY; ZURICH
AMERICAN INSURANCE COMPANY;
ALLIANZ GLOBAL CORPORATE &
SPECIALTY SE; ARCH INSURANCE
COMPANY; ARGO GROUP US; ASPEN
AMERICAN INSURANCE COMPANY;
CANOPIUS US INSURANCE, INC.;
ENDURANCE AMERICAN SPECIALTY;
FIREMANS FUND INDEMNITY
CORPORATION; GEMINI INSURANCE
COMPANY; GREAT AMERICAN
INSURANCE COMPANY; GREAT
AMERICAN SPIRIT INSURANCE
COMPANY; INTERSTATE FIRE &
CASUALTY COMPANY; IRONSHORE
UK; LIBERTY MUTUAL INSURANCE
EUROPE LTD.; THE LONDON MARKET
INSURERS; NATIONAL FIRE & MARINE
INSURANCE COMPANY; NATIONAL
UNION FIRE INSURANCE COMPANY OF
PITTSBURGH, PA; RSUI INDEMNITY
COMPANY; STARR SURPLUS LINES
INSURANCE COMPANY; STARSTONE
SPECIALTY INSURANCE COMPANY;
STEADFAST INSURANCE COMPANY;
XL INSURANCE AMERICA. INC.,

Defendants.

2

EFiled: Dec 20 2024 07:49PM EST
Transaction ID 75288440
Case No. N24C-11-010 SKR CCLD

## SUMMONS

**THE STATE OF DELAWARE**
**TO THE SHERIFF OF KENT COUNTY**
**YOU ARE COMMANDED:**

To summon the Defendant **Arch Insurance Company**, so that, within 20 days after service hereof, exclusive of the day of service, Defendant shall serve upon **Stamatios Stamoulis**, attorney for Federal Insurance Company, Westchester Surplus Lines Insurance Company, Westchester Fire Insurance Company, and ACE Property and Casualty Insurance Company (together "Chubb"), whose address is **800 N. West Street, Third Floor, Wilmington, DE 19801**, an answer to Chubb's Counterclaims, Cross Claims, and Third-Party Complaint.

To serve upon Defendant a copy hereof and of the Counterclaims, Cross Claims, and Third-Party Complaint.

Dated:                              _COLLEEN REDMOND_
                                      Prothonotary

                                      _____
                                      _Per Deputy_


**TO ARCH INSURANCE COMPANY:**

In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on Chubb's attorney named above an answer to the complaint, judgment by default will be rendered against you for the relief demanded in Chubb's Counterclaims, Cross Claims, and Third-Party Complaint.

Dated:                              _COLLEEN REDMOND_
                                      Prothonotary

                                      _____
                                      _Per Deputy_

3

EFiled:  Dec 20 2024 07:49PM EST
Transaction ID 75288440
Case No. N24C-11-010 SKR CCLD

# IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE

| | |
|---|---|
| HARTFORD CASUALTY INSURANCE COMPANY and SENTINEL INSURANCE COMPANY, LTD., | |
| Plaintiffs, | |
| *v.* | C.A. No. N24C-11-010 SKR CCLD |
| INSTAGRAM, LLC as successor in interest to Instagram a/k/a Burbn, Inc.; META PLATFORMS, INC. f/k/a TheFacebook Inc. d/b/a The Face Book, Inc.; FEDERAL INSURANCE COMPANY; OLD REPUBLIC INSURANCE COMPANY; STARR INDEMNITY AND LIABILITY COMPANY; and ZURICH AMERICAN INSURANCE COMPANY, | **JURY TRIAL DEMANDED (BY A JURY OF TWELVE)** |
| Defendants. | |

FEDERAL INSURANCE COMPANY

        Defendant and Counterclaim/Cross-claim/Third-Party Plaintiff,

  *and*,

WESTCHESTER SURPLUS LINES INSURANCE COMPANY, WESTCHESTER FIRE INSURANCE COMPANY; and ACE PROPERTY AND CASUALTY INSURANCE COMPANY

        Third-Party Plaintiffs,

  *v.*

EFiled: Dec 20 2024 07:49PM EST
Transaction ID 75288440
Case No. N24C-11-010 SKR CCLD

HARTFORD CASUALTY INSURANCE
COMPANY; SENTINEL INSURANCE
COMPANY, LTD.; INSTAGRAM, LLC as
successor in interest to Instagram a/k/a
Burbn, Inc.; META PLATFORMS, INC.
f/k/a TheFacebook Inc. d/b/a The Face Book,
Inc.; OLD REPUBLIC INSURANCE
COMPANY; STARR INDEMNITY AND
LIABILITY COMPANY; ZURICH
AMERICAN INSURANCE COMPANY;
ALLIANZ GLOBAL CORPORATE &
SPECIALTY SE; ARCH INSURANCE
COMPANY; ARGO GROUP US; ASPEN
AMERICAN INSURANCE COMPANY;
CANOPIUS US INSURANCE, INC.;
ENDURANCE AMERICAN SPECIALTY;
FIREMANS FUND INDEMNITY
CORPORATION; GEMINI INSURANCE
COMPANY; GREAT AMERICAN
INSURANCE COMPANY; GREAT
AMERICAN SPIRIT INSURANCE
COMPANY; INTERSTATE FIRE &
CASUALTY COMPANY; IRONSHORE
UK; LIBERTY MUTUAL INSURANCE
EUROPE LTD.; THE LONDON MARKET
INSURERS; NATIONAL FIRE & MARINE
INSURANCE COMPANY; NATIONAL
UNION FIRE INSURANCE COMPANY OF
PITTSBURGH, PA; RSUI INDEMNITY
COMPANY; STARR SURPLUS LINES
INSURANCE COMPANY; STARSTONE
SPECIALTY INSURANCE COMPANY;
STEADFAST INSURANCE COMPANY;
XL INSURANCE AMERICA. INC.,

Defendants.

EFiled:  Dec 20 2024 07:49PM EST
Transaction ID 75288440
Case No. N24C-11-010 SKR CCLD

# SUMMONS

**THE STATE OF DELAWARE**
**TO THE SHERIFF OF NEW CASTLE COUNTY**
**YOU ARE COMMANDED:**

To summon the Defendant **Argo Group US**, so that, within 20 days after service hereof, exclusive of the day of service, Defendant shall serve upon **Stamatios Stamoulis**, attorney for Federal Insurance Company, Westchester Surplus Lines Insurance Company, Westchester Fire Insurance Company, and ACE Property and Casualty Insurance Company (together "Chubb"), whose address is **800 N. West Street, Third Floor, Wilmington, DE 19801**, an answer to Chubb's Counterclaims, Cross Claims, and Third-Party Complaint.

To serve upon Defendant a copy hereof and of the Counterclaims, Cross Claims, and Third-Party Complaint.

Dated:                          *COLLEEN REDMOND*
                                Prothonotary

                               _____
                                *Per Deputy*

**TO ARGO GROUP US:**

In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on Chubb's attorney named above an answer to the complaint, judgment by default will be rendered against you for the relief demanded in Chubb's Counterclaims, Cross Claims, and Third-Party Complaint.

Dated:                          *COLLEEN REDMOND*
                                Prothonotary

                                _____
                                *Per Deputy*

EFiled: Dec 20 2024 07:49PM EST
Transaction ID 75288440
Case No. N24C-11-010 SKR CCLD

**IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE**

HARTFORD CASUALTY INSURANCE
COMPANY and SENTINEL INSURANCE
COMPANY, LTD.,

        Plaintiffs,

      *v.*

INSTAGRAM, LLC as successor in interest
to Instagram a/k/a Burbn, Inc.; META
PLATFORMS, INC. f/k/a TheFacebook Inc.
d/b/a The Face Book, Inc.; FEDERAL
INSURANCE COMPANY; OLD
REPUBLIC INSURANCE COMPANY;
STARR INDEMNITY AND LIABILITY
COMPANY; and ZURICH AMERICAN
INSURANCE COMPANY,

        Defendants.

---

FEDERAL INSURANCE COMPANY

        Defendant and
        Counterclaim/Cross-
        claim/Third-Party Plaintiff,

    *and*,

WESTCHESTER SURPLUS LINES
INSURANCE COMPANY,
WESTCHESTER FIRE INSURANCE
COMPANY; and ACE PROPERTY AND
CASUALTY INSURANCE COMPANY

        Third-Party Plaintiffs,

    *v.*

C.A. No. N24C-11-010 SKR
CCLD

**JURY TRIAL DEMANDED
(BY A JURY OF TWELVE)**

EFiled: Dec 20 2024 07:49PM EST
Transaction ID 75288440
Case No. N24C-11-010 SKR CCLD

HARTFORD CASUALTY INSURANCE
COMPANY; SENTINEL INSURANCE
COMPANY, LTD.; INSTAGRAM, LLC as
successor in interest to Instagram a/k/a
Burbn, Inc.; META PLATFORMS, INC.
f/k/a TheFacebook Inc. d/b/a The Face Book,
Inc.; OLD REPUBLIC INSURANCE
COMPANY; STARR INDEMNITY AND
LIABILITY COMPANY; ZURICH
AMERICAN INSURANCE COMPANY;
ALLIANZ GLOBAL CORPORATE &
SPECIALTY SE; ARCH INSURANCE
COMPANY; ARGO GROUP US; ASPEN
AMERICAN INSURANCE COMPANY;
CANOPIUS US INSURANCE, INC.;
ENDURANCE AMERICAN SPECIALTY;
FIREMANS FUND INDEMNITY
CORPORATION; GEMINI INSURANCE
COMPANY; GREAT AMERICAN
INSURANCE COMPANY; GREAT
AMERICAN SPIRIT INSURANCE
COMPANY; INTERSTATE FIRE &
CASUALTY COMPANY; IRONSHORE
UK; LIBERTY MUTUAL INSURANCE
EUROPE LTD.; THE LONDON MARKET
INSURERS; NATIONAL FIRE & MARINE
INSURANCE COMPANY; NATIONAL
UNION FIRE INSURANCE COMPANY OF
PITTSBURGH, PA; RSUI INDEMNITY
COMPANY; STARR SURPLUS LINES
INSURANCE COMPANY; STARSTONE
SPECIALTY INSURANCE COMPANY;
STEADFAST INSURANCE COMPANY;
XL INSURANCE AMERICA. INC.,

Defendants.

EFiled: Dec 20 2024 07:49PM EST
Transaction ID 75288440
Case No. N24C-11-010 SKR CCLD

## SUMMONS

**THE STATE OF DELAWARE**
**TO THE SHERIFF OF KENT COUNTY**
**YOU ARE COMMANDED:**

To summon the Defendant **Aspen American Insurance Company**, so that, within 20 days after service hereof, exclusive of the day of service, Defendant shall serve upon **Stamatios Stamoulis**, attorney for Federal Insurance Company, Westchester Surplus Lines Insurance Company, Westchester Fire Insurance Company, and ACE Property and Casualty Insurance Company (together "Chubb"), whose address is **800 N. West Street, Third Floor, Wilmington, DE 19801**, an answer to Chubb's Counterclaims, Cross Claims, and Third-Party Complaint.

To serve upon Defendant a copy hereof and of the Counterclaims, Cross Claims, and Third-Party Complaint.

Dated:                                     _COLLEEN REDMOND_
                                           Prothonotary

                                           _____
                                           _Per Deputy_


**TO ASPEN AMERICAN INSURANCE COMPANY:**

In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on Chubb's attorney named above an answer to the complaint, judgment by default will be rendered against you for the relief demanded in Chubb's Counterclaims, Cross Claims, and Third-Party Complaint.

Dated:                                     _COLLEEN REDMOND_
                                           Prothonotary

                                           _____
                                           _Per Deputy_

EFiled: Dec 20 2024 07:49PM EST
Transaction ID 75288440
Case No. N24C-11-010 SKR CCLD

**IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE**

| | |
|---|---|
| HARTFORD CASUALTY INSURANCE COMPANY and SENTINEL INSURANCE COMPANY, LTD., | |
| Plaintiffs, | |
| *v.* | C.A. No. N24C-11-010 SKR CCLD |
| INSTAGRAM, LLC as successor in interest to Instagram a/k/a Burbn, Inc.; META PLATFORMS, INC. f/k/a TheFacebook Inc. d/b/a The Face Book, Inc.; FEDERAL INSURANCE COMPANY; OLD REPUBLIC INSURANCE COMPANY; STARR INDEMNITY AND LIABILITY COMPANY; and ZURICH AMERICAN INSURANCE COMPANY, | **JURY TRIAL DEMANDED (BY A JURY OF TWELVE)** |
| Defendants. | |

---

FEDERAL INSURANCE COMPANY

   Defendant and Counterclaim/Cross-claim/Third-Party Plaintiff,

 *and*,

WESTCHESTER SURPLUS LINES INSURANCE COMPANY, WESTCHESTER FIRE INSURANCE COMPANY; and ACE PROPERTY AND CASUALTY INSURANCE COMPANY

   Third-Party Plaintiffs,

 *v.*

EFiled: Dec 20 2024 07:49PM EST
Transaction ID 75288440
Case No. N24C-11-010 SKR CCLD



HARTFORD CASUALTY INSURANCE
COMPANY; SENTINEL INSURANCE
COMPANY, LTD.; INSTAGRAM, LLC as
successor in interest to Instagram a/k/a
Burbn, Inc.; META PLATFORMS, INC.
f/k/a TheFacebook Inc. d/b/a The Face Book,
Inc.; OLD REPUBLIC INSURANCE
COMPANY; STARR INDEMNITY AND
LIABILITY COMPANY; ZURICH
AMERICAN INSURANCE COMPANY;
ALLIANZ GLOBAL CORPORATE &
SPECIALTY SE; ARCH INSURANCE
COMPANY; ARGO GROUP US; ASPEN
AMERICAN INSURANCE COMPANY;
CANOPIUS US INSURANCE, INC.;
ENDURANCE AMERICAN SPECIALTY;
FIREMANS FUND INDEMNITY
CORPORATION; GEMINI INSURANCE
COMPANY; GREAT AMERICAN
INSURANCE COMPANY; GREAT
AMERICAN SPIRIT INSURANCE
COMPANY; INTERSTATE FIRE &
CASUALTY COMPANY; IRONSHORE
UK; LIBERTY MUTUAL INSURANCE
EUROPE LTD.; THE LONDON MARKET
INSURERS; NATIONAL FIRE & MARINE
INSURANCE COMPANY; NATIONAL
UNION FIRE INSURANCE COMPANY OF
PITTSBURGH, PA; RSUI INDEMNITY
COMPANY; STARR SURPLUS LINES
INSURANCE COMPANY; STARSTONE
SPECIALTY INSURANCE COMPANY;
STEADFAST INSURANCE COMPANY;
XL INSURANCE AMERICA. INC.,

Defendants.

EFiled: Dec 20 2024 07:49PM EST
Transaction ID 75288440
Case No. N24C-11-010 SKR CCLD

## <u>SUMMONS</u>

**THE STATE OF DELAWARE**
**TO THE SHERIFF OF KENT COUNTY**
**YOU ARE COMMANDED:**

To summon the Defendant **Canopius US Insurance, Inc.**, so that, within 20 days after service hereof, exclusive of the day of service, Defendant shall serve upon **Stamatios Stamoulis**, attorney for Federal Insurance Company, Westchester Surplus Lines Insurance Company, Westchester Fire Insurance Company, and ACE Property and Casualty Insurance Company (together "Chubb"), whose address is **800 N. West Street, Third Floor, Wilmington, DE 19801**, an answer to Chubb's Counterclaims, Cross Claims, and Third-Party Complaint.

To serve upon Defendant a copy hereof and of the Counterclaims, Cross Claims, and Third-Party Complaint.

Dated:                                  *COLLEEN REDMOND*
                                        Prothonotary

                                        _____
                                        *Per Deputy*


**TO CANOPIUS US INSURANCE, INC.:**

In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on Chubb's attorney named above an answer to the complaint, judgment by default will be rendered against you for the relief demanded in Chubb's Counterclaims, Cross Claims, and Third-Party Complaint.

Dated:                                  *COLLEEN REDMOND*
                                        Prothonotary

                                        _____
                                        *Per Deputy*

3

EFiled: Dec 20 2024 07:49PM EST
Transaction ID 75288440
Case No. N24C-11-010 SKR CCLD

**IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE**

| | |
|---|---|
| HARTFORD CASUALTY INSURANCE COMPANY and SENTINEL INSURANCE COMPANY, LTD., | |
| | |
| Plaintiffs, | |
| | C.A. No. N24C-11-010 SKR CCLD |
| *v.* | |
| | **JURY TRIAL DEMANDED (BY A JURY OF TWELVE)** |
| INSTAGRAM, LLC as successor in interest to Instagram a/k/a Burbn, Inc.; META PLATFORMS, INC. f/k/a TheFacebook Inc. d/b/a The Face Book, Inc.; FEDERAL INSURANCE COMPANY; OLD REPUBLIC INSURANCE COMPANY; STARR INDEMNITY AND LIABILITY COMPANY; and ZURICH AMERICAN INSURANCE COMPANY, | |
| | |
| Defendants. | |

_____

FEDERAL INSURANCE COMPANY

       Defendant and Counterclaim/Cross-claim/Third-Party Plaintiff,

*and*,

WESTCHESTER SURPLUS LINES INSURANCE COMPANY, WESTCHESTER FIRE INSURANCE COMPANY; and ACE PROPERTY AND CASUALTY INSURANCE COMPANY

       Third-Party Plaintiffs,

*v.*



EFiled: Dec 20 2024 07:49PM EST
Transaction ID 75288440
Case No. N24C-11-010 SKR CCLD

HARTFORD CASUALTY INSURANCE
COMPANY; SENTINEL INSURANCE
COMPANY, LTD.; INSTAGRAM, LLC as
successor in interest to Instagram a/k/a
Burbn, Inc.; META PLATFORMS, INC.
f/k/a TheFacebook Inc. d/b/a The Face Book,
Inc.; OLD REPUBLIC INSURANCE
COMPANY; STARR INDEMNITY AND
LIABILITY COMPANY; ZURICH
AMERICAN INSURANCE COMPANY;
ALLIANZ GLOBAL CORPORATE &
SPECIALTY SE; ARCH INSURANCE
COMPANY; ARGO GROUP US; ASPEN
AMERICAN INSURANCE COMPANY;
CANOPIUS US INSURANCE, INC.;
ENDURANCE AMERICAN SPECIALTY;
FIREMANS FUND INDEMNITY
CORPORATION; GEMINI INSURANCE
COMPANY; GREAT AMERICAN
INSURANCE COMPANY; GREAT
AMERICAN SPIRIT INSURANCE
COMPANY; INTERSTATE FIRE &
CASUALTY COMPANY; IRONSHORE
UK; LIBERTY MUTUAL INSURANCE
EUROPE LTD.; THE LONDON MARKET
INSURERS; NATIONAL FIRE & MARINE
INSURANCE COMPANY; NATIONAL
UNION FIRE INSURANCE COMPANY OF
PITTSBURGH, PA; RSUI INDEMNITY
COMPANY; STARR SURPLUS LINES
INSURANCE COMPANY; STARSTONE
SPECIALTY INSURANCE COMPANY;
STEADFAST INSURANCE COMPANY;
XL INSURANCE AMERICA. INC.,

Defendants.

EFiled: Dec 20 2024 07:49PM EST
Transaction ID 75288440
Case No. N24C-11-010 SKR CCLD

## SUMMONS

**THE STATE OF DELAWARE**
**TO THE SHERIFF OF NEW CASTLE COUNTY**
**YOU ARE COMMANDED:**

To summon the Defendant **Endurance American Specialty Insurance Company**, so that, within 20 days after service hereof, exclusive of the day of service, Defendant shall serve upon **Stamatios Stamoulis**, attorney for Federal Insurance Company, Westchester Surplus Lines Insurance Company, Westchester Fire Insurance Company, and ACE Property and Casualty Insurance Company (together "Chubb"), whose address is **800 N. West Street, Third Floor, Wilmington, DE 19801**, an answer to Chubb's Counterclaims, Cross Claims, and Third-Party Complaint.

To serve upon Defendant a copy hereof and of the Counterclaims, Cross Claims, and Third-Party Complaint.

Dated:                    *COLLEEN REDMOND*
                          Prothonotary

                          _____
                          *Per Deputy*

**TO ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY:**

In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on Chubb's attorney named above an answer to the complaint, judgment by default will be rendered against you for the relief demanded in Chubb's Counterclaims, Cross Claims, and Third-Party Complaint.

Dated:                    *COLLEEN REDMOND*
                          Prothonotary

                          _____
                          *Per Deputy*

3

EFiled: Dec 20 2024 07:49PM EST
Transaction ID 75288440
Case No. N24C-11-010 SKR CCLD

## IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE

| | |
|---|---|
| HARTFORD CASUALTY INSURANCE COMPANY and SENTINEL INSURANCE COMPANY, LTD., | |
| Plaintiffs, | |
| *v.* | C.A. No. N24C-11-010 SKR CCLD |
| INSTAGRAM, LLC as successor in interest to Instagram a/k/a Burbn, Inc.; META PLATFORMS, INC. f/k/a TheFacebook Inc. d/b/a The Face Book, Inc.; FEDERAL INSURANCE COMPANY; OLD REPUBLIC INSURANCE COMPANY; STARR INDEMNITY AND LIABILITY COMPANY; and ZURICH AMERICAN INSURANCE COMPANY, | **JURY TRIAL DEMANDED (BY A JURY OF TWELVE)** |
| Defendants. | |

FEDERAL INSURANCE COMPANY

        Defendant and Counterclaim/Cross-claim/Third-Party Plaintiff,

*and*,

WESTCHESTER SURPLUS LINES INSURANCE COMPANY, WESTCHESTER FIRE INSURANCE COMPANY; and ACE PROPERTY AND CASUALTY INSURANCE COMPANY

        Third-Party Plaintiffs,

    *v.*

EFiled:  Dec 20 2024 07:49PM EST
Transaction ID 75288440
Case No. N24C-11-010 SKR CCLD

HARTFORD CASUALTY INSURANCE
COMPANY; SENTINEL INSURANCE
COMPANY, LTD.; INSTAGRAM, LLC as
successor in interest to Instagram a/k/a
Burbn, Inc.; META PLATFORMS, INC.
f/k/a TheFacebook Inc. d/b/a The Face Book,
Inc.; OLD REPUBLIC INSURANCE
COMPANY; STARR INDEMNITY AND
LIABILITY COMPANY; ZURICH
AMERICAN INSURANCE COMPANY;
ALLIANZ GLOBAL CORPORATE &
SPECIALTY SE; ARCH INSURANCE
COMPANY; ARGO GROUP US; ASPEN
AMERICAN INSURANCE COMPANY;
CANOPIUS US INSURANCE, INC.;
ENDURANCE AMERICAN SPECIALTY;
FIREMANS FUND INDEMNITY
CORPORATION; GEMINI INSURANCE
COMPANY; GREAT AMERICAN
INSURANCE COMPANY; GREAT
AMERICAN SPIRIT INSURANCE
COMPANY; INTERSTATE FIRE &
CASUALTY COMPANY; IRONSHORE
UK; LIBERTY MUTUAL INSURANCE
EUROPE LTD.; THE LONDON MARKET
INSURERS; NATIONAL FIRE & MARINE
INSURANCE COMPANY; NATIONAL
UNION FIRE INSURANCE COMPANY OF
PITTSBURGH, PA; RSUI INDEMNITY
COMPANY; STARR SURPLUS LINES
INSURANCE COMPANY; STARSTONE
SPECIALTY INSURANCE COMPANY;
STEADFAST INSURANCE COMPANY;
XL INSURANCE AMERICA. INC.,

Defendants.

EFiled:  Dec 20 2024 07:49PM EST
Transaction ID 75288440
Case No. N24C-11-010 SKR CCLD

## <u>SUMMONS</u>

**THE STATE OF DELAWARE**
**TO THE SHERIFF OF KENT COUNTY**
**YOU ARE COMMANDED:**

To summon the Defendant **Fireman's Fund Indemnity Corporation**, so that, within 20 days after service hereof, exclusive of the day of service, Defendant shall serve upon **Stamatios Stamoulis**, attorney for Federal Insurance Company, Westchester Surplus Lines Insurance Company, Westchester Fire Insurance Company, and ACE Property and Casualty Insurance Company (together "Chubb"), whose address is **800 N. West Street, Third Floor, Wilmington, DE 19801**, an answer to Chubb's Counterclaims, Cross Claims, and Third-Party Complaint.

To serve upon Defendant a copy hereof and of the Counterclaims, Cross Claims, and Third-Party Complaint.

Dated: <u>COLLEEN REDMOND</u>
Prothonotary

_____
*Per Deputy*

**TO FIREMAN'S FUND INDEMNITY CORPORATION:**

In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on Chubb's attorney named above an answer to the complaint, judgment by default will be rendered against you for the relief demanded in Chubb's Counterclaims, Cross Claims, and Third-Party Complaint.

Dated: <u>COLLEEN REDMOND</u>
Prothonotary

_____
*Per Deputy*

EFiled:  Dec 20 2024 07:49PM EST
Transaction ID 75288440
Case No. N24C-11-010 SKR CCLD

**IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE**

HARTFORD CASUALTY INSURANCE
COMPANY and SENTINEL INSURANCE
COMPANY, LTD.,

         Plaintiffs,

    *v.*

INSTAGRAM, LLC as successor in interest
to Instagram a/k/a Burbn, Inc.; META
PLATFORMS, INC. f/k/a TheFacebook Inc.
d/b/a The Face Book, Inc.; FEDERAL
INSURANCE COMPANY; OLD
REPUBLIC INSURANCE COMPANY;
STARR INDEMNITY AND LIABILITY
COMPANY; and ZURICH AMERICAN
INSURANCE COMPANY,

         Defendants.

_____

FEDERAL INSURANCE COMPANY

         Defendant and
         Counterclaim/Cross-
         claim/Third-Party Plaintiff,

    *and*,

WESTCHESTER SURPLUS LINES
INSURANCE COMPANY,
WESTCHESTER FIRE INSURANCE
COMPANY; and ACE PROPERTY AND
CASUALTY INSURANCE COMPANY

         Third-Party Plaintiffs,

    *v.*

C.A. No. N24C-11-010 SKR
CCLD

**JURY TRIAL DEMANDED
(BY A JURY OF TWELVE)**

EFiled:  Dec 20 2024 07:49PM EST
Transaction ID 75288440
Case No. N24C-11-010 SKR CCLD



HARTFORD CASUALTY INSURANCE
COMPANY; SENTINEL INSURANCE
COMPANY, LTD.; INSTAGRAM, LLC as
successor in interest to Instagram a/k/a
Burbn, Inc.; META PLATFORMS, INC.
f/k/a TheFacebook Inc. d/b/a The Face Book,
Inc.; OLD REPUBLIC INSURANCE
COMPANY; STARR INDEMNITY AND
LIABILITY COMPANY; ZURICH
AMERICAN INSURANCE COMPANY;
ALLIANZ GLOBAL CORPORATE &
SPECIALTY SE; ARCH INSURANCE
COMPANY; ARGO GROUP US; ASPEN
AMERICAN INSURANCE COMPANY;
CANOPIUS US INSURANCE, INC.;
ENDURANCE AMERICAN SPECIALTY;
FIREMANS FUND INDEMNITY
CORPORATION; GEMINI INSURANCE
COMPANY; GREAT AMERICAN
INSURANCE COMPANY; GREAT
AMERICAN SPIRIT INSURANCE
COMPANY; INTERSTATE FIRE &
CASUALTY COMPANY; IRONSHORE
UK; LIBERTY MUTUAL INSURANCE
EUROPE LTD.; THE LONDON MARKET
INSURERS; NATIONAL FIRE & MARINE
INSURANCE COMPANY; NATIONAL
UNION FIRE INSURANCE COMPANY OF
PITTSBURGH, PA; RSUI INDEMNITY
COMPANY; STARR SURPLUS LINES
INSURANCE COMPANY; STARSTONE
SPECIALTY INSURANCE COMPANY;
STEADFAST INSURANCE COMPANY;
XL INSURANCE AMERICA. INC.,

        Defendants.

EFiled: Dec 20 2024 07:49PM EST
Transaction ID 75288440
Case No. N24C-11-010 SKR CCLD

## SUMMONS

**THE STATE OF DELAWARE**
**TO THE SHERIFF OF NEW CASTLE COUNTY**
**YOU ARE COMMANDED:**

To summon the Defendant **Gemini Insurance Company**, so that, within 20 days after service hereof, exclusive of the day of service, Defendant shall serve upon **Stamatios Stamoulis**, attorney for Federal Insurance Company, Westchester Surplus Lines Insurance Company, Westchester Fire Insurance Company, and ACE Property and Casualty Insurance Company (together "Chubb"), whose address is **800 N. West Street, Third Floor, Wilmington, DE 19801**, an answer to Chubb's Counterclaims, Cross Claims, and Third-Party Complaint.

To serve upon Defendant a copy hereof and of the Counterclaims, Cross Claims, and Third-Party Complaint.

Dated:                                      *COLLEEN REDMOND*
                                                 Prothonotary


                                                 _____
                                                 *Per Deputy*



**TO GEMINI INSURANCE COMPANY:**

In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on Chubb's attorney named above an answer to the complaint, judgment by default will be rendered against you for the relief demanded in Chubb's Counterclaims, Cross Claims, and Third-Party Complaint.

Dated:                                      *COLLEEN REDMOND*
                                                 Prothonotary


                                                 _____
                                                 *Per Deputy*

3

**EFiled:  Dec 20 2024 07:49PM EST**
**Transaction ID 75288440**
**Case No. N24C-11-010 SKR CCLD**

## IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE

| | |
|---|---|
| HARTFORD CASUALTY INSURANCE COMPANY and SENTINEL INSURANCE COMPANY, LTD., | |
| Plaintiffs, | |
| *v.* | C.A. No. N24C-11-010 SKR CCLD |
| INSTAGRAM, LLC as successor in interest to Instagram a/k/a Burbn, Inc.; META PLATFORMS, INC. f/k/a TheFacebook Inc. d/b/a The Face Book, Inc.; FEDERAL INSURANCE COMPANY; OLD REPUBLIC INSURANCE COMPANY; STARR INDEMNITY AND LIABILITY COMPANY; and ZURICH AMERICAN INSURANCE COMPANY, | **JURY TRIAL DEMANDED (BY A JURY OF TWELVE)** |
| Defendants. | |

FEDERAL INSURANCE COMPANY

        Defendant and Counterclaim/Cross-claim/Third-Party Plaintiff,

   *and*,

WESTCHESTER SURPLUS LINES INSURANCE COMPANY, WESTCHESTER FIRE INSURANCE COMPANY; and ACE PROPERTY AND CASUALTY INSURANCE COMPANY

        Third-Party Plaintiffs,

   *v.*

EFiled: Dec 20 2024 07:49PM EST
Transaction ID 75288440
Case No. N24C-11-010 SKR CCLD

HARTFORD CASUALTY INSURANCE
COMPANY; SENTINEL INSURANCE
COMPANY, LTD.; INSTAGRAM, LLC as
successor in interest to Instagram a/k/a
Burbn, Inc.; META PLATFORMS, INC.
f/k/a TheFacebook Inc. d/b/a The Face Book,
Inc.; OLD REPUBLIC INSURANCE
COMPANY; STARR INDEMNITY AND
LIABILITY COMPANY; ZURICH
AMERICAN INSURANCE COMPANY;
ALLIANZ GLOBAL CORPORATE &
SPECIALTY SE; ARCH INSURANCE
COMPANY; ARGO GROUP US; ASPEN
AMERICAN INSURANCE COMPANY;
CANOPIUS US INSURANCE, INC.;
ENDURANCE AMERICAN SPECIALTY;
FIREMANS FUND INDEMNITY
CORPORATION; GEMINI INSURANCE
COMPANY; GREAT AMERICAN
INSURANCE COMPANY; GREAT
AMERICAN SPIRIT INSURANCE
COMPANY; INTERSTATE FIRE &
CASUALTY COMPANY; IRONSHORE
UK; LIBERTY MUTUAL INSURANCE
EUROPE LTD.; THE LONDON MARKET
INSURERS; NATIONAL FIRE & MARINE
INSURANCE COMPANY; NATIONAL
UNION FIRE INSURANCE COMPANY OF
PITTSBURGH, PA; RSUI INDEMNITY
COMPANY; STARR SURPLUS LINES
INSURANCE COMPANY; STARSTONE
SPECIALTY INSURANCE COMPANY;
STEADFAST INSURANCE COMPANY;
XL INSURANCE AMERICA. INC.,

            Defendants.

EFiled: Dec 20 2024 07:49PM EST
Transaction ID 75288440
Case No. N24C-11-010 SKR CCLD

## SUMMONS

**THE STATE OF DELAWARE**
**TO THE SHERIFF OF KENT COUNTY**
**YOU ARE COMMANDED:**

To summon the Defendant **Great American Insurance Company**, so that, within 20 days after service hereof, exclusive of the day of service, Defendant shall serve upon **Stamatios Stamoulis**, attorney for Federal Insurance Company, Westchester Surplus Lines Insurance Company, Westchester Fire Insurance Company, and ACE Property and Casualty Insurance Company (together "Chubb"), whose address is **800 N. West Street, Third Floor, Wilmington, DE 19801**, an answer to Chubb's Counterclaims, Cross Claims, and Third-Party Complaint.

To serve upon Defendant a copy hereof and of the Counterclaims, Cross Claims, and Third-Party Complaint.

Dated:                                              _COLLEEN REDMOND_
                                                       Prothonotary

                                                       _____
                                                       _Per Deputy_


**TO GREAT AMERICAN INSURANCE COMPANY:**

In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on Chubb's attorney named above an answer to the complaint, judgment by default will be rendered against you for the relief demanded in Chubb's Counterclaims, Cross Claims, and Third-Party Complaint.

Dated:                                              _COLLEEN REDMOND_
                                                       Prothonotary

                                                       _____
                                                       _Per Deputy_

EFiled: Dec 20 2024 07:49PM EST
Transaction ID 75288440
Case No. N24C-11-010 SKR CCLD

**IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE**

| | |
|---|---|
| HARTFORD CASUALTY INSURANCE COMPANY and SENTINEL INSURANCE COMPANY, LTD., | |
| | |
|         Plaintiffs, | |
| | C.A. No. N24C-11-010 SKR CCLD |
|      *v.* | |
| | **JURY TRIAL DEMANDED (BY A JURY OF TWELVE)** |
| INSTAGRAM, LLC as successor in interest to Instagram a/k/a Burbn, Inc.; META PLATFORMS, INC. f/k/a TheFacebook Inc. d/b/a The Face Book, Inc.; FEDERAL INSURANCE COMPANY; OLD REPUBLIC INSURANCE COMPANY; STARR INDEMNITY AND LIABILITY COMPANY; and ZURICH AMERICAN INSURANCE COMPANY, | |
| | |
|         Defendants. | |

---

FEDERAL INSURANCE COMPANY

        Defendant and Counterclaim/Cross-claim/Third-Party Plaintiff,

    *and*,

WESTCHESTER SURPLUS LINES INSURANCE COMPANY, WESTCHESTER FIRE INSURANCE COMPANY; and ACE PROPERTY AND CASUALTY INSURANCE COMPANY

        Third-Party Plaintiffs,

    *v.*

EFiled: Dec 20 2024 07:49PM EST
Transaction ID 75288440
Case No. N24C-11-010 SKR CCLD



HARTFORD CASUALTY INSURANCE
COMPANY; SENTINEL INSURANCE
COMPANY, LTD.; INSTAGRAM, LLC as
successor in interest to Instagram a/k/a
Burbn, Inc.; META PLATFORMS, INC.
f/k/a TheFacebook Inc. d/b/a The Face Book,
Inc.; OLD REPUBLIC INSURANCE
COMPANY; STARR INDEMNITY AND
LIABILITY COMPANY; ZURICH
AMERICAN INSURANCE COMPANY;
ALLIANZ GLOBAL CORPORATE &
SPECIALTY SE; ARCH INSURANCE
COMPANY; ARGO GROUP US; ASPEN
AMERICAN INSURANCE COMPANY;
CANOPIUS US INSURANCE, INC.;
ENDURANCE AMERICAN SPECIALTY;
FIREMANS FUND INDEMNITY
CORPORATION; GEMINI INSURANCE
COMPANY; GREAT AMERICAN
INSURANCE COMPANY; GREAT
AMERICAN SPIRIT INSURANCE
COMPANY; INTERSTATE FIRE &
CASUALTY COMPANY; IRONSHORE
UK; LIBERTY MUTUAL INSURANCE
EUROPE LTD.; THE LONDON MARKET
INSURERS; NATIONAL FIRE & MARINE
INSURANCE COMPANY; NATIONAL
UNION FIRE INSURANCE COMPANY OF
PITTSBURGH, PA; RSUI INDEMNITY
COMPANY; STARR SURPLUS LINES
INSURANCE COMPANY; STARSTONE
SPECIALTY INSURANCE COMPANY;
STEADFAST INSURANCE COMPANY;
XL INSURANCE AMERICA. INC.,

Defendants.

EFiled: Dec 20 2024 07:49PM EST
Transaction ID 75288440
Case No. N24C-11-010 SKR CCLD

## <u>SUMMONS</u>

**THE STATE OF DELAWARE**
**TO THE SHERIFF OF KENT COUNTY**
**YOU ARE COMMANDED:**

To summon the Defendant **Great American Spirit Insurance Company**, so that, within 20 days after service hereof, exclusive of the day of service, Defendant shall serve upon **Stamatios Stamoulis**, attorney for Federal Insurance Company, Westchester Surplus Lines Insurance Company, Westchester Fire Insurance Company, and ACE Property and Casualty Insurance Company (together "Chubb"), whose address is **800 N. West Street, Third Floor, Wilmington, DE 19801**, an answer to Chubb's Counterclaims, Cross Claims, and Third-Party Complaint.

To serve upon Defendant a copy hereof and of the Counterclaims, Cross Claims, and Third-Party Complaint.

Dated:                            *COLLEEN REDMOND*
                                     Prothonotary

                                   _____
                                     *Per Deputy*

**TO GREAT AMERICAN SPIRIT INSURANCE COMPANY:**

In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on Chubb's attorney named above an answer to the complaint, judgment by default will be rendered against you for the relief demanded in Chubb's Counterclaims, Cross Claims, and Third-Party Complaint.

Dated:                            *COLLEEN REDMOND*
                                     Prothonotary

                                   _____
                                     *Per Deputy*

3

EFiled:  Dec 20 2024 07:49PM EST
Transaction ID 75288440
Case No. N24C-11-010 SKR CCLD



# IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE

HARTFORD CASUALTY INSURANCE
COMPANY and SENTINEL INSURANCE
COMPANY, LTD.,

        Plaintiffs,

        *v.*

INSTAGRAM, LLC as successor in interest
to Instagram a/k/a Burbn, Inc.; META
PLATFORMS, INC. f/k/a TheFacebook Inc.
d/b/a The Face Book, Inc.; FEDERAL
INSURANCE COMPANY; OLD
REPUBLIC INSURANCE COMPANY;
STARR INDEMNITY AND LIABILITY
COMPANY; and ZURICH AMERICAN
INSURANCE COMPANY,

        Defendants.

_____

FEDERAL INSURANCE COMPANY

        Defendant and
        Counterclaim/Cross-
        claim/Third-Party Plaintiff,

    *and*,

WESTCHESTER SURPLUS LINES
INSURANCE COMPANY,
WESTCHESTER FIRE INSURANCE
COMPANY; and ACE PROPERTY AND
CASUALTY INSURANCE COMPANY

        Third-Party Plaintiffs,

    *v.*

C.A. No. N24C-11-010 SKR
CCLD

**JURY TRIAL DEMANDED
(BY A JURY OF TWELVE)**

EFiled: Dec 20 2024 07:49PM EST
Transaction ID 75288440
Case No. N24C-11-010 SKR CCLD



HARTFORD CASUALTY INSURANCE
COMPANY; SENTINEL INSURANCE
COMPANY, LTD.; INSTAGRAM, LLC as
successor in interest to Instagram a/k/a
Burbn, Inc.; META PLATFORMS, INC.
f/k/a TheFacebook Inc. d/b/a The Face Book,
Inc.; OLD REPUBLIC INSURANCE
COMPANY; STARR INDEMNITY AND
LIABILITY COMPANY; ZURICH
AMERICAN INSURANCE COMPANY;
ALLIANZ GLOBAL CORPORATE &
SPECIALTY SE; ARCH INSURANCE
COMPANY; ARGO GROUP US; ASPEN
AMERICAN INSURANCE COMPANY;
CANOPIUS US INSURANCE, INC.;
ENDURANCE AMERICAN SPECIALTY;
FIREMANS FUND INDEMNITY
CORPORATION; GEMINI INSURANCE
COMPANY; GREAT AMERICAN
INSURANCE COMPANY; GREAT
AMERICAN SPIRIT INSURANCE
COMPANY; INTERSTATE FIRE &
CASUALTY COMPANY; IRONSHORE
UK; LIBERTY MUTUAL INSURANCE
EUROPE LTD.; THE LONDON MARKET
INSURERS; NATIONAL FIRE & MARINE
INSURANCE COMPANY; NATIONAL
UNION FIRE INSURANCE COMPANY OF
PITTSBURGH, PA; RSUI INDEMNITY
COMPANY; STARR SURPLUS LINES
INSURANCE COMPANY; STARSTONE
SPECIALTY INSURANCE COMPANY;
STEADFAST INSURANCE COMPANY;
XL INSURANCE AMERICA. INC.,

Defendants.

2

EFiled:  Dec 20 2024 07:49PM EST
Transaction ID 75288440
Case No. N24C-11-010 SKR CCLD

## SUMMONS

**THE STATE OF DELAWARE
TO THE SHERIFF OF KENT COUNTY
YOU ARE COMMANDED:**

To summon the Defendant **Interstate Fire & Casualty Company**, so that, within 20 days after service hereof, exclusive of the day of service, Defendant shall serve upon **Stamatios Stamoulis**, attorney for Federal Insurance Company, Westchester Surplus Lines Insurance Company, Westchester Fire Insurance Company, and ACE Property and Casualty Insurance Company (together "Chubb"), whose address is **800 N. West Street, Third Floor, Wilmington, DE 19801**, an answer to Chubb's Counterclaims, Cross Claims, and Third-Party Complaint.

To serve upon Defendant a copy hereof and of the Counterclaims, Cross Claims, and Third-Party Complaint.

Dated:                                    *COLLEEN REDMOND*
                                          Prothonotary


                                          _____
                                          *Per Deputy*


**TO INTERSTATE FIRE & CASUALTY COMPANY:**

In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on Chubb's attorney named above an answer to the complaint, judgment by default will be rendered against you for the relief demanded in Chubb's Counterclaims, Cross Claims, and Third-Party Complaint.

Dated:                                    *COLLEEN REDMOND*
                                          Prothonotary


                                          _____
                                          *Per Deputy*

EFiled: Dec 20 2024 07:49PM EST
Transaction ID 75288440
Case No. N24C-11-010 SKR CCLD

**IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE**

|  |  |
|---|---|
| HARTFORD CASUALTY INSURANCE COMPANY and SENTINEL INSURANCE COMPANY, LTD., | |
| Plaintiffs, | |
| *v.* | C.A. No. N24C-11-010 SKR CCLD |
| INSTAGRAM, LLC as successor in interest to Instagram a/k/a Burbn, Inc.; META PLATFORMS, INC. f/k/a TheFacebook Inc. d/b/a The Face Book, Inc.; FEDERAL INSURANCE COMPANY; OLD REPUBLIC INSURANCE COMPANY; STARR INDEMNITY AND LIABILITY COMPANY; and ZURICH AMERICAN INSURANCE COMPANY, | **JURY TRIAL DEMANDED (BY A JURY OF TWELVE)** |
| Defendants. | |

---

|  |
|---|
| FEDERAL INSURANCE COMPANY |
| Defendant and Counterclaim/Cross-claim/Third-Party Plaintiff, |
| *and*, |
| WESTCHESTER SURPLUS LINES INSURANCE COMPANY, WESTCHESTER FIRE INSURANCE COMPANY; and ACE PROPERTY AND CASUALTY INSURANCE COMPANY |
| Third-Party Plaintiffs, |
| *v.* |

EFiled:  Dec 20 2024 07:49PM EST
Transaction ID 75288440
Case No. N24C-11-010 SKR CCLD



HARTFORD CASUALTY INSURANCE
COMPANY; SENTINEL INSURANCE
COMPANY, LTD.; INSTAGRAM, LLC as
successor in interest to Instagram a/k/a
Burbn, Inc.; META PLATFORMS, INC.
f/k/a TheFacebook Inc. d/b/a The Face Book,
Inc.; OLD REPUBLIC INSURANCE
COMPANY; STARR INDEMNITY AND
LIABILITY COMPANY; ZURICH
AMERICAN INSURANCE COMPANY;
ALLIANZ GLOBAL CORPORATE &
SPECIALTY SE; ARCH INSURANCE
COMPANY; ARGO GROUP US; ASPEN
AMERICAN INSURANCE COMPANY;
CANOPIUS US INSURANCE, INC.;
ENDURANCE AMERICAN SPECIALTY;
FIREMANS FUND INDEMNITY
CORPORATION; GEMINI INSURANCE
COMPANY; GREAT AMERICAN
INSURANCE COMPANY; GREAT
AMERICAN SPIRIT INSURANCE
COMPANY; INTERSTATE FIRE &
CASUALTY COMPANY; IRONSHORE
UK; LIBERTY MUTUAL INSURANCE
EUROPE LTD.; THE LONDON MARKET
INSURERS; NATIONAL FIRE & MARINE
INSURANCE COMPANY; NATIONAL
UNION FIRE INSURANCE COMPANY OF
PITTSBURGH, PA; RSUI INDEMNITY
COMPANY; STARR SURPLUS LINES
INSURANCE COMPANY; STARSTONE
SPECIALTY INSURANCE COMPANY;
STEADFAST INSURANCE COMPANY;
XL INSURANCE AMERICA. INC.,

Defendants.

EFiled:  Dec 20 2024 07:49PM EST
Transaction ID 75288440
Case No. N24C-11-010 SKR CCLD

## SUMMONS

**THE STATE OF DELAWARE**
**TO THE SHERIFF OF KENT COUNTY**
**YOU ARE COMMANDED:**

To summon the Defendant **Ironshore UK**, so that, within 20 days after service hereof, exclusive of the day of service, Defendant shall serve upon **Stamatios Stamoulis**, attorney for Federal Insurance Company, Westchester Surplus Lines Insurance Company, Westchester Fire Insurance Company, and ACE Property and Casualty Insurance Company (together "Chubb"), whose address is **800 N. West Street, Third Floor, Wilmington, DE 19801**, an answer to Chubb's Counterclaims, Cross Claims, and Third-Party Complaint.

To serve upon Defendant a copy hereof and of the Counterclaims, Cross Claims, and Third-Party Complaint.

Dated:                                  *COLLEEN REDMOND*
                                        Prothonotary

                                        _____
                                        *Per Deputy*


**TO IRONSHORE UK:**

In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on Chubb's attorney named above an answer to the complaint, judgment by default will be rendered against you for the relief demanded in Chubb's Counterclaims, Cross Claims, and Third-Party Complaint.

Dated:                                  *COLLEEN REDMOND*
                                        Prothonotary

                                        _____
                                        *Per Deputy*

3

EFiled: Dec 20 2024 07:49PM EST
Transaction ID 75288440
Case No. N24C-11-010 SKR CCLD

**IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE**

| | |
|---|---|
| HARTFORD CASUALTY INSURANCE COMPANY and SENTINEL INSURANCE COMPANY, LTD., | |
| Plaintiffs, | C.A. No. N24C-11-010 SKR CCLD |
| *v.* | |
| INSTAGRAM, LLC as successor in interest to Instagram a/k/a Burbn, Inc.; META PLATFORMS, INC. f/k/a TheFacebook Inc. d/b/a The Face Book, Inc.; FEDERAL INSURANCE COMPANY; OLD REPUBLIC INSURANCE COMPANY; STARR INDEMNITY AND LIABILITY COMPANY; and ZURICH AMERICAN INSURANCE COMPANY, | **JURY TRIAL DEMANDED (BY A JURY OF TWELVE)** |
| Defendants. | |
| FEDERAL INSURANCE COMPANY | |
| Defendant and Counterclaim/Cross-claim/Third-Party Plaintiff, | |
| *and*, | |
| WESTCHESTER SURPLUS LINES INSURANCE COMPANY, WESTCHESTER FIRE INSURANCE COMPANY; and ACE PROPERTY AND CASUALTY INSURANCE COMPANY | |
| Third-Party Plaintiffs, | |
| *v.* | |

EFiled: Dec 20 2024 07:49PM EST
Transaction ID 75288440
Case No. N24C-11-010 SKR CCLD

HARTFORD CASUALTY INSURANCE COMPANY; SENTINEL INSURANCE COMPANY, LTD.; INSTAGRAM, LLC as successor in interest to Instagram a/k/a Burbn, Inc.; META PLATFORMS, INC. f/k/a TheFacebook Inc. d/b/a The Face Book, Inc.; OLD REPUBLIC INSURANCE COMPANY; STARR INDEMNITY AND LIABILITY COMPANY; ZURICH AMERICAN INSURANCE COMPANY; ALLIANZ GLOBAL CORPORATE & SPECIALTY SE; ARCH INSURANCE COMPANY; ARGO GROUP US; ASPEN AMERICAN INSURANCE COMPANY; CANOPIUS US INSURANCE, INC.; ENDURANCE AMERICAN SPECIALTY; FIREMANS FUND INDEMNITY CORPORATION; GEMINI INSURANCE COMPANY; GREAT AMERICAN INSURANCE COMPANY; GREAT AMERICAN SPIRIT INSURANCE COMPANY; INTERSTATE FIRE & CASUALTY COMPANY; IRONSHORE UK; LIBERTY MUTUAL INSURANCE EUROPE LTD.; THE LONDON MARKET INSURERS; NATIONAL FIRE & MARINE INSURANCE COMPANY; NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA; RSUI INDEMNITY COMPANY; STARR SURPLUS LINES INSURANCE COMPANY; STARSTONE SPECIALTY INSURANCE COMPANY; STEADFAST INSURANCE COMPANY; XL INSURANCE AMERICA. INC.,

Defendants.

EFiled: Dec 20 2024 07:49PM EST
Transaction ID 75288440
Case No. N24C-11-010 SKR CCLD



## SUMMONS

**THE STATE OF DELAWARE**
**TO THE SHERIFF OF KENT COUNTY**
**YOU ARE COMMANDED:**

To summon the Defendant **Liberty Mutual Insurance Europe Ltd.**, so that, within 20 days after service hereof, exclusive of the day of service, Defendant shall serve upon **Stamatios Stamoulis**, attorney for Federal Insurance Company, Westchester Surplus Lines Insurance Company, Westchester Fire Insurance Company, and ACE Property and Casualty Insurance Company (together "Chubb"), whose address is **800 N. West Street, Third Floor, Wilmington, DE 19801**, an answer to Chubb's Counterclaims, Cross Claims, and Third-Party Complaint.

To serve upon Defendant a copy hereof and of the Counterclaims, Cross Claims, and Third-Party Complaint.

Dated:                         *COLLEEN REDMOND*
                               Prothonotary

                            _____
                               *Per Deputy*

**TO LIBERTY MUTUAL INSURANCE EUROPE LTD.:**

In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on Chubb's attorney named above an answer to the complaint, judgment by default will be rendered against you for the relief demanded in Chubb's Counterclaims, Cross Claims, and Third-Party Complaint.

Dated:                         *COLLEEN REDMOND*
                               Prothonotary

                            _____
                               *Per Deputy*

EFiled:  Dec 20 2024 07:49PM EST
Transaction ID 75288440
Case No. N24C-11-010 SKR CCLD



**IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE**

HARTFORD CASUALTY INSURANCE
COMPANY and SENTINEL INSURANCE
COMPANY, LTD.,

      Plaintiffs,

      *v.*

INSTAGRAM, LLC as successor in interest
to Instagram a/k/a Burbn, Inc.; META
PLATFORMS, INC. f/k/a TheFacebook Inc.
d/b/a The Face Book, Inc.; FEDERAL
INSURANCE COMPANY; OLD
REPUBLIC INSURANCE COMPANY;
STARR INDEMNITY AND LIABILITY
COMPANY; and ZURICH AMERICAN
INSURANCE COMPANY,

      Defendants.

———————————————

FEDERAL INSURANCE COMPANY

      Defendant and
      Counterclaim/Cross-
      claim/Third-Party Plaintiff,

  *and*,

WESTCHESTER SURPLUS LINES
INSURANCE COMPANY,
WESTCHESTER FIRE INSURANCE
COMPANY; and ACE PROPERTY AND
CASUALTY INSURANCE COMPANY

      Third-Party Plaintiffs,

      *v.*

C.A. No. N24C-11-010 SKR
CCLD

**JURY TRIAL DEMANDED
(BY A JURY OF TWELVE)**

EFiled:  Dec 20 2024 07:49PM EST
Transaction ID 75288440
Case No. N24C-11-010 SKR CCLD

HARTFORD CASUALTY INSURANCE
COMPANY; SENTINEL INSURANCE
COMPANY, LTD.; INSTAGRAM, LLC as
successor in interest to Instagram a/k/a
Burbn, Inc.; META PLATFORMS, INC.
f/k/a TheFacebook Inc. d/b/a The Face Book,
Inc.; OLD REPUBLIC INSURANCE
COMPANY; STARR INDEMNITY AND
LIABILITY COMPANY; ZURICH
AMERICAN INSURANCE COMPANY;
ALLIANZ GLOBAL CORPORATE &
SPECIALTY SE; ARCH INSURANCE
COMPANY; ARGO GROUP US; ASPEN
AMERICAN INSURANCE COMPANY;
CANOPIUS US INSURANCE, INC.;
ENDURANCE AMERICAN SPECIALTY;
FIREMANS FUND INDEMNITY
CORPORATION; GEMINI INSURANCE
COMPANY; GREAT AMERICAN
INSURANCE COMPANY; GREAT
AMERICAN SPIRIT INSURANCE
COMPANY; INTERSTATE FIRE &
CASUALTY COMPANY; IRONSHORE
UK; LIBERTY MUTUAL INSURANCE
EUROPE LTD.; THE LONDON MARKET
INSURERS; NATIONAL FIRE & MARINE
INSURANCE COMPANY; NATIONAL
UNION FIRE INSURANCE COMPANY OF
PITTSBURGH, PA; RSUI INDEMNITY
COMPANY; STARR SURPLUS LINES
INSURANCE COMPANY; STARSTONE
SPECIALTY INSURANCE COMPANY;
STEADFAST INSURANCE COMPANY;
XL INSURANCE AMERICA. INC.,

　　　　Defendants.

2

EFiled: Dec 20 2024 07:49PM EST
Transaction ID 75288440
Case No. N24C-11-010 SKR CCLD

## **SUMMONS**

**THE STATE OF DELAWARE**
**TO THE SHERIFF OF KENT COUNTY**
**YOU ARE COMMANDED:**

To summon the Defendant **National Fire & Marine Insurance Company**, so that, within 20 days after service hereof, exclusive of the day of service, Defendant shall serve upon **Stamatios Stamoulis**, attorney for Federal Insurance Company, Westchester Surplus Lines Insurance Company, Westchester Fire Insurance Company, and ACE Property and Casualty Insurance Company (together "Chubb"), whose address is **800 N. West Street, Third Floor, Wilmington, DE 19801**, an answer to Chubb's Counterclaims, Cross Claims, and Third-Party Complaint.

To serve upon Defendant a copy hereof and of the Counterclaims, Cross Claims, and Third-Party Complaint.

Dated:

*COLLEEN REDMOND*
Prothonotary

_____
*Per Deputy*

**TO NATIONAL FIRE & MARINE INSURANCE COMPANY:**

In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on Chubb's attorney named above an answer to the complaint, judgment by default will be rendered against you for the relief demanded in Chubb's Counterclaims, Cross Claims, and Third-Party Complaint.

Dated:

*COLLEEN REDMOND*
Prothonotary

_____
*Per Deputy*

3

EFiled: Dec 20 2024 07:49PM EST
Transaction ID 75288440
Case No. N24C-11-010 SKR CCLD

## IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE

| | |
|---|---|
| HARTFORD CASUALTY INSURANCE COMPANY and SENTINEL INSURANCE COMPANY, LTD., | |
| Plaintiffs, | |
| *v.* | C.A. No. N24C-11-010 SKR CCLD |
| INSTAGRAM, LLC as successor in interest to Instagram a/k/a Burbn, Inc.; META PLATFORMS, INC. f/k/a TheFacebook Inc. d/b/a The Face Book, Inc.; FEDERAL INSURANCE COMPANY; OLD REPUBLIC INSURANCE COMPANY; STARR INDEMNITY AND LIABILITY COMPANY; and ZURICH AMERICAN INSURANCE COMPANY, | **JURY TRIAL DEMANDED (BY A JURY OF TWELVE)** |
| Defendants. | |

---

FEDERAL INSURANCE COMPANY

       Defendant and Counterclaim/Cross-claim/Third-Party Plaintiff,

  *and*,

WESTCHESTER SURPLUS LINES INSURANCE COMPANY, WESTCHESTER FIRE INSURANCE COMPANY; and ACE PROPERTY AND CASUALTY INSURANCE COMPANY

       Third-Party Plaintiffs,

  *v.*

EFiled: Dec 20 2024 07:49PM EST
Transaction ID 75288440
Case No. N24C-11-010 SKR CCLD



HARTFORD CASUALTY INSURANCE
COMPANY; SENTINEL INSURANCE
COMPANY, LTD.; INSTAGRAM, LLC as
successor in interest to Instagram a/k/a
Burbn, Inc.; META PLATFORMS, INC.
f/k/a TheFacebook Inc. d/b/a The Face Book,
Inc.; OLD REPUBLIC INSURANCE
COMPANY; STARR INDEMNITY AND
LIABILITY COMPANY; ZURICH
AMERICAN INSURANCE COMPANY;
ALLIANZ GLOBAL CORPORATE &
SPECIALTY SE; ARCH INSURANCE
COMPANY; ARGO GROUP US; ASPEN
AMERICAN INSURANCE COMPANY;
CANOPIUS US INSURANCE, INC.;
ENDURANCE AMERICAN SPECIALTY;
FIREMANS FUND INDEMNITY
CORPORATION; GEMINI INSURANCE
COMPANY; GREAT AMERICAN
INSURANCE COMPANY; GREAT
AMERICAN SPIRIT INSURANCE
COMPANY; INTERSTATE FIRE &
CASUALTY COMPANY; IRONSHORE
UK; LIBERTY MUTUAL INSURANCE
EUROPE LTD.; THE LONDON MARKET
INSURERS; NATIONAL FIRE & MARINE
INSURANCE COMPANY; NATIONAL
UNION FIRE INSURANCE COMPANY OF
PITTSBURGH, PA; RSUI INDEMNITY
COMPANY; STARR SURPLUS LINES
INSURANCE COMPANY; STARSTONE
SPECIALTY INSURANCE COMPANY;
STEADFAST INSURANCE COMPANY;
XL INSURANCE AMERICA. INC.,

Defendants.

EFiled: Dec 20 2024 07:49PM EST
Transaction ID 75288440
Case No. N24C-11-010 SKR CCLD

## SUMMONS

**THE STATE OF DELAWARE**
**TO THE SHERIFF OF KENT COUNTY**
**YOU ARE COMMANDED:**

To summon the Defendant **National Union Fire Insurance Company of Pittsburgh, PA**, so that, within 20 days after service hereof, exclusive of the day of service, Defendant shall serve upon **Stamatios Stamoulis**, attorney for Federal Insurance Company, Westchester Surplus Lines Insurance Company, Westchester Fire Insurance Company, and ACE Property and Casualty Insurance Company (together "Chubb"), whose address is **800 N. West Street, Third Floor, Wilmington, DE 19801**, an answer to Chubb's Counterclaims, Cross Claims, and Third-Party Complaint.

To serve upon Defendant a copy hereof and of the Counterclaims, Cross Claims, and Third-Party Complaint.

Dated:                                    *COLLEEN REDMOND*
                                          Prothonotary

                                          _____
                                          *Per Deputy*


**TO NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA:**

In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on Chubb's attorney named above an answer to the complaint, judgment by default will be rendered against you for the relief demanded in Chubb's Counterclaims, Cross Claims, and Third-Party Complaint.

Dated:                                    *COLLEEN REDMOND*
                                          Prothonotary

                                          _____
                                          *Per Deputy*

3

EFiled: Dec 20 2024 07:49PM EST
Transaction ID 75288440
Case No. N24C-11-010 SKR CCLD

**IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE**

| | |
|---|---|
| HARTFORD CASUALTY INSURANCE COMPANY and SENTINEL INSURANCE COMPANY, LTD., | |
| Plaintiffs, | |
| *v.* | C.A. No. N24C-11-010 SKR CCLD |
| INSTAGRAM, LLC as successor in interest to Instagram a/k/a Burbn, Inc.; META PLATFORMS, INC. f/k/a TheFacebook Inc. d/b/a The Face Book, Inc.; FEDERAL INSURANCE COMPANY; OLD REPUBLIC INSURANCE COMPANY; STARR INDEMNITY AND LIABILITY COMPANY; and ZURICH AMERICAN INSURANCE COMPANY, | **JURY TRIAL DEMANDED (BY A JURY OF TWELVE)** |
| Defendants. | |

FEDERAL INSURANCE COMPANY

       Defendant and Counterclaim/Cross-claim/Third-Party Plaintiff,

*and*,

WESTCHESTER SURPLUS LINES INSURANCE COMPANY, WESTCHESTER FIRE INSURANCE COMPANY; and ACE PROPERTY AND CASUALTY INSURANCE COMPANY

       Third-Party Plaintiffs,

*v.*

EFiled: Dec 20 2024 07:49PM EST
Transaction ID 75288440
Case No. N24C-11-010 SKR CCLD



HARTFORD CASUALTY INSURANCE
COMPANY; SENTINEL INSURANCE
COMPANY, LTD.; INSTAGRAM, LLC as
successor in interest to Instagram a/k/a
Burbn, Inc.; META PLATFORMS, INC.
f/k/a TheFacebook Inc. d/b/a The Face Book,
Inc.; OLD REPUBLIC INSURANCE
COMPANY; STARR INDEMNITY AND
LIABILITY COMPANY; ZURICH
AMERICAN INSURANCE COMPANY;
ALLIANZ GLOBAL CORPORATE &
SPECIALTY SE; ARCH INSURANCE
COMPANY; ARGO GROUP US; ASPEN
AMERICAN INSURANCE COMPANY;
CANOPIUS US INSURANCE, INC.;
ENDURANCE AMERICAN SPECIALTY;
FIREMANS FUND INDEMNITY
CORPORATION; GEMINI INSURANCE
COMPANY; GREAT AMERICAN
INSURANCE COMPANY; GREAT
AMERICAN SPIRIT INSURANCE
COMPANY; INTERSTATE FIRE &
CASUALTY COMPANY; IRONSHORE
UK; LIBERTY MUTUAL INSURANCE
EUROPE LTD.; THE LONDON MARKET
INSURERS; NATIONAL FIRE & MARINE
INSURANCE COMPANY; NATIONAL
UNION FIRE INSURANCE COMPANY OF
PITTSBURGH, PA; RSUI INDEMNITY
COMPANY; STARR SURPLUS LINES
INSURANCE COMPANY; STARSTONE
SPECIALTY INSURANCE COMPANY;
STEADFAST INSURANCE COMPANY;
XL INSURANCE AMERICA. INC.,

Defendants.

EFiled:  Dec 20 2024 07:49PM EST
Transaction ID 75288440
Case No. N24C-11-010 SKR CCLD

## SUMMONS

**THE STATE OF DELAWARE
TO THE SHERIFF OF KENT COUNTY
YOU ARE COMMANDED:**

To summon the Defendant **RSUI Indemnity Company**, so that, within 20 days after service hereof, exclusive of the day of service, Defendant shall serve upon **Stamatios Stamoulis**, attorney for Federal Insurance Company, Westchester Surplus Lines Insurance Company, Westchester Fire Insurance Company, and ACE Property and Casualty Insurance Company (together "Chubb"), whose address is **800 N. West Street, Third Floor, Wilmington, DE 19801**, an answer to Chubb's Counterclaims, Cross Claims, and Third-Party Complaint.

To serve upon Defendant a copy hereof and of the Counterclaims, Cross Claims, and Third-Party Complaint.

Dated:                                    _COLLEEN REDMOND_
                                          Prothonotary


                                          _____
                                          _Per Deputy_


**TO RSUI INDEMNITY COMPANY:**

In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on Chubb's attorney named above an answer to the complaint, judgment by default will be rendered against you for the relief demanded in Chubb's Counterclaims, Cross Claims, and Third-Party Complaint.

Dated:                                    _COLLEEN REDMOND_
                                          Prothonotary


                                          _____
                                          _Per Deputy_

3

EFiled:  Dec 20 2024 07:49PM EST
Transaction ID 75288440
Case No. N24C-11-010 SKR CCLD

**IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE**

| | |
|---|---|
| HARTFORD CASUALTY INSURANCE COMPANY and SENTINEL INSURANCE COMPANY, LTD., | |
| Plaintiffs, | |
| *v.* | C.A. No. N24C-11-010 SKR CCLD |
| INSTAGRAM, LLC as successor in interest to Instagram a/k/a Burbn, Inc.; META PLATFORMS, INC. f/k/a TheFacebook Inc. d/b/a The Face Book, Inc.; FEDERAL INSURANCE COMPANY; OLD REPUBLIC INSURANCE COMPANY; STARR INDEMNITY AND LIABILITY COMPANY; and ZURICH AMERICAN INSURANCE COMPANY, | **JURY TRIAL DEMANDED (BY A JURY OF TWELVE)** |
| Defendants. | |

FEDERAL INSURANCE COMPANY

      Defendant and Counterclaim/Cross-claim/Third-Party Plaintiff,

*and*,

WESTCHESTER SURPLUS LINES INSURANCE COMPANY, WESTCHESTER FIRE INSURANCE COMPANY; and ACE PROPERTY AND CASUALTY INSURANCE COMPANY

      Third-Party Plaintiffs,

*v.*

EFiled:  Dec 20 2024 07:49PM EST
Transaction ID 75288440
Case No. N24C-11-010 SKR CCLD



HARTFORD CASUALTY INSURANCE
COMPANY; SENTINEL INSURANCE
COMPANY, LTD.; INSTAGRAM, LLC as
successor in interest to Instagram a/k/a
Burbn, Inc.; META PLATFORMS, INC.
f/k/a TheFacebook Inc. d/b/a The Face Book,
Inc.; OLD REPUBLIC INSURANCE
COMPANY; STARR INDEMNITY AND
LIABILITY COMPANY; ZURICH
AMERICAN INSURANCE COMPANY;
ALLIANZ GLOBAL CORPORATE &
SPECIALTY SE; ARCH INSURANCE
COMPANY; ARGO GROUP US; ASPEN
AMERICAN INSURANCE COMPANY;
CANOPIUS US INSURANCE, INC.;
ENDURANCE AMERICAN SPECIALTY;
FIREMANS FUND INDEMNITY
CORPORATION; GEMINI INSURANCE
COMPANY; GREAT AMERICAN
INSURANCE COMPANY; GREAT
AMERICAN SPIRIT INSURANCE
COMPANY; INTERSTATE FIRE &
CASUALTY COMPANY; IRONSHORE
UK; LIBERTY MUTUAL INSURANCE
EUROPE LTD.; THE LONDON MARKET
INSURERS; NATIONAL FIRE & MARINE
INSURANCE COMPANY; NATIONAL
UNION FIRE INSURANCE COMPANY OF
PITTSBURGH, PA; RSUI INDEMNITY
COMPANY; STARR SURPLUS LINES
INSURANCE COMPANY; STARSTONE
SPECIALTY INSURANCE COMPANY;
STEADFAST INSURANCE COMPANY;
XL INSURANCE AMERICA. INC.,

Defendants.

EFiled: Dec 20 2024 07:49PM EST
Transaction ID 75288440
Case No. N24C-11-010 SKR CCLD

## SUMMONS

**THE STATE OF DELAWARE**
**TO THE SHERIFF OF KENT COUNTY**
**YOU ARE COMMANDED:**

To summon the Defendant **Starr Surplus Lines Insurance Company**, so that, within 20 days after service hereof, exclusive of the day of service, Defendant shall serve upon **Stamatios Stamoulis**, attorney for Federal Insurance Company, Westchester Surplus Lines Insurance Company, Westchester Fire Insurance Company, and ACE Property and Casualty Insurance Company (together "Chubb"), whose address is **800 N. West Street, Third Floor, Wilmington, DE 19801**, an answer to Chubb's Counterclaims, Cross Claims, and Third-Party Complaint.

To serve upon Defendant a copy hereof and of the Counterclaims, Cross Claims, and Third-Party Complaint.

Dated:                                    *COLLEEN REDMOND*
                                                Prothonotary

                                                _____
                                                *Per Deputy*


**TO STARR SURPLUS LINES INSURANCE COMPANY:**

In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on Chubb's attorney named above an answer to the complaint, judgment by default will be rendered against you for the relief demanded in Chubb's Counterclaims, Cross Claims, and Third-Party Complaint.

Dated:                                    *COLLEEN REDMOND*
                                                Prothonotary

                                                _____
                                                *Per Deputy*

EFiled: Dec 20 2024 07:49PM EST
Transaction ID 75288440
Case No. N24C-11-010 SKR CCLD

**IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE**

HARTFORD CASUALTY INSURANCE
COMPANY and SENTINEL INSURANCE
COMPANY, LTD.,

        Plaintiffs,

    *v.*

INSTAGRAM, LLC as successor in interest
to Instagram a/k/a Burbn, Inc.; META
PLATFORMS, INC. f/k/a TheFacebook Inc.
d/b/a The Face Book, Inc.; FEDERAL
INSURANCE COMPANY; OLD
REPUBLIC INSURANCE COMPANY;
STARR INDEMNITY AND LIABILITY
COMPANY; and ZURICH AMERICAN
INSURANCE COMPANY,

        Defendants.

_____

FEDERAL INSURANCE COMPANY

        Defendant and
        Counterclaim/Cross-
        claim/Third-Party Plaintiff,

    *and*,

WESTCHESTER SURPLUS LINES
INSURANCE COMPANY,
WESTCHESTER FIRE INSURANCE
COMPANY; and ACE PROPERTY AND
CASUALTY INSURANCE COMPANY

        Third-Party Plaintiffs,

    *v.*

C.A. No. N24C-11-010 SKR
CCLD

**JURY TRIAL DEMANDED
(BY A JURY OF TWELVE)**

EFiled: Dec 20 2024 07:49PM EST
Transaction ID 75288440
Case No. N24C-11-010 SKR CCLD

HARTFORD CASUALTY INSURANCE
COMPANY; SENTINEL INSURANCE
COMPANY, LTD.; INSTAGRAM, LLC as
successor in interest to Instagram a/k/a
Burbn, Inc.; META PLATFORMS, INC.
f/k/a TheFacebook Inc. d/b/a The Face Book,
Inc.; OLD REPUBLIC INSURANCE
COMPANY; STARR INDEMNITY AND
LIABILITY COMPANY; ZURICH
AMERICAN INSURANCE COMPANY;
ALLIANZ GLOBAL CORPORATE &
SPECIALTY SE; ARCH INSURANCE
COMPANY; ARGO GROUP US; ASPEN
AMERICAN INSURANCE COMPANY;
CANOPIUS US INSURANCE, INC.;
ENDURANCE AMERICAN SPECIALTY;
FIREMANS FUND INDEMNITY
CORPORATION; GEMINI INSURANCE
COMPANY; GREAT AMERICAN
INSURANCE COMPANY; GREAT
AMERICAN SPIRIT INSURANCE
COMPANY; INTERSTATE FIRE &
CASUALTY COMPANY; IRONSHORE
UK; LIBERTY MUTUAL INSURANCE
EUROPE LTD.; THE LONDON MARKET
INSURERS; NATIONAL FIRE & MARINE
INSURANCE COMPANY; NATIONAL
UNION FIRE INSURANCE COMPANY OF
PITTSBURGH, PA; RSUI INDEMNITY
COMPANY; STARR SURPLUS LINES
INSURANCE COMPANY; STARSTONE
SPECIALTY INSURANCE COMPANY;
STEADFAST INSURANCE COMPANY;
XL INSURANCE AMERICA. INC.,

Defendants.

EFiled: Dec 20 2024 07:49PM EST
Transaction ID 75288440
Case No. N24C-11-010 SKR CCLD

## SUMMONS

**THE STATE OF DELAWARE**
**TO THE SHERIFF OF NEW CASTLE COUNTY**
**YOU ARE COMMANDED:**

To summon the Defendant **Starstone Specialty Insurance Company**, so that, within 20 days after service hereof, exclusive of the day of service, Defendant shall serve upon **Stamatios Stamoulis**, attorney for Federal Insurance Company, Westchester Surplus Lines Insurance Company, Westchester Fire Insurance Company, and ACE Property and Casualty Insurance Company (together "Chubb"), whose address is **800 N. West Street, Third Floor, Wilmington, DE 19801**, an answer to Chubb's Counterclaims, Cross Claims, and Third-Party Complaint.

To serve upon Defendant a copy hereof and of the Counterclaims, Cross Claims, and Third-Party Complaint.

Dated:                                  *COLLEEN REDMOND*
                                        Prothonotary

                                        _____
                                        *Per Deputy*

**TO STARSTONE SPECIALTY INSURANCE COMPANY:**

In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on Chubb's attorney named above an answer to the complaint, judgment by default will be rendered against you for the relief demanded in Chubb's Counterclaims, Cross Claims, and Third-Party Complaint.

Dated:                                  *COLLEEN REDMOND*
                                        Prothonotary

                                        _____
                                        *Per Deputy*

3

EFiled:  Dec 20 2024 07:49PM EST
Transaction ID 75288440
Case No. N24C-11-010 SKR CCLD

## IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE

HARTFORD CASUALTY INSURANCE
COMPANY and SENTINEL INSURANCE
COMPANY, LTD.,

        Plaintiffs,

     *v.*

INSTAGRAM, LLC as successor in interest
to Instagram a/k/a Burbn, Inc.; META
PLATFORMS, INC. f/k/a TheFacebook Inc.
d/b/a The Face Book, Inc.; FEDERAL
INSURANCE COMPANY; OLD
REPUBLIC INSURANCE COMPANY;
STARR INDEMNITY AND LIABILITY
COMPANY; and ZURICH AMERICAN
INSURANCE COMPANY,

        Defendants.

_____

FEDERAL INSURANCE COMPANY

        Defendant and
        Counterclaim/Cross-
        claim/Third-Party Plaintiff,

   *and*,

WESTCHESTER SURPLUS LINES
INSURANCE COMPANY,
WESTCHESTER FIRE INSURANCE
COMPANY; and ACE PROPERTY AND
CASUALTY INSURANCE COMPANY

        Third-Party Plaintiffs,

   *v.*

C.A. No. N24C-11-010 SKR
CCLD

**JURY TRIAL DEMANDED
(BY A JURY OF TWELVE)**

EFiled: Dec 20 2024 07:49PM EST
Transaction ID 75288440
Case No. N24C-11-010 SKR CCLD

HARTFORD CASUALTY INSURANCE
COMPANY; SENTINEL INSURANCE
COMPANY, LTD.; INSTAGRAM, LLC as
successor in interest to Instagram a/k/a
Burbn, Inc.; META PLATFORMS, INC.
f/k/a TheFacebook Inc. d/b/a The Face Book,
Inc.; OLD REPUBLIC INSURANCE
COMPANY; STARR INDEMNITY AND
LIABILITY COMPANY; ZURICH
AMERICAN INSURANCE COMPANY;
ALLIANZ GLOBAL CORPORATE &
SPECIALTY SE; ARCH INSURANCE
COMPANY; ARGO GROUP US; ASPEN
AMERICAN INSURANCE COMPANY;
CANOPIUS US INSURANCE, INC.;
ENDURANCE AMERICAN SPECIALTY;
FIREMANS FUND INDEMNITY
CORPORATION; GEMINI INSURANCE
COMPANY; GREAT AMERICAN
INSURANCE COMPANY; GREAT
AMERICAN SPIRIT INSURANCE
COMPANY; INTERSTATE FIRE &
CASUALTY COMPANY; IRONSHORE
UK; LIBERTY MUTUAL INSURANCE
EUROPE LTD.; THE LONDON MARKET
INSURERS; NATIONAL FIRE & MARINE
INSURANCE COMPANY; NATIONAL
UNION FIRE INSURANCE COMPANY OF
PITTSBURGH, PA; RSUI INDEMNITY
COMPANY; STARR SURPLUS LINES
INSURANCE COMPANY; STARSTONE
SPECIALTY INSURANCE COMPANY;
STEADFAST INSURANCE COMPANY;
XL INSURANCE AMERICA. INC.,

Defendants.

EFiled: Dec 20 2024 07:49PM EST
Transaction ID 75288440
Case No. N24C-11-010 SKR CCLD

## <u>SUMMONS</u>

**THE STATE OF DELAWARE**
**TO THE SHERIFF OF NEW CASTLE COUNTY**
**YOU ARE COMMANDED:**

To summon the Defendant **Steadfast Insurance Company**, so that, within 20 days after service hereof, exclusive of the day of service, Defendant shall serve upon **Stamatios Stamoulis**, attorney for Federal Insurance Company, Westchester Surplus Lines Insurance Company, Westchester Fire Insurance Company, and ACE Property and Casualty Insurance Company (together "Chubb"), whose address is **800 N. West Street, Third Floor, Wilmington, DE 19801**, an answer to Chubb's Counterclaims, Cross Claims, and Third-Party Complaint.

To serve upon Defendant a copy hereof and of the Counterclaims, Cross Claims, and Third-Party Complaint.

Dated:                                  *COLLEEN REDMOND*
                                         Prothonotary

                                         _____
                                         *Per Deputy*

**TO STEADFAST INSURANCE COMPANY:**

In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on Chubb's attorney named above an answer to the complaint, judgment by default will be rendered against you for the relief demanded in Chubb's Counterclaims, Cross Claims, and Third-Party Complaint.

Dated:                                  *COLLEEN REDMOND*
                                         Prothonotary

                                         _____
                                         *Per Deputy*

EFiled:  Dec 20 2024 07:49PM EST
Transaction ID 75288440
Case No. N24C-11-010 SKR CCLD

## IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE

|  |  |
|---|---|
| HARTFORD CASUALTY INSURANCE COMPANY and SENTINEL INSURANCE COMPANY, LTD., | |
| Plaintiffs, | |
| *v.* | C.A. No. N24C-11-010 SKR CCLD |
| INSTAGRAM, LLC as successor in interest to Instagram a/k/a Burbn, Inc.; META PLATFORMS, INC. f/k/a TheFacebook Inc. d/b/a The Face Book, Inc.; FEDERAL INSURANCE COMPANY; OLD REPUBLIC INSURANCE COMPANY; STARR INDEMNITY AND LIABILITY COMPANY; and ZURICH AMERICAN INSURANCE COMPANY, | **JURY TRIAL DEMANDED (BY A JURY OF TWELVE)** |
| Defendants. | |
| FEDERAL INSURANCE COMPANY | |
| Defendant and Counterclaim/Cross-claim/Third-Party Plaintiff, | |
| *and*, | |
| WESTCHESTER SURPLUS LINES INSURANCE COMPANY, WESTCHESTER FIRE INSURANCE COMPANY; and ACE PROPERTY AND CASUALTY INSURANCE COMPANY | |
| Third-Party Plaintiffs, | |
| *v.* | |

EFiled: Dec 20 2024 07:49PM EST
Transaction ID 75288440
Case No. N24C-11-010 SKR CCLD

HARTFORD CASUALTY INSURANCE
COMPANY; SENTINEL INSURANCE
COMPANY, LTD.; INSTAGRAM, LLC as
successor in interest to Instagram a/k/a
Burbn, Inc.; META PLATFORMS, INC.
f/k/a TheFacebook Inc. d/b/a The Face Book,
Inc.; OLD REPUBLIC INSURANCE
COMPANY; STARR INDEMNITY AND
LIABILITY COMPANY; ZURICH
AMERICAN INSURANCE COMPANY;
ALLIANZ GLOBAL CORPORATE &
SPECIALTY SE; ARCH INSURANCE
COMPANY; ARGO GROUP US; ASPEN
AMERICAN INSURANCE COMPANY;
CANOPIUS US INSURANCE, INC.;
ENDURANCE AMERICAN SPECIALTY;
FIREMANS FUND INDEMNITY
CORPORATION; GEMINI INSURANCE
COMPANY; GREAT AMERICAN
INSURANCE COMPANY; GREAT
AMERICAN SPIRIT INSURANCE
COMPANY; INTERSTATE FIRE &
CASUALTY COMPANY; IRONSHORE
UK; LIBERTY MUTUAL INSURANCE
EUROPE LTD.; THE LONDON MARKET
INSURERS; NATIONAL FIRE & MARINE
INSURANCE COMPANY; NATIONAL
UNION FIRE INSURANCE COMPANY OF
PITTSBURGH, PA; RSUI INDEMNITY
COMPANY; STARR SURPLUS LINES
INSURANCE COMPANY; STARSTONE
SPECIALTY INSURANCE COMPANY;
STEADFAST INSURANCE COMPANY;
XL INSURANCE AMERICA. INC.,

Defendants.

EFiled: Dec 20 2024 07:49PM EST
Transaction ID 75288440
Case No. N24C-11-010 SKR CCLD

## SUMMONS

**THE STATE OF DELAWARE**
**TO THE SHERIFF OF NEW CASTLE COUNTY**
**YOU ARE COMMANDED:**

To summon the Defendant **XL Insurance America, Inc.**, so that, within 20 days after service hereof, exclusive of the day of service, Defendant shall serve upon **Stamatios Stamoulis**, attorney for Federal Insurance Company, Westchester Surplus Lines Insurance Company, Westchester Fire Insurance Company, and ACE Property and Casualty Insurance Company (together "Chubb"), whose address is **800 N. West Street, Third Floor, Wilmington, DE 19801**, an answer to Chubb's Counterclaims, Cross Claims, and Third-Party Complaint.

To serve upon Defendant a copy hereof and of the Counterclaims, Cross Claims, and Third-Party Complaint.

Dated:                              *COLLEEN REDMOND*
                                    Prothonotary


                                    _____
                                    *Per Deputy*



**TO XL INSURANCE AMERICA, INC.:**

In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on Chubb's attorney named above an answer to the complaint, judgment by default will be rendered against you for the relief demanded in Chubb's Counterclaims, Cross Claims, and Third-Party Complaint.

Dated:                              *COLLEEN REDMOND*
                                    Prothonotary


                                    _____
                                    *Per Deputy*

3